STATE OF INDIANA ) IN THE PORTER~~Superior~~ COURT
) SS:
COUNTY OF PORTER ) CAUSE NO: 64D05-0710-PL-10161

JUDITH K. ROGAN, individually )
and as Trustee of the Judith K. Rogan )
Revocable Trust, )
)
    Plaintiff, )
)
    vs. )
)
THE UNITED STATES OF ) Jury Trial Demanded
AMERICA and DEXIA CREDIT )
LOCAL, f/k/a DEXIA PUBLIC )
FINANCE and CREDIT BANK and )
CREDIT LOCAL DE FRANCE, )
)
    Defendants. )

NOV - 2 2007

## COMPLAINT TO QUIET TITLE, FOR
## DECLARATORY RELIEF, INJUNCTION AND SLANDER OF TITLE

Plaintiff Judith K. Rogan, individually and as Trustee of the Judith K. Rogan Revocable Trust (collectively, "plaintiff"), for her complaint against the United States of America and Dexia Credit Local, formerly known as Dexia Public Finance Bank and Credit Local de France ("Dexia"), to quiet title, for declaratory judgment, injunctive relief and slander of title, states as follows:

### Parties, Jurisdiction and Venue

1.    Plaintiff Judith K. Rogan is a citizen and resident of the state of Indiana and resides at 476 Wexford Road, Valparaiso, Indiana. Plaintiff is Trustee of the Judith K. Rogan Revocable Trust, dated April 19, 1989, as amended ("The Rogan Revocable Trust"). The Rogan Revocable Trust owns the real property known as 476 Wexford Road, Valparaiso, Indiana 46385 (the "Wexford Property").

2.      Defendant United States of America is a sovereign nation which has agreed to be subject to suit under specific statutory circumstances, including the subject action. The United States is made a party to this suit pursuant to 28 U.S.C. Section 2410 as plaintiff is seeking to quiet title on real and personal property located in the State of Indiana.

3.      Defendant Dexia is a foreign bank acting in this country through an agency established in the state of New York. This Court has personal jurisdiction over Dexia by virtue of the actions Dexia has taken against plaintiff's property in the State of Indiana.

4.      Venue of this action in this Court is proper as the property at issue is located in Porter County, Indiana and both defendants have committed the acts complained of herein in Porter County, Indiana.

<u>Facts Relevant to all Counts</u>

5.      The Rogan Revocable Trust is the record owner of, *inter alia*, the Wexford Property located in Valparaiso, Porter County, Indiana. Plaintiff Judith Rogan purchased the Wexford Property personally in 1989 and subsequently transferred the property into The Rogan Revocable Trust in 1994.

6.      Plaintiff Judith Rogan also owns personal property in the State of Indiana, including various accounts in a number of financial institutions located in Porter County, Indiana.

7.      Defendant the United States of America purportedly holds a judgment against plaintiff's husband, Peter Rogan, arising out of a matter styled, "<u>United States of America v. Peter Rogan</u>," Case No. 02 C 3310, United States District Court for the Northern District of Illinois, Eastern Division.

8.    Defendant Dexia purportedly holds a separate judgment against Peter Rogan arising out of a matter styled, "Dexia Credit Local, etc. v. Peter Rogan et al.," United States District Court for the Northern District of Illinois, Eastern Division.

9.    The United States holds no judgment against plaintiff Judith Rogan, nor does it hold a judgment against The Rogan Revocable Trust.

10.    Dexia holds no judgment against plaintiff Judith Rogan, nor does it hold a judgment against The Rogan Revocable Trust.

11.    In an effort to collect on their judgments, both the United States and Dexia have served Judith Rogan with citations to discover assets issued from the United States District Court for the Northern District of Illinois. These citations have sought information related to Judith Rogan's assets. However, the citations have not sought to adjudicate plaintiff's interest in the Wexford Property or any personal property held by plaintiff. Further, the defendants have not filed any pleadings in the Northern District of Illinois alleging that the assets held in plaintiff's name or that of her trust are in fact assets belonging to Peter Rogan and are subject to the claims of his creditors.

12.    The United States has filed a "lien" against the Wexford Property held by The Rogan Revocable Trust in an effort to collect on the judgment the United States holds against Peter Rogan. This "lien" is invalid, *inter alia*, as it names Judith K. Rogan, personally, as the owner of record as opposed to The Rogan Revocable Trust. A copy of the purported lien is attached hereto as Exhibit A.

13.    Dexia has also asserted a "lien" against the Wexford Property held by The Rogan Revocable Trust in an effort to collect on the judgment Dexia holds against Peter Rogan. A copy of Dexia's lien is attached hereto as Exhibit B.

14.     Plaintiff denies any assertion by defendants that any assets held by her individually or through her trust belong to Peter Rogan and affirmatively asserts her ownership and right to peaceful possession of same.

15.     This case is the only judicial proceeding pending that presently seeks to adjudicate plaintiff's interest in the Wexford Property or any personal property held by plaintiff and/or her trust.

16.     In August 2007, plaintiff contracted to sell the Wexford Property to third party purchasers, Allen and Mary O'Brien.  A copy of the Contract for Sale is attached hereto as Exhibit C.

