| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PORTER _Superior_ COURT |
| | ) SS: | |
| COUNTY OF PORTER | ) | CAUSE NO. 64D05-0710-PL-10161 |

JUDITH K. ROGAN, individually )
and as Trustee of the Judith K. Rogan )
Revocable Trust, )
                                     )
       Plaintiff,         )
                                     )
      vs.                  )
                                     )
THE UNITED STATES OF       )       Jury Trial Demanded
AMERICA and DEXIA CREDIT )
LOCAL, f/k/a DEXIA PUBLIC )
FINANCE and CREDIT BANK and )
CREDIT LOCAL DE FRANCE, )
                                     )
       Defendants.     )

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Judith K. Rogan ("Rogan"), by her counsel and pursuant to Rule 65 of the Indiana Trial Court Rules, moves for the entry of a preliminary injunction on her behalf and against the defendants, United States of America ("U.S.") and Dexia Credit Local, f/k/a, Dexia Public Finance and Credit Bank and Credit Local de France ("Dexia"), enjoining the defendants, and either of them, or their agents, employees or representatives, from asserting or maintaining any lien or encumbrance on plaintiff's property located in Valparaiso, Indiana in this district, commonly known as 476 Wexford Road, Valparaiso, Indiana 46385 (the "Wexford property").

Plaintiff moves for this relief on the basis that she has owned this property in her own name (or as part of her trust) since 1989 and has a prospective sale of this property scheduled to a third party due to close on or before November 15, 2007. This sale is being impaired by filings of liens by each defendant arising out of judgments each holds against Peter Rogan, plaintiff's husband. Plaintiff is not a party nor a subject of the judgments against Peter Rogan and Peter

Rogan is not, nor has he ever been, in title or of title to the Wexford property. In further support of this Motion, plaintiff submits the Affidavit of Judith Rogan and states:

1. Plaintiff is a citizen and resident of Valparaiso, Indiana in Porter County within this district and has been a resident here for over 20 years. Plaintiff acquired title to the Wexford Road, Valparaiso, property in 1989 and has owned it individually or as part of her trust since then. (J. Rogan Affidavit, par. 1, Ex. A).

2. In August, 2007, plaintiff entered into a contract to sell the Wexford, Indiana property to a third party for $1,600,000.00, said sale to close in or about November 15, 2007. (J. Rogan Affidavit, par. 2, Ex. B). In the title search attendant to the sale, the title company, Ticor, discovered that, unbeknownst to plaintiff, the U.S. had filed an abstract of judgment against the Wexford property recorded in the Porter County Recorder of Deeds office as document 2007-021418. (J. Rogan Affidavit, par. 3, Exhibits C and D). This judgment is purportedly based on a judgment obtained by the U.S. against Peter Rogan in September, 2006, in an action in the United States District Court for the Northern District of Illinois, Case No. 02 C 3310. Plaintiff is not a party, nor is in any way related to the judgment.

3. Defendant Dexia has also filed a memorandum of judgment against the Wexford property based on a judgment it obtained in 2007 against Peter Rogan in a separate action pending in the United States District Court for the Northern District of Illinois, Case No. 02 C 8288. A copy of this memorandum was filed in Porter County and is attached as Exhibit D to the Affidavit of J. Rogan. Plaintiff is not a party nor in any way responsible for the Dexia judgment.

4. Plaintiff's property and title thereto has been unlawfully clouded by the filings of the defendants hereto, and plaintiff is unable to proceed on the November 15, 2007 closing on the Wexford property until these liens have been enjoined. Plaintiff is being irreparably harmed

by the unlawful actions of the defendants in improperly clouding title to the Wexford property based on the judgment liens wholly unrelated to her, and her inability to deal freely with her real property cannot be remedied at law.

5. Accordingly, plaintiff requests that the Court enter a preliminary injunction against the defendants enjoining each, and their agents, employees and representatives, from asserting or maintaining any judgment liens against the Wexford property, and ordering that such liens be expunged and that defendants pay plaintiff her costs of suit, including the attorneys' fees incurred in bringing the instant motion based on the bad faith filing of said judgment liens.