17.     The subject sale has been impeded by the purported liens placed on the Wexford Property by defendants the United States and Dexia, both of which seek to seize the proceeds of the sale in partial satisfaction of each of their judgments against Peter Rogan.

18.     Based on the circumstances set forth *supra*, there is a real, justiciable controversy between plaintiff and the defendants over plaintiff's real and personal property which is sought to be seized and used to pay the defendants' judgments against Peter Rogan.

### Count I – Action to Quiet Title

(Rogan v. The United States of America)

19.     Paragraphs 1-18 and paragraphs 26-33 are incorporated as if fully restated herein.

20.     The Untied States is subject to suit in this Court pursuant to 28 U.S.C. Section 2410 as plaintiff is seeking to quiet title to real and personal property located in Indiana.

21.     The Rogan Revocable Trust is the record owner of, *inter alia*, the Wexford Property located in Valparaiso, Porter County, Indiana.  Plaintiff Judith Rogan is the trustee of said trust.

22.     The United States has filed a lien against the Wexford Property and thus claims an interest therein.

23.     The United States has no valid interest in the Wexford Property, despite its assertion of a lien on said property.

24.     Plaintiff is entitled to an order from this Court quieting its title to the Wexford Property, and further ordering that defendant the United State has no valid interest or claim to the Wexford Property.

WHEREFORE, plaintiff Judith K. Rogan, individually and as Trustee of The Rogan Revocable Trust, requests the entry of the following relief on her behalf and on behalf of The Rogan Revocable Trust against defendant the United States of America:

i)      a judgment quieting title to the Wexford Property and confirming plaintiff's title and right to free and unfettered possession of the Wexford Property;

ii)     an adjudication that the United States has no interest in the Wexford Property as judgment creditors of Peter Rogan; and,

iii)    such other relief as the Court deems proper.

### Count II – Action for Declaratory Judgment

(Rogan v. The United States of America)

25.     Paragraphs    1-24    are    incorporated    as    if    fully    restated    herein.

26.     The United States of America asserts an interest in the property known as 476 Wexford Avenue, Valparaiso, Indiana by virtue of the judgment held against Peter Rogan. Defendant has filed a lien on the property to that effect and, in so doing, has imposed a cloud on plaintiff's title.  Plaintiff is entitled to a declaratory judgment that the United States of America has no right or interest in plaintiff's property and that said judgment lien is invalid.

27.    In addition, plaintiff asserts that the manner and method utilized by the United States to effect its judgment lien was improper and invalid under federal law in that the United States failed to provide notice to plaintiff and an opportunity to contest the defendant's right to assert such a lien prior to its filing.

28.    Plaintiff Judith K. Rogan and The Rogan Revocable Trust are entitled to a declaration from this Court that the purported lien asserted by the United States against the Wexford Property is invalid, unenforceable, and must be removed immediately.

29.    Plaintiff Judith K. Rogan and The Rogan Revocable Trust are further entitled to a declaration from this Court that all personal property held by plaintiff and/or her trust is the lawful property of plaintiff, held free and clear from the claims of Peter Rogan's creditors, including defendant the United States.

30.    The United States possesses no judgment or other court order holding that the Wexford Property, or any other property held by Ms. Rogan or her trust, is legally the property of Peter Rogan and is subject to the claims of his creditors.  Moreover, the United States has not alleged in any filing with the Northern District of Illinois that plaintiff is a nominee holder of assets belonging to Peter Rogan or that plaintiff is a fraudulent transferee of assets belonging to Peter Rogan.

31.    As a non-judgment holder, the United States is and was not entitled to proceed against Judith Rogan and/or her trust on the basis of its judgment against Peter Rogan.

32.    The United States purported to file its lien against the Wexford Property pursuant to 28 U.S.C. § 3201(a).  See Exhibit A.  This Section provides that the United States may file a lien against the real property "...of a judgment debtor..."  Despite the requirement that the lien be filed against a "judgment debtor," the United States filed the subject lien against the Wexford

6

Property, real property held by The Rogan Revocable Trust and not by the judgment debtor, Peter Rogan.  Plaintiff is entitled to a declaration from this Court that such action was a violation of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.* (the "FDCPA"), and applicable state law and that said lien is invalid.

33.     Further, the United States, as a non-judgment holder to Judith Rogan and The Rogan Revocable Trust, has failed to make (or even attempt to make) any of the required showings mandated by FDCPA §§ 3101-3105 ("Prejudgment Remedies").    Accordingly, plaintiffs are entitled to a declaration from this Court that the United States' purported lien against the Wexford Property is invalid as the United States failed to comply with FDCPA §§ 3101-3105 or any other applicable law prior to attaching plaintiff's property.

34.     The United States seeks other personal assets held by Judith Rogan and The Rogan Revocable Trust to which it is not entitled.  There has been no adjudication that the personal property held by plaintiff is the property of Peter Rogan and is subject to the claims of his creditors.  Plaintiff is entitled to a declaration from this Court that said personal property held by plaintiff is not subject to the claims of Peter Rogan's creditors, including defendant United States.