6. Plaintiff respectfully submits an accompanying memorandum of law in support of her Motion for Preliminary Injunction.

WHEREFORE, based on the foregoing Motion, the Affidavit of Judith Rogan, and the accompanying Memorandum of Law in Support, plaintiff Judith Rogan prays that the Court enter a preliminary injunction enjoining the defendants from asserting any rights under the filed liens against the Wexford property, ordering the liens expunged, and award to plaintiff of costs and fees and such other relief as the Court deems proper.

Respectfully submitted,

Judith K. Rogan, individually and as
Trustee of the Judith K. Rogan Revocable Trust,

By: _____
One of her attorneys

David Cerven
Smith & Debonis, LLC
9696 Gordon Drive
Highland, Indiana 46322
(219) 922-1000
Fax: (219) 922-1600

Alison G. Fox
Baker & Daniels LLP
First Bank Building, Suite 250
205 W. Jefferson Blvd
South Bend, IN 46601
574-239-1988 (Direct Line)
574-472-4588 (Fax)


Of counsel and not licensed in Indiana:
Michael J. O'Rourke
Joel L. Lipman
Joshua R. Diller
O'Rourke, Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
(312) 849-2020
Fax: (312) 849-2020

Use of this form constitutes practice of law and is limited to practicing lawyers.
©Copyright, 1986, by Indianapolis Bar Association.

89-14700
Rev. 10/86

BOOK 400 PAGE 414   Parcel No. _____

LAWYERS TITLE INSURANCE CORPORATION
20 INDIANA AVE., SUITE B
VALPARAISO, INDIANA 46383

## WARRANTY DEED

THIS INDENTURE WITNESSETH, That __Edward S. Bell_____
_____ (Grantor)

of __Porter__ County, in the State of __Indiana__, CONVEY

AND WARRANT ___ to __Judith K. Rogan_____
_____ (Grantee)

of __Porter__ County, in the State of __Indiana__, for the sum

of __Ten_____ Dollars ($ 10.00 ) and other

valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the following

described real estate in __Porter__ County, State of Indiana:

Lots 656 and 657 in Shorewood Forest Section 18, as shown in Plat
File 16-F-1B, Porter County, Indiana.

SUBJECT TO:

1) Current real estate taxes.

2) Restrictive covenants appearing of record in Plat File 16-F-1B and Miscellaneous Record 58, page 571.

3) Riparian rights, rights of abutting and other owners, and any rights which the public may have in and to that portion of any lot falling within the waters of any lake.

4) Waiver and consent to annexation as set forth in Deed Record 327, page 563 and Deed Record 334, page 469.

Subject to any and all easements, agreements and restrictions of record. The address of such
real estate is commonly known as __474 Wexford, Valparaiso, IN  46383_____

Tax bills should be sent to Grantee at such address unless otherwise indicated below.

IN WITNESS WHEREOF, Grantor has executed this deed this __18th__ day of
__September__, 19 __89__.

Grantor:
Signature __Edward S. Bell__ (SEAL)
Printed __Edward S. Bell__

Grantor: DULY ENTERED FOR TAXATION SUBJECT (SEAL)
Signature FINAL ACCEPTANCE FOR TRANSFER.
Printed _____
SEP 19 1989

STATE OF INDIANA
COUNTY OF PORTER  } SS:  ACKNOWLEDGMENT

JKR 00349

Before me, a Notary Public in and for said County and State, personally appeared
__Edward S. Bell_____
who acknowledged the execution of the foregoing Warranty Deed, and who, having been duly
sworn, stated that any representations therein contained are true.

Witness my hand and Notarial Seal this __18th__ day of __September__, 19 __89__.

My commission expires:     Signature _____
__November 6, 1990__
Printed __MARILYN J. BABCOCK__, Notary Public
Resident of __Porter__ County, Indiana.

This instrument prepared by __Barbara A. Young__, Attorney at Law.
HOEPPNER, WAGNER & EVANS, P.O. Box 2357, Valparaiso, IN  46384-2357
Return deed to _____
Send tax bills to __198 Amhurst Court - Valparaiso, IN  46383__

EXHIBIT A

04/18/00 08:48 219 465 3592 PORTER CO. GOVT. ☒001

# QUIT-CLAIM DEED

MAIL TAX BILLS TO: BOOK 447 PAGE 108
196 Amhurst Court
Valparaiso, Indiana 46383

94-11645
TAX KEY NO.