35.     Plaintiff is entitled to a declaratory judgment adjudicating: (i) the rights of The Rogan Revocable Trust and Judith K. Rogan as owner of real and personal property in her name and that of the Rogan Revocable Trust; and (ii) that the creditors of Peter Rogan have no right to seek turnover or possession of said assets to the detriment of plaintiff.  Ms. Rogan seeks the Court to adjudicate her rights and that of The Rogan Revocable Trust and to declare that the defendant United States of America has no rights in said assets as creditors of Peter Rogan. Ms. Rogan further seeks an order enjoining defendant the United States from taking any action in

7

derogation of her right, title and peaceful enjoyment of her real and personal property and that of The Rogan Revocable Trust, and requiring the United States to take all actions necessary to ensure plaintiff's right, title and peaceful enjoyment of Judith K. Rogan's real and personal property and that of The Rogan Revocable Trust.

WHEREFORE, plaintiff Judith K. Rogan, individually and as Trustee of The Rogan Revocable Trust, requests the entry of the following relief on her behalf and on behalf of The Rogan Revocable Trust against defendant the United States of America:

i)      a declaratory judgment confirming plaintiff's title and right to free and unfettered possession of Judith K. Rogan's real and personal property assets and those in the name of The Rogan Revocable Trust;

ii)     an adjudication that the United States has no interests in the assets of plaintiff as a judgment creditor of Peter Rogan;

iii)    an injunction prohibiting the United States from taking any and all action in derogation of plaintiff's rights and title to real and personal property assets in Judith K. Rogan's name and that of The Rogan Revocable Trust and requiring the United States to take all actions necessary to ensure plaintiff's right, title and peaceful enjoyment of the real and personal property of Ms. Rogan and that of The Rogan Revocable Trust;

iv)     assessment of costs and attorneys' fees; and

v)      such other relief as the Court deems proper.

### Count III – Action for Injunctive Relief

(Rogan v. The United States of America)

36.     Paragraphs 1-35 are incorporated as if fully restated herein.

8

37.    Defendant United States of America's recording of a judgment lien on the Wexford Property is in direct violation of plaintiff's rights as a property owner. The defendant holds no judgment against plaintiff and the recording of said lien is contrary to applicable law.

38.    Based on defendant's violations, plaintiff is entitled to an injunction as to the lien on plaintiff's property which has caused irreparable harm for which plaintiff has no adequate remedy at law.

39.    The United States has not alleged in any filing with the Northern District of Illinois that plaintiff is a nominee holder of assets belonging to Peter Rogan or that plaintiff is a fraudulent transferee of assets belonging to Peter Rogan.

40.    As a non-judgment holder to plaintiff, defendant the United States had no legal right to assert any lien against the Wexford Property, which property is held by The Rogan Revocable Trust and not by the judgment debtor, Peter Rogan.

41.    The United States has filed a lien against the Wexford Property in violation of applicable law.

42.    Defendant the United States has caused plaintiff irreparable harm for which plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff Judith K. Rogan, both individually and as Trustee of The Rogan Revocable Trust, prays for the entry of the following relief on her behalf and against the defendant, the United States of America:

    i)    Entry of an order allowing the sale of the Wexford Property to proceed free and clear of any interference or effect from the United States' lien;

    ii)    Entry of a preliminary and permanent injunction against defendant the United States ordering it to release any and all liens it has placed on the Wexford

Property immediately, and forever barring said defendant from affixing a lien or otherwise clouding plaintiff's title to the Wexford Property;

iii)     Award to plaintiff her costs of suit, including reasonable attorneys' fees; and

iv)     Such other relief as the Court deems proper.

### Count IV – Action to Quiet Title

(Rogan v. Dexia)

43.     Paragraphs 1-42 and paragraphs 49-50 are incorporated as if fully restated herein.

44.     The Rogan Revocable Trust is the record owner of, *inter alia*, the Wexford Property located in Valparaiso, Porter County, Indiana. Plaintiff Judith Rogan is the trustee of said trust.

45.     Dexia has filed a lien against the Wexford Property and thus claims an interest therein.

46.     Dexia has no valid interest in the Wexford Property, despite its assertion of a lien on said property.

47.     Plaintiff is entitled to an order from this Court quieting its title to the Wexford Property, and further ordering that defendant Dexia has no valid interest or claim to the Wexford Property.

WHEREFORE, plaintiff Judith K. Rogan, individually and as Trustee of The Rogan Revocable Trust, requests the entry of the following relief on her behalf and on behalf of The Rogan Revocable Trust against defendant Dexia:

i)     a judgment quieting title to the Wexford Property and confirming plaintiff's title and right to free and unfettered possession of the Wexford Property;

10

ii)    an adjudication that Dexia has no interest in the Wexford Property as judgment

creditors of Peter Rogan; and,

iii)    such other relief as the Court deems proper.

## Count V – Action for Declaratory Judgment

(Rogan v. Dexia)

48.    Paragraphs 1-47 are incorporated as if fully restated herein.

49.    Plaintiff Judith K. Rogan and The Rogan Revocable Trust are entitled to a
declaration from this Court that the purported lien asserted by defendant Dexia against the
Wexford Property is invalid, unenforceable, and must be removed immediately.