This indenture witnesseth that JUDITH K. ROGAN

'94 APR 22 PM 3:25

of Porter County in the State of Indiana

L. MICHAELS
RECORDER

Releases and quit claims to JUDITH K. ROGAN, Trustee under Trust dated April 19, 1989

of Porter County in the State of Indiana
for and in consideration of Ten Dollars ($10.00) and other valuable consideration the receipt whereof is hereby acknowledged, the following Real Estate in Porter County in the State of Indiana, to wit:

Lots 656 and 657 in Shorewood Forest Section 18, as shown in Plat File 16-P-18, Porter County, Indiana.

DULY ENTERED FOR TAXATION SUBJECT TO
FINAL ACCEPTANCE FOR TRANSFER
APR 22 1994

State of Indiana, Porter County, ss:
Before me, the undersigned, a Notary Public in and for said County and State, this 12 day of April, 19 94, personally appeared:

JUDITH K. ROGAN

Dated this 12 Day of April 19 94
Judith K. Rogan
JUDITH K. ROGAN

JKR 00350

And acknowledged the execution of the foregoing deed. In witness whereof, I have hereunto subscribed my name and affixed my official seal. My commission expires 5/97 19 94

Fred M. Cuppy Notary Public

Resident of Porter County

This instrument prepared by Fred M. Cuppy, 8585 Broadway, Suite 600, Merrillville, IN 46410, Attorney at Law

MAIL TO:

R-97% 219 465 3592 04-18-00 08:50AM P001 #44

# PURCHASE AGREEMENT

The undersigned ("Buyers") hereby agree to purchase from Judith K Rogan, Trustee, ("Seller") the real estate and improvements thereon known as: 476 Wexford Road, Porter County, Indiana, legally described as:

Lots 657&656 in Section 18 Shorewood Forest , Porter County Indiana

upon the following terms:

**Purchase Price:** _One Million Six Hundred Thousand Dollars ($1,600,000)

**Earnest Money Down Payment:** One Hundred Thousand Dollars ($100,000),
which earnest money is to be applied to Purchase Price at closing . The Earnest Money Deposit shall be with Ticor Title in Escrow until closing..Balance of Purchase Price shall be payable in accordance with Paragraph __A_below:

A.   **Cash and New Mortgage:** Buyers shall pay Sellers the balance of the Purchase Price in cash, certified check, or official bank check upon delivery of warranty deed at closing, which includes proceeds of first mortgage loan to be obtained by Buyers secured by above real estate. Buyers shall obtain, at Buyers' expense, a(n) ( CONVENTIONAL) first mortgage loan in an amount not to exceed $400,000 of the Purchase Price, payable over no more than 30 years, and bearing annual interest at no more than 6.9%. Upon notice by Sellers or Buyers, this agreement shall be rescinded and earnest money returned to Buyers if Buyers are unable to obtain, at Buyers' expense, a first mortgage loan under the terms set forth in this Paragraph A. Buyers shall apply for financing within 5 days of Sellers' acceptance, shall diligently pursue the approval of the loan, and shall cooperate with Sellers and lending institutions to obtain the first mortgage loan.

B.   **Cash:** Buyers shall pay Sellers the balance of the Purchase Price in cash, certified check, or official bank check upon delivery of warranty deed at closing.

C.   **Personal Property and Fixtures:** The following items now on the premises shall be included in the sale (except as provided in Paragraph D), and shall be fully paid for by the Sellers and warranted free of claims or liens as of the closing date: all fixtures and built-in appliances now on the premises such as wall to wall carpeting, linoleum, floor tile, window screens and doors, storm sash, Venetian blinds, window shades, laundry tubs, hot water heater, central heating and air conditioning equipment, air cleaner, towel and closet racks and bars, awnings, door bells and chimes, attached light fixtures and bulbs, radiator covers, water and sump pumps and pressure tanks, landscaping and shrubbery, clothes poles, latices, television tower, rotor and antennas now installed or in use on the roof of said premises, automatic door opening equipment, attached fire and security alarm systems, and all articles which are so attached or built-in, the removal of which would leave the premises in incomplete or unfinished condition as to the exterior or interior decoration or external or internal appearance. In addition, the following items shall be included in the sale:

_____
_____
_____

D.   **Items Not Included:** Notwithstanding Paragraph C, the following items now on the premises shall not be included in the sale: No furniture nor other personal items of seller unless a separate written agreement is executed by seller and buyers

**EXHIBIT B**

-1-

_____
_____
_____
_____

**E.** **Insurance and Risk of Loss:** The Sellers' insurance shall be canceled as of the closing date. All risks of ownership and loss, whether by fire, vandalism, theft, casualty, or otherwise, shall belong to Sellers until closing.