50.    Plaintiff Judith K. Rogan and The Rogan Revocable Trust are entitled to a
declaration from this Court that Dexia's assertion of a lien on the Wexford Property was a
violation of applicable law.

51.    Plaintiff Judith K. Rogan and The Rogan Revocable Trust are further entitled to a
declaration from this Court that all personal property held by plaintiff and/or her trust is the
lawful property of plaintiff, held free and clear from the claims of Peter Rogan's creditors,
including defendant Dexia.

52.    Dexia possesses no judgment or other court order holding that the Wexford
Property, or any other property held by Ms. Rogan or her trust, is the property of Peter Rogan
and is subject to the claims of his creditors.

53.    Plaintiff is entitled to a declaratory judgment adjudicating: (i) the rights of The
Rogan Revocable Trust and Judith K. Rogan as owner of real and personal property in her name
and that of the Rogan Revocable Trust; and (ii) that the creditors of Peter Rogan have no right to
seek turnover or possession of said assets to the detriment of plaintiff.  Ms. Rogan seeks the

Court to adjudicate her rights and that of The Rogan Revocable Trust and to declare that the defendant Dexia has no rights in said assets as creditors of Peter Rogan. Ms. Rogan further seeks an order enjoining defendant Dexia from taking any action in derogation of her right, title and peaceful enjoyment of her real and personal property and that of The Rogan Revocable Trust, and requiring Dexia to take all actions necessary to ensure plaintiff's right, title and peaceful enjoyment of Judith K. Rogan's real and personal property and that of The Rogan Revocable Trust.

WHEREFORE, plaintiff Judith K. Rogan, individually and as Trustee of The Rogan Revocable Trust, requests the entry of the following relief on her behalf and on behalf of The Rogan Revocable Trust against defendant Dexia Credit Local, f/k/a Dexia Public Finance Bank and Credit Local de France:

i)     a declaratory judgment confirming plaintiff's title and right to free and unfettered possession of Judith K. Rogan's real and personal property assets and those in the name of The Rogan Revocable Trust;

ii)    an adjudication that Dexia has no interests in the assets of plaintiff as a judgment creditor of Peter Rogan;

iii)   an injunction prohibiting Dexia from taking any and all action in derogation of plaintiff's rights and title to real and personal property assets in Judith K. Rogan's name and that of The Rogan Revocable Trust and requiring Dexia to take all actions necessary to ensure plaintiff's right, title and peaceful enjoyment of the real and personal property of Ms. Rogan and that of The Rogan Revocable Trust;

iv)    assessment of costs and attorneys' fees; and

v)     such other relief as the Court deems proper.

12

## Count VI – Action for Injunctive Relief

(Rogan v. Dexia)

54.    Paragraphs 1-53 are incorporated as if fully restated herein.

55.    Dexia holds no judgment against plaintiff Judith Rogan, nor does it hold a judgment against The Rogan Revocable Trust.

56.    Dexia has not alleged in any filing with the Northern District of Illinois that plaintiff is a nominee holder of assets belonging to Peter Rogan or that plaintiff is a fraudulent transferee of assets belonging to Peter Rogan.

57.    As a non-judgment holder to plaintiff, defendant Dexia had no legal right to assert any lien against the Wexford Property, which property is held by The Rogan Revocable Trust and not by the judgment debtor, Peter Rogan.

58.    Dexia has filed a lien against the Wexford Property in violation of applicable law.

59.    Defendant Dexia has caused plaintiff irreparable harm for which plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff Judith K. Rogan, both individually and as Trustee of The Rogan Revocable Trust, prays for the entry of the following relief on her behalf and against the defendant, Dexia Credit Local, f/k/a Dexia Public Finance Bank and Credit Local de France:

i)    Entry of an order allowing the sale of the Wexford Property to proceed free and clear of any interference or effect from the Dexia's lien;

ii)    Entry of a preliminary and permanent injunction against defendant Dexia ordering it to release any and all liens it has placed on the Wexford Property immediately, and forever barring said defendant from affixing a lien or otherwise clouding plaintiff's title to the Wexford Property;

13

iii)    Award to plaintiff her costs of suit, including reasonable attorneys' fees; and

iv)    Such other relief as the Court deems proper.

### VII.  Slander of Title

(Rogan v. Dexia)

60.    Paragraphs 1-59 are incorporated as if fully restated herein.

61.    Dexia has asserted a lien on the Wexford Property arising from the judgment it obtained against the plaintiff's husband, Peter Rogan.  See Exhibit B.

62.    Dexia has also made statements directed to Mary and Allen O'Brien, the third party purchasers with whom plaintiff has contracted to sell the Wexford Property, in which Dexia has asserted that it has a lien against the Wexford Property.  A copy of a letter from Dexia's legal counsel to Tim Kelly, counsel to the O'Briens, in which Dexia represents that it has a lien on the Wexford Property is attached hereto as Exhibit D.

63.    Dexia does not have a judgment against plaintiff, and does not otherwise have any other legal basis to place the lien on the Wexford Property.

64.    Dexia's assertions of a lien against the Wexford Property are untrue statements that Dexia and/or its authorized agents have made with malice and/or without probable cause therefor.