**F.** **Closing Date:** The closing date shall be on or before November 15th 2007,. Reasonable extension of time shall be allowed for correcting defects in title and/or Buyers' lender's ability to disburse funds.

**G.** **Possession:** Seller agree to deliver possession of the premises at closing...

**H.** **Buyers & Seller's Remedies:** Earnest money deposit shall be returned to Buyers within ten days after expiration of acceptance period if this offer is not accepted. If offer is accepted and Buyers, without legal cause, fail or refuse to complete the purchase, the Buyers shall forfeit their earnest money deposit, and the Seller may sue for damages and enforce specific performance, to which shall be added reasonable attorneys' fees in the collection thereof and 10% interest, without relief from valuation or appraisement laws. If Seller, without legal cause, fail or refuse to complete the sale, Buyers may reclaim their earnest money deposit, sue for damages, or enforce specific performance, to which shall be added reasonable attorneys' fees in the collection thereof and 10% interest, without relief from valuation or appraisement laws.

**I.** **Title Evidence:** Seller shall, at her expense, furnish Buyers with title evidence in the form of a commitment for an owner's title insurance policy to insure Buyers a marketable title in the real estate in the amount of the Purchase Price and shall be paid by Seller. The commitment shall be current to a date after the date of Seller's acceptance of Buyers' offer to purchase and shall be furnished prior to the closing date. All expenses of obtaining a mortgagee's or lender's title insurance policy and all expenses of special endorsements to the owner's title insurance policy required by Buyers' lender shall be paid by Buyer. Seller shall make a reasonable effort to remove encumbrances and cure defects in title which make it unmarketable, but if such reasonable efforts fail, this agreement shall be deemed terminated with no further liability on either Seller or Buyers.

**J.** **Taxes, Assessments, and Prorations:** Real property taxes (and personal property taxes if applicable) shall be prorated as of the date of closing. That is to say, Seller shall be charged with and pay taxes on the real estate and improvements (and personal property if applicable) covered by this offer that are payable in the current year and for that portion of taxes payable the following year calculated as of the date of closing, and Buyers shall pay all taxes subsequent thereto. Proration shall be on the basis of the current tax rate and assessed valuation as of the day of closing. Seller shall be charged with and shall pay all unpaid installments for public improvements that were installed prior to the date of Buyers' written offer; any other such assessments shall be Buyers' obligation. Rents, water and sewer charges and interest on assumed mortgage indebtedness, if any, shall be prorated as of the date of closing.

**K.** **Independent Inspections:** Buyers are aware that independent inspections disclosing the condition of the premises are available, and have been afforded the opportunity to require such inspections as a condition of this agreement. Buyer shall have the inspection completed on or

before September 30, 2007 at their cost. Notice shall be given to the Seller on or before October 10, 2007 that Buyer either waives any defect shown by the inspection or Buyers will notify Seller that they decline to close the transaction unless Seller corrects any defects as shown by the inspection. Buyer's shall furnish Seller a copy of the inspection report upon receipt of it in the event that they do not waive their right to cancel the transaction. Seller shall notify Buyers within 10days after receiving a copy of the inspection as to whether Seller agrees to correct any defects or Seller may notify Buyer's that Seller will not agree to correct some or all of any alleged defects. The Seller and Buyer's shall attempt to mutually agree on what the Seller will correct before closing and if they do not execute a written amendment to this agreement resolving the issue within 10 days after Seller notifies Buyer's of Seller's position as to the issue of defects then this agreement shall be null and void and both Seller and Buyer's are released from any obligation imposed under this agreement.

L. **Entire Agreement:** The terms of this written agreement constitute the entire agreement between the parties. No verbal agreements shall bind the parties. The heirs and personal representatives of the parties are hereby bound and no assignment of this executed agreement from one living person to another shall be permitted by Buyers or Seller without the prior written consent of the other.

M. **Other Terms or Conditions:**
Seller will pay all closing costs except for buyer's attorney fees and any expenses associated with any mortgage being obtained by Buyer's .Any home warranty shall be at Buyer's expense.