65.    When Dexia made the slanderous statements as to the Wexford Property, Dexia either knew that it had no valid lien on said property or it acted in reckless disregard as to whether it had a valid lien on the Wexford Property.

66.    Plaintiff has sustained pecuniary losses as a necessary and proximate consequence of the slanderous statements Dexia has asserted in regards to its purported lien on the Wexford Property.

14

67.    Plaintiff is entitled to punitive damages as a direct result of Dexia's slander of plaintiff's title to the Wexford Property, which slanderous statements have been made with malice and/or reckless disregard and without probable cause.

WHEREFORE, plaintiff Judith K. Rogan, individually and as Trustee of The Rogan Revocable Trust, requests the entry of the following relief on her behalf and on behalf of The Rogan Revocable Trust against defendant Dexia Credit Local, f/k/a Dexia Public Finance Bank and Credit Local de France:

i)    an award of compensatory damages said amount to be determined by the trier of fact;

ii)    an award of punitive damages;

iii)    assessment of costs and attorneys' fees; and

iv)    such other relief as the Court deems proper.

Respectfully submitted,

Judith K. Rogan, individually and as
Trustee of the Judith K. Rogan Revocable Trust,

By: _____
One of her attorneys

David Cerven
Smith & Debonis, LLC
9696 Gordon Drive
Highland, Indiana 46322
(219) 922-1000
Fax: (219) 922-1600

Alison G. Fox
Baker & Daniels LLP
First Bank Building, Suite 250
205 W. Jefferson Blvd
South Bend, IN 46601
574-239-1988 (Direct Line)
574-472-4588 (Fax)

15

Of counsel and not licensed in Indiana:
Michael J. O'Rourke
Joel L. Lipman
Joshua R. Diller
O'Rourke, Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
(312) 849-2020
Fax: (312) 849-2020

BDDB01 4927292v1

AMENDMENT
AND CORRECTION
TO THE ABSTRACT
OF JUDGMENT LIEN

2007-021418

STATE OF INDIANA
PORTER COUNTY
FILED FOR RECORD
07/12/2007  11:53AM
LINDA D. TRIKLER
RECORDER

REC FEE:    914.00
PAGES:        2

This is an CORRECTION to the ABSTRACT OF JUDGMENT LIEN recorded by the United States on October 4, 2006 as document number 2006-030102. The following nominee, legal description and permanent index numbers should have been attached to the original abstract of judgment:

GRANTEE:    JUDITH K. ROGAN as nominee of PETER G. ROGAN, the judgment debtor in case number 02 C 3310 (N.D. Ill.)

## LEGAL DESCRIPTION

PROPERTY ADDRESS:      476 WEXFORD ROAD, VALPARAISO, IN 46385 - LOT 1
PERMANENT INDEX NO.:   03-000-96443
PROPERTY TYPE:         VACANT

PROPERTY ADDRESS:      476 WEXFORD ROAD, VALPARAISO, IN 46385 - LOT 2
PERMANENT INDEX NO.:   03-0090-96444
PROPERTY TYPE:         RESIDENTIAL

This notice was prepared and signed at Chicago, Illinois on July 11, 2007.

PATRICK J. FITZGERALD
United States Attorney

By: _____
    MELISSA A. CHILDS
    Assistant United States Attorney
    (312) 353-5331

*PLEASE RETURN TO: U.S. ATTORNEY'S OFFICE, ATTN: FLU, 219 S. Dearborn-5th Fl, Chicago, IL 60604*

②

EXHIBIT A

SEP-04-2007  22:05        TICOR TITLE                              6623559      P.03

2006-030102

STATE OF INDIANA
PORTER COUNTY
FILED FOR RECORD
10/04/2006  04:07PM
LINDA D. TRIBBLER
RECORDER

REC FEE:    $12.00
PAGES:      1

## ABSTRACT OF JUDGMENT

### NOTICE

Pursuant to Title 28, United States Code, Section 3201, this judgment, upon the filing of this abstract in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of 26 U.S.C. §6323(f), creates a lien on all real property of the defendant(s) and has priority over all other liens or encumbrances which are perfected later in time. The lien created by this section is effective, unless satisfied, for a period of 20 years and may be renewed by filing a notice of renewal. If such notice of renewal is filed before the expiration of the 20 year period to prevent the expiration of the lien and the court approves the renewal, the lien shall relate back to the date the judgment is filed.

| Names and Addresses of Parties Against Whom Judgments Have Been Obtained | Names of Parties in Whose Favor Judgments Have Been Obtained |
|---|---|
| Peter Rogan<br>476 Wexford Road<br>Valparaiso, IN 46385<br>DOB: 02/26/1946<br>SSN: xx-xx-2990 | United States of America |

| Amount of Judgment | Names of Creditors' Attorneys | When Docketed |
|---|---|---|
| $64,259,032.50<br>PLUS INTEREST | United States Attorney<br>219 South Dearborn St.- 5th Floor<br>Chicago, Illinois 60604<br>Attn: Financial Litigation Unit | September 29, 2006<br>02 C 3310 |

UNITED STATES OF AMERICA.