_____, _____.

N. **Buyers' Acknowledgement:** <u>By signing below, the Buyers certify that they have read, understand, and approve the terms of this Purchase Agreement and have retained a signed copy for their records.</u>

Allen C O'Brien
BUYER'S SIGNATURE *(signed)* DATE/TIME 8-14-07

Mary O'Brien
PRINTED NAME *(signed)*
MAILING ADDRESS

219-464-3223
TELEPHONE NUMBER

22 Tawee Road
Valparaiso, IN 46385

Q. **Sellers' Acceptance:** As owner and seller of the real estate described herein, the undersigned Seller accept the foregoing offer and agree to fully comply with the terms set forth in this Purchase Agreement.

-3-

_____Judith K Rogan_____  8-14-07
SELLER'S SIGNATURE                     DATE/TIME

**Judith K Rogan, Trustee**
PRINTED NAME                                          PRINTED NAME

**476 Wexford Road, Valparaiso IN 46385**
MAILING ADDRESS                                   MAILING ADDRESS

**219 464 4094**
TELEPHONE NUMBER

C:\Documents and Settings\Laptop01\Local Settings\Temporary Internet Files\OLK135\Purchase Agreement (Sellers' - Residential).wpd

-4-

AMENDMENT
AND CORRECTION
TO THE ABSTRACT
OF JUDGMENT LIEN

2007-021418

STATE OF INDIANA
PORTER COUNTY
FILED FOR RECORD
07/12/2007  11:53AM
LINDA D. TRINKLER
      RECORDER

REC FEE:   $14.00
PAGES:      2

This is an CORRECTION to the ABSTRACT OF JUDGMENT LIEN recorded by the United States on October 4, 2006 as document number 2006-030102. The following nominee, legal description and permanent index numbers should have been attached to the original abstract of judgment:

GRANTEE: JUDITH K. ROGAN as nominee of PETER G. ROGAN, the judgment debtor in case number 02 C 3310 (N.D. Ill.)

### LEGAL DESCRIPTION

PROPERTY ADDRESS:     476 WEXFORD ROAD, VALPARAISO, IN 46385 - LOT 1
PERMANENT INDEX NO.:  03-000-96443
PROPERTY TYPE:        VACANT

PROPERTY ADDRESS:     476 WEXFORD ROAD, VALPARAISO, IN 46385 - LOT 2
PERMANENT INDEX NO.:  03-0000-96444
PROPERTY TYPE:        RESIDENTIAL

This notice was prepared and signed at Chicago, Illinois on July 11, 2007.

PATRICK J. FITZGERALD
United States Attorney

By: *[signature]*
    MELISSA A. CHILDS
    Assistant United States Attorney
    (312) 353-5331

*PLEASE RETURN TO: U.S. ATTORNEY'S OFFICE, ATTN: FLU, 219 S. Dearborn-5th Fl, Chicago, IL 60604* ✓

EXHIBIT C

2006-030102

**ABSTRACT OF JUDGMENT**

**NOTICE**

STATE OF INDIANA
PORTER COUNTY
FILED FOR RECORD
10/04/2006 04:07PM
LINDA D. TRINKLER
RECORDER

REC FEE: $12.00
PAGES: 1

Pursuant to Title 28, United States Code, Section 3201, this judgment, upon the filing of this abstract in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of 26 U.S.C. §6323(f), creates a lien on all real property of the defendant(s) and has priority over all other liens or encumbrances which are perfected later in time. The lien created by this section is effective, unless satisfied, for a period of 20 years and may be renewed by filing a notice of renewal. If such notice of renewal is filed before the expiration of the 20 year period to prevent the expiration of the lien and the court approves the renewal, the lien shall relate back to the date the judgment is filed.

| Names and Addresses of Parties Against Whom Judgments Have Been Obtained | Names of Parties in Whose Favor Judgments Have Been Obtained |
|---|---|
| Peter Rogan<br>476 Wexford Road<br>Valparaiso, IN 46385<br>DOB: 02/26/1946<br>SSN: xx-xx-2990 | United States of America |

| Amount of Judgment | Names of Creditors' Attorneys | When Docketed |
|---|---|---|
| $64,259,032.50<br>PLUS INTEREST | United States Attorney<br>219 South Dearborn St. - 5th Floor<br>Chicago, Illinois 60604<br>Attn: Financial Litigation Unit | September 29, 2006<br>02 C 3310 |

UNITED STATES OF AMERICA.   CLERK'S OFFICE   U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

I CERTIFY that the foregoing is a correct Abstract of the Judgment entered or registered by this Court.