CLERK'S OFFICE

U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

I CERTIFY that the foregoing is a correct copy of the judgment entered or registered by this Court.

Dated at Chicago, Illinois  OCT - 2 2006

MICHAEL W. DOBBINS                    , Clerk.

By_____ , Deputy Clerk.

TOTAL P.03

# UNITED STATES DISTRICT COURT
### EVERETT McKINLEY DIRKSEN BUILDING
### UNITED STATES COURT HOUSE
### CHICAGO, IL 60604

MICHAEL W. DOBBINS
CLERK

OFFICE OF THE CLERK

DEXIA CREDIT LOCAL f/k/a Dexia
Public Finance Bank and Credit
Local de France,,

        v.

PETER G. ROGAN et al.,

Case No.: 02c8288

:1:07mc4

## CERTIFICATION OF JUDGMENT
## FOR REGISTRATION IN
## ANOTHER DISTRICT

I, Michael W. Dobbins, Clerk of this United States District Court certify that
the attached judgment is a true and correct copy of the original judgment
entered in this action on 05/03/07, as it appears in the records of this court,
and that, no notice of appeal from this judgment has been filed, and any
motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate
Procedure has not been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on
June 14, 2007.

Michael W. Dobbins
Court Administrator

By: Nadine Finley
Deputy Clerk

CERTIFIED
Juli 14 2007
TRUE COPY
STEPHEN R. LUDWIG, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
DEPUTY CLERK

The motions listed in Rule 4(a) of the Federal Rules of Appellate Procedure are motions; for judgment notwithstanding the
verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of
time for filing a notice of appeal.

Rcpt # 297193

EXHIBIT B

trans BK
13/112



# United States District Court
## Northern District of Illinois
### Eastern Division

I, Michael W. Dobbins, Clerk of the United States District Court for the Northern District of Illinois, do hereby attest and certify that the annexed document(s) is(are) a full, true and correct copy of the original(s) on file in my office and in my legal custody.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the seal of the aforesaid court at Chicago, Illinois on

MICHAEL W. DOBBINS, CLERK

By: _____  JUN 1 4 2007

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEXIA CREDIT LOCAL, f/k/a Dexia Public Finance Bank and Crédit Local de France, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 8288 |
| | ) |
| PETER G. ROGAN et al. | ) Judge Mark Filip |
| | ) |
| | ) Mag. Judge Sidney I. Schenkier |
| | ) |
| Defendants. | ) |

## ORDER ENTERING FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58

On April 11, 2007, the Court found defendants Peter Rogan ("Rogan"), Braddock Management LP ("Braddock"), Bainbridge Management, Inc. ("Bainbridge") and counter-claim plaintiffs Edgewater Property Company ("EPC") and PGR Properties, Inc. ("PGR") in default. Due notice having been given, the Court now grants Plaintiff Dexia Credit Local's Motion For Entry Of Default Judgment against defendants Rogan, Braddock, Bainbridge, and counter-claim plaintiffs EPC and PGR. In granting plaintiff's motion for default judgment, the Court hereby:

(i) Finds that Bainbridge and Braddock are Rogan's alter-egos, that the corporate veils of Bainbridge and Braddock are therefore pierced, and that Rogan is therefore liable for any judgment entered against Bainbridge or Braddock;

(ii) Enters judgment in favor of plaintiff and against defendants Rogan, Braddock and Bainbridge as follows: (i) actual damages of **$53,082,978.03**; (b) pre-judgment interest of **$18,103,779.99**; (c) punitive damages of **$53,082,978.03**; and (d) costs in the amount of **$10,976.74**. The Court also awards plaintiff post-judgment interest in an amount to be determined once the judgment is satisfied; and

(iii) Dismisses with prejudice the counterclaim of EPC and PGR.

Dated: May _03_, 2007

_____
Honorable Mark Filip

CH1 3850127v 1

GRANTEE:    JUDITH K. ROGAN as nominee, alter ego, and/or constructive trustee of PETER
            G. ROGAN, the judgment debtor in case number 1:07MC4 (N.D. Ind.).

**Legal Description**

Property Address:          476 Wexford Road, Valparaiso, IN 46385 – Lot 1
Permanent Index No.:       03-000-96443
Property Type:             Vacant

Property Address:          476 Wexford Road, Valparaiso, IN 46385 – Lot 2
Permanent Index No.:       03-000-96444
Property Type:             Residential

# PURCHASE AGREEMENT

The undersigned ("Buyers") hereby agree to purchase from Judith K Rogan, Trustee, ("Seller") the real estate and improvements thereon known as: 476 Wexford Road, Porter County, Indiana, legally described as:

Lots 657&656 in Section 18 Shorewood Forest , Porter County  Indiana

upon the following terms:

**Purchase Price:** _One Million Six Hundred Thousand Dollars ($1,600,000)

**Earnest Money Down Payment:** One Hundred Thousand Dollars ($100,000), which earnest money is to be applied to Purchase Price at closing . The Earnest Money Deposit shall be with Ticor Title in Escrow until closing..Balance of Purchase Price shall be payable in accordance with Paragraph __A_below:

**A.** **Cash and New Mortgage:** Buyers shall pay Sellers the balance of the Purchase Price in cash, certified check, or official bank check upon delivery of warranty deed at closing, which includes proceeds of first mortgage loan to be obtained by Buyers secured by above real estate. Buyers shall obtain, at Buyers' expense, a(n) ( CONVENTIONAL) first mortgage loan in an amount not to exceed $400,000 of the Purchase Price, payable over no more than 30 years, and bearing annual interest at no more than 6.9%. Upon notice by Sellers or Buyers, this agreement shall be rescinded and earnest money returned to Buyers if Buyers are unable to obtain, at Buyers' expense, a first mortgage loan under the terms set forth in this Paragraph A. Buyers shall apply for financing within 5 days of Sellers' acceptance, shall diligently pursue the approval of the loan, and shall cooperate with Sellers and lending institutions to obtain the first mortgage loan.

**B.** **Cash:** Buyers shall pay Sellers the balance of the Purchase Price in cash, certified check, or official bank check upon delivery of warranty deed at closing.

**C.** **Personal Property and Fixtures:** The following items now on the premises shall be included in the sale (except as provided in Paragraph D), and shall be fully paid for by the Sellers and warranted free of claims or liens as of the closing date: all fixtures and built-in appliances now on the premises such as wall to wall carpeting, linoleum, floor tile, window screens and doors, storm sash, Venetian blinds, window shades, laundry tubs, hot water heater, central heating and air conditioning equipment, air cleaner, towel and closet racks and bars, awnings, door bells and chimes, attached light fixtures and bulbs, radiator covers, water and sump pumps and pressure tanks, landscaping and shrubbery, clothes poles, latices, television tower, rotor and antennas now installed or in use on the roof of said premises, automatic door opening equipment, attached fire and security alarm systems, and all articles which are so attached or built-in, the removal of which would leave the premises in incomplete or unfinished condition as to the exterior or interior decoration or external or internal appearance.  In addition, the following items shall be included in the sale:

_____

_____

_____

**D.** **Items Not Included:** Notwithstanding Paragraph C, the following items now on the premises shall not be included in the sale: No furniture nor other personal items of seller unless a separate written agreement is executed by seller and buyers

-1-

EXHIBIT C

_____
_____
_____
_____

**E.**  **Insurance and Risk of Loss:** The Sellers' insurance shall be canceled as of the closing date. All risks of ownership and loss, whether by fire, vandalism, theft, casualty, or otherwise, shall belong to Sellers until closing.

**F.**  **Closing Date:** The closing date shall be on or before November 15th 2007,. Reasonable extension of time shall be allowed for correcting defects in title and/or Buyers' lender's ability to disburse funds.

**G.**  **Possession:** Seller agree to deliver possession of the premises at closing.. .

**H.**  **Buyers & Seller's Remedies:** Earnest money deposit shall be returned to Buyers within ten days after expiration of acceptance period if this offer is not accepted. If offer is accepted and Buyers, without legal cause, fail or refuse to complete the purchase, the Buyers shall forfeit their earnest money deposit, and the Seller may sue for damages and enforce specific performance, to which shall be added reasonable attorneys' fees in the collection thereof and 10% interest, without relief from valuation or appraisement laws. If Seller, without legal cause, fail or refuse to complete the sale, Buyers may reclaim their earnest money deposit, sue for damages, or enforce specific performance, to which shall be added reasonable attorneys' fees in the collection thereof and 10% interest, without relief from valuation or appraisement laws.

**I.**  **Title Evidence:** Seller shall, at her expense, furnish Buyers with title evidence in the form of a commitment for an owner's title insurance policy to insure Buyers a marketable title in the real estate in the amount of the Purchase Price and shall be paid by Seller. The commitment shall be current to a date after the date of Seller's acceptance of Buyers' offer to purchase and shall be furnished prior to the closing date. All expenses of obtaining a mortgagee's or lender's title insurance policy and all expenses of special endorsements to the owner's title insurance policy required by Buyers' lender shall be paid by Buyer. Seller shall make a reasonable effort to remove encumbrances and cure defects in title which make it unmarketable, but if such reasonable efforts fail, this agreement shall be deemed terminated with no further liability on either Seller or Buyers.

**J.**  **Taxes, Assessments, and Prorations:** Real property taxes (and personal property taxes if applicable) shall be prorated as of the date of closing. That is to say, Seller shall be charged with and pay taxes on the real estate and improvements (and personal property if applicable) covered by this offer that are payable in the current year and for that portion of taxes payable the following year calculated as of the date of closing, and Buyers shall pay all taxes subsequent thereto. Proration shall be on the basis of the current tax rate and assessed valuation as of the day of closing. Seller shall be charged with and shall pay all unpaid installments for public improvements that were installed prior to the date of Buyers' written offer; any other such assessments shall be Buyers' obligation. Rents, water and sewer charges and interest on assumed mortgage indebtedness, if any, shall be prorated as of the date of closing.