Dated at Chicago on OCT - 2 2006

MICHAEL W. DOBBINS, Clerk.

By_____, Deputy Clerk.

**UNITED STATES DISTRICT COURT**
EVERETT McKINLEY DIRKSEN BUILDING
UNITED STATES COURT HOUSE
CHICAGO, IL 60604

MICHAEL W. DOBBINS  
CLERK

OFFICE OF THE CLERK

DEXIA CREDIT LOCAL f/k/a Dexia
Public Finance Bank and Credit
Local de France,,

Case No.: 02c8288

:1:07mc4

v.

PETER G. ROGAN et al.,

### CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT

I, Michael W. Dobbins, Clerk of this United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on 05/03/07, as it appears in the records of this court, and that, no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure has not been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on June 14, 2007.

Michael W. Dobbins  
Court Administrator

By: Nadine Finley  
Deputy Clerk

CERTIFIED July 14, 2007
TRUE COPY
STEPHEN R. LUDWIG, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
DEPUTY CLERK

The motions listed in Rule 4(a) of the Federal Rules of Appellate Procedure are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.

Judg Bk 32/34

Rcpt # 297193

trans Bk 13/112

EXHIBIT D



CERTIFIED COPY

**United States District Court**
*Northern District of Illinois*
*Eastern Division*

I, Michael W. Dobbins, Clerk of the United States District Court for the Northern District of Illinois, do hereby attest and certify that the annexed document(s) is (are) a full, true and correct copy of the original(s) on file in my office and in my legal custody.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the seal of the aforesaid court at Chicago, Illinois, on

MICHAEL W. DOBBINS, CLERK

By _____  JUN 14 2007
       Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEXIA CREDIT LOCAL, f/k/a Dexia Public Finance Bank and Crédit Local de France, )<br><br>Plaintiff, )<br><br>v. )<br><br>PETER G. ROGAN et al. )<br><br>Defendants. ) | No. 02 C 8288<br><br>Judge Mark Filip<br><br>Mag. Judge Sidney I. Schenkier |

### ORDER ENTERING FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58

On April 11, 2007, the Court found defendants Peter Rogan ("Rogan"), Braddock Management LP ("Braddock"), Bainbridge Management, Inc. ("Bainbridge") and counter-claim plaintiffs Edgewater Property Company ("EPC") and PGR Properties, Inc. ("PGR") in default. Due notice having been given, the Court now grants Plaintiff Dexia Credit Local's Motion For Entry Of Default Judgment against defendants Rogan, Braddock, Bainbridge, and counter-claim plaintiffs EPC and PGR. In granting plaintiff's motion for default judgment, the Court hereby:

(i) Finds that Bainbridge and Braddock are Rogan's alter-egos, that the corporate veils of Bainbridge and Braddock are therefore pierced, and that Rogan is therefore liable for any judgment entered against Bainbridge or Braddock;

(ii) Enters judgment in favor of plaintiff and against defendants Rogan, Braddock and Bainbridge as follows: (1) actual damages of $53,082,978.03; (b) pre-judgment interest of $18,103,779.99; (c) punitive damages of $53,082,978.03; and (d) costs in the amount of $10,976.74. The Court also awards plaintiff post-judgment interest in an amount to be determined once the judgment is satisfied; and

(iii) Dismisses with prejudice the counterclaim of EPC and PGR.

Dated: May 03, 2007

_____
Honorable Mark Filip

CH1 3850127v1

GRANTEE:   JUDITH K. ROGAN as nominee, alter ego, and/or constructive trustee of PETER G. ROGAN, the judgment debtor in case number 1:07MC4 (N.D. Ind.).

**Legal Description**

| | |
|---|---|
| Property Address: | 476 Wexford Road, Valparaiso, IN 46385 – Lot 1 |
| Permanent Index No.: | 03-000-96443 |
| Property Type: | Vacant |
| | |
| Property Address: | 476 Wexford Road, Valparaiso, IN 46385 – Lot 2 |
| Permanent Index No.: | 03-000-96444 |
| Property Type: | Residential |