**K.**  **Independent Inspections:** Buyers are aware that independent inspections disclosing the condition of the premises are available, and have been afforded the opportunity to require such inspections as a condition of this agreement. Buyer shall have the inspection completed on or

-2-

before September 30, 2007 at their cost. Notice shall be given to the Seller on or before October 10, 2007 that Buyer either waives any defect shown by the inspection or Buyers will notify Seller that they decline to close the transaction unless Seller corrects any defects as shown by the inspection. Buyer's shall furnish Seller a copy of the inspection report upon receipt of it in the event that they do not waive their right to cancel the transaction . Seller shall notify Buyers within 10days after receiving a copy of the inspection as to whether Seller agrees to correct any defects or Seller may notify Buyer's that Seller will not agree to correct some or all of any alleged defects. The Seller and Buyer's shall attempt to mutually agree on what the Seller will correct before closing and if they do not execute a written amendment to this agreement resolving the issue within 10 days after Seller notifies Buyer's of Seller's position as to the issue of defects then this agreement shall be null and void and both Seller and Buyer's are released from any obligation imposed under this agreement.

**L.      Entire Agreement:** The terms of this written agreement constitute the entire agreement between the parties. No verbal agreements shall bind the parties. The heirs and personal representatives of the parties are hereby bound and no assignment of this executed agreement from one living person to another shall be permitted by Buyers or Seller without the prior written consent of the other.

**M.      Other Terms or Conditions:**
Seller will pay all closing costs except for buyer's attorney fees and any expenses associated with any mortgage being obtained by Buyer's .Any home warranty shall be at Buyer's expense.

_____, _____.

**N.      Buyers' Acknowledgement:** By signing below, the Buyers certify that they have read, understand, and approve the terms of this Purchase Agreement and have retained a signed copy for their records.

Allen C O'Brien
BUYER'S SIGNATURE                              DATE/TIME   8-14-07

Mary O'Brien
PRINTED NAME

MAILING ADDRESS

219-464-3223
TELEPHONE NUMBER

22 Tavee Road
Valparaiso. IN 46385

**Q.      Sellers' Acceptance:** As owner and seller of the real estate described herein, the undersigned Seller accept the foregoing offer and agree to fully comply with the terms set forth in this Purchase Agreement.

-3-

_____ 8-14-07
SELLER'S SIGNATURE                    DATE/TIME

Judith K Rogan, Trustee
PRINTED NAME                          PRINTED NAME

476 Wexford Road, Valparaiso IN 46385
MAILING ADDRESS                       MAILING ADDRESS

219 464 4094
TELEPHONE NUMBER

C:\Documents and Settings\Laptop01\Local Settings\Temporary Internet Files\OLK135\Purchase Agreement (Sellers' - Residential).wpd

-4-



| | |
|---|---|
| **SIDLEY AUSTIN LLP**<br>ONE SOUTH DEARBORN<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING          LOS ANGELES<br>BRUSSELS        NEW YORK<br>CHICAGO         SAN FRANCISCO<br>DALLAS            SHANGHAI<br>FRANKFURT      SINGAPORE<br>GENEVA           SYDNEY<br>HONG KONG    TOKYO<br>LONDON          WASHINGTON, D.C. |
| epruitt@sidley.com<br>(312) 853-1093 | FOUNDED 1866 |

August 27, 2007

**By Facsimile**

Tim Kelly, Esq.
Kelly Law Offices
5521 West Lincoln Highway, Suite 101
Crown Point, Indiana 46307
Fax: 219-791-0707

    Re: *Dexia v. Rogan* (02 C 8288) (N.D. Ill.) – Sale of 476 Wexford Road

Dear Mr. Kelly:

    Sidley Austin LLP represents Dexia Crédit Local in the above-referenced case. The court entered a judgment against Peter Rogan in the amount of $124,280,712.79 in that case. It is our understanding that you represent a prospective purchaser of the home of Peter and Judith Rogan located at 476 Wexford in Valparaiso, Indiana. While Mrs. Rogan may formally hold title to the property, it is our position that she does so for the benefit and/or as an alter ego of Peter Rogan. The proceeds of any sale of the Indiana property are therefore assets of Peter Rogan, the judgment debtor in the above-referenced case, and should be applied to Dexia Crédit Local's judgment against Mr. Rogan. To secure its judgment, Dexia has recorded a lien against the 476 Wexford property.

    As you know, the United States also has a judgment against Mr. Rogan and also has recorded a lien against 476 Wexford. Dexia requests copies of the following documents to determine our lien position:

      (a) Any recent appraisals of the property;
      (b) A copy of the contract for the sale of the property;
      (c) Title report showing mortgage(s) and priority of liens on the property;
      (d) Draft closing statement; and
      (e) Payoff letters from any superior lien creditors.

    Please fax or email these documents to my attention. Upon review of this information, Dexia may issue an appropriate payoff letter to permit the transaction to proceed to closing with the net proceeds to be held in escrow until we reach an agreement with the Rogans

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

EXHIBIT D



Tim Kelly, Esq.
August 27, 2007
Page 2

or obtain a court order regarding the disposition of the funds. If you have any questions, please contact me at 312-853-1093.

Sincerely,

Eric S. Pruitt

cc:    David Short, Esq.
       Michael O'Rourke, Esq.
       Peter Rogan
       AUSA Melissa Childs

CH1 3972589v.1