| | |
|---|---|
| STATE OF INDIANA        )<br>                              ) SS:<br>COUNTY OF PORTER   ) | IN THE PORTER  Superior  COURT<br><br>CAUSE NO. 64D05-0710-PL-10161 |

JUDITH K. ROGAN, individually    )
and as Trustee of the Judith K. Rogan  )
Revocable Trust,            )
                    )
    Plaintiff,        )
                    )
    vs.            )
                    )
THE UNITED STATES OF        )   Jury Trial Demanded
AMERICA and DEXIA CREDIT    )
LOCAL, f/k/a DEXIA PUBLIC    )
FINANCE and CREDIT BANK and  )
CREDIT LOCAL DE FRANCE,      )
                    )
    Defendants.        )

NOV - 2 2007

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Judith K. Rogan, individually and as Trustee of the Judith K. Rogan Revocable Trust, by her counsel, respectfully submits this memorandum in support of the motion for preliminary injunction. Plaintiff urges the Court to enter the appropriate orders to enjoin the unlawful filing by defendants of judgment liens against her property who hold no judgment against her. Plaintiff requests that the Court deny the harassing actions of defendants in clear derogation of her rights and enable the closing on the sale of the Wexford property to proceed on schedule.

### I. Introductory Statement

The defendants have no judgments against the plaintiff and thus no right to file judgment liens against her property, clear and simple. Accordingly, plaintiff's right to injunctive relief regarding her real property is unassailable. The Court should consider, *inter alia*: 1) plaintiff bought the property in 1989; 2) plaintiff or her trust has been in title

to the property ever since that time; 3) plaintiff has never been the subject of any judgment held by the defendants; and 4) plaintiff was never even advised by either defendant of their respective unlawful actions at any time prior to her contract to sell the property to the O'Briens in 1989. See Affidavit of Judith Rogan ("Rogan Affidavit"), pars. 2-3. Further, Judy Rogan had no involvement nor was she a party in either of defendants' cases with her husband. See Rogan Affidavit, par. 6.

Under these circumstances, plaintiff clearly should prevail on her requested relief.

## II. Standard for Entry of a Restraining Order and Preliminary Injunction

A motion for entry of a preliminary injunction asks the Court to conduct a four-part analysis. *McGlothen v. Heritage Environmental Service, LLC*, 705 N.E. 2d 1069 *(Ind.Ct. App. 1999); Northern Indiana Public Service Co. v. Dozier, Mil-Mar Show Co. Inc. V. Shonac Corp.*, 674 N.E.2d 977, 989 (Ind. Ct. App. 1996). The Court is asked on a motion for restraining order or injunctive relief to review whether the plaintiff/moving party has demonstrated 1) a reasonable likelihood of success on the merits, and 2) no adequate remedy at law and irreparable harm is the relief is denied; 3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied, and 4) the public interest, i.e., the effect granting or denying the injunction will have on non-parties. *Id., Jay County Rural Electric Membership Corp. v. Wabash Valley Power Association, Inc.*, 692 N.E. 2d 905, 908-909( Ind. Ct. App. 1998).

Based on these factors, plaintiff submits her motion should be granted.

### A. Likelihood of Success on the Merits

There is no question that the plaintiff holds an inalienable right to enjoy and use her property as she sees fit free from unlawful restraint. *Sanders v. Rosa, 207 Ind. 90 (1934)*. The facts of this case will show that Judy Rogan acquired title to the Wexford property in her own name in 1989. The property was placed in trust in 1994. She has remained in ownership without interruption for the entire period. She has no debts to either the United States or Dexia Credit Local and neither party holds a judgment of any kind against her.

Nor is there any serious question that plaintiff is not liable for her husband's judgments. Judy Rogan had no involvement with Edgewater Hospital, wherein her husband's problems with the defendants arose. She was not an employee or agent of the hospital, nor of any of the related businesses of her husband. She is, in all respects, an individual distinct and separate from the facts surrounding defendants' judgment against her husband. Accordingly, defendants' audacity in filing liens on her property without due process is particularly repugnant. Defendants' acts smack of pre-judgment attachment without judicial authorization. Defendants' lien filings are sanctionable.

B.   **Irreparable harm for which there is No Adequate Remedy at Law**

What we have in this case is the plaintiff being deprived of her right to sell her real property without legal basis. Plaintiff seeks to carry through on performance of her real estate contract with her buyers. It is axiomatic that legal issues involving the performance of contracts to sell real property are standard subjects for the entry of injunctive relief as there is presumed to be no adequate remedy at law. *Okaw Drainage District of Champaign and Douglas County v. National Distillers and Chemical Corporation*, 882 F. 2d 1241, 1248 (7th Cir. 1989). Here, plaintiff is stymied in the sale of

the Wexford property by two fraudulent judgment liens. The irreparable harm in tying up her property and incapacitating her ability to perform her sales contract is self-evident.

### C. Balance of interests

This final balancing factors element also weighs heavily in favor of the plaintiff. This balancing test involves weighing the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied as well as the interests of non-parties. *McGlothen, 705 N.E.2d at 1074.* The interests here of the plaintiff are obvious, as is the interests of the public in the free marketability of real estate. The public also benefits from the avoidance of invalid clouds on title. Discouraging the practice followed by these defendants in gratuitously filing judgment liens on non-judgment debtors hardly needs the benefit of lengthy legal citation.

Defendants would argue that they are entitled to pursue collection of their judgments. This is true, but only against the judgment debtor, Peter Rogan. And if the defendants really believe they have a claim to the Wexford property, they should pursue it legally and properly. Establish your right before you enforce your right is a lesson both defendants could well use some schooling in, and plaintiff urges the Court to react firmly and quickly in striking down defendants' wrongful acts without delay.

### D. Bond

While the entry of an injunction under Rule 65(c) normally requires bond, one should either be waived or set a nominal amount given the Ms. Rogan's strong likelihood of success on the merits and the fact that defendants have no recognizable right to attach Ms. Rogan's property pre-judgment, plaintiff requests that this Court waive a bond.

### III. Conclusion

For all of the foregoing reasons, Plaintiff requests that this Court enter a preliminary injunction enjoining defendants from asserting or enforcing their liens on the Wexford property to allow the sale of the property to Mary and Allen O'Brien scheduled for November 15, 2007 to proceed and order all other and further relief this Court deems appropriate.

Respectfully submitted,

Judith K. Rogan, individually and as
Trustee of the Judith K. Rogan Revocable
Trust

By: _/s/ Alison G. Fox_
One of her attorneys

David Cerven
Smith & Debonis, LLC
9696 Gordon Drive
Highland, Indiana 46322
(219) 922-1000
Fax: (219) 922-1600

Alison G. Fox
Baker & Daniels, LLP
205 West Jefferson Blvd.
Suite 250
South Bend, Indiana 46601
(574) 239-1988
Fax: (574) 239-1900

Of counsel & Not licensed in Indiana:
Michael J. O'Rourke
Joel L. Lipman
Joshua R. Diller
O'Rourke, Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
(312) 849-2020
Fax: (312) 849-2020

Use of this form constitutes practice of law and is limited to practicing lawyers.
©Copyright, 1986, by Indianapolis Bar Association.

89-14700
Rev. 10/86

BOOK 400 PAGE 414  Parcel No. _____

LAWYERS TITLE INSURANCE CORPORATION
20 INDIANA AVE., SUITE B
VALPARAISO, INDIANA 46383

## WARRANTY DEED

THIS INDENTURE WITNESSETH, That __Edward S. Bell_____
_____ (Grantor)

of __Porter__ County, in the State of __Indiana__, CONVEY __
AND WARRANT __ to __Judith K. Rogan_____
_____ (Grantee)

of __Porter__ County, in the State of __Indiana__, for the sum
of __Ten_____ Dollars ($ 10.00 ) and other
valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the following
described real estate in __Porter__ County, State of Indiana:

Lots 656 and 657 in Shorewood Forest Section 18, as shown in Plat
File 16-F-1B, Porter County, Indiana.

SUBJECT TO:

1)  Current real estate taxes.

2)  Restrictive covenants appearing of record in Plat File
    16-F-1B and Miscellaneous Record 58, page 571.

3)  Riparian rights, rights of abutting and other owners, and
    any rights which the public may have in and to that portion
    of any lot falling within the waters of any lake.

4)  Waiver and consent to annexation as set forth in Deed
    Record 327, page 563 and Deed Record 334, page 469.

Subject to any and all easements, agreements and restrictions of record. The address of such
real estate is commonly known as __474 Wexford, Valparaiso, IN  46383__

Tax bills should be sent to Grantee at such address unless otherwise indicated below.
IN WITNESS WHEREOF, Grantor has executed this deed this __18th__ day of
__September__, 19 __89__.

Grantor: Signature __Edward S. Bell__ (SEAL)  Grantor: Signature _____ (SEAL)
Printed __Edward S. Bell__                    Printed _____

DULY ENTERED FOR TAXATION SUBJECT TO
FINAL ACCEPTANCE FOR TRANSFER.

SEP 19 1989

STATE OF INDIANA  } SS:  ACKNOWLEDGMENT
COUNTY OF PORTER  }                              JKR 00349

Before me, a Notary Public in and for said County and State, personally appeared __
Edward S. Bell__
who acknowledged the execution of the foregoing Warranty Deed, and who, having been duly
sworn, stated that any representations therein contained are true.
Witness my hand and Notarial Seal this __18th__ day of __September__, 19 __89__.

My commission expires:   Signature _____
November 6, 1990         Printed __MARILYN J. BABCOCK__, Notary Public
                         Resident of __Porter__ County, Indiana.

This instrument prepared by __Barbara A. Young__, Attorney at Law,
HOEPPNER, WAGNER & EVANS, P.O. Box 2357, Valparaiso, IN 46384-2357
Return deed to _____
Send tax bills to __198 Amhurst Court - Valparaiso, IN  46383__

EXHIBIT A

94-11645

## QUIT-CLAIM DEED

MAIL TAX BILLS TO: BOOK 447 PAGE 108
198 Amhurst Court
Valparaiso, Indiana 46383

This indenture witnesseth that JUDITH K. ROGAN

'94 APR 22 PM 3 25

of Porter County in the State of Indiana

L. L. MICHAELS
RECORDER

Releases and quit claims to JUDITH K. ROGAN, Trustee under Trust dated April 19, 1989

of Porter County in the State of Indiana
for and in consideration of Ten Dollars ($10.00) and other valuable consideration the receipt whereof is hereby acknowledged, the following Real Estate in Porter County in the State of Indiana, to wit:

Lots 656 and 657 in Shorewood Forest Section 18, as shown in Plat File 16-P-18, Porter County, Indiana.

DULY ENTERED FOR TAXATION SUBJECT TO
FINAL ACCEPTANCE FOR TRANSFER
APR 22 1994

State of Indiana, Porter County, ss:
Before me, the undersigned, a Notary Public in and for said County and State, this 12 day of April 1994 personally appeared:

JUDITH K. ROGAN

Dated this 12 Day of April 19 94

Judith K. Rogan
JUDITH K. ROGAN

JKR 00350

And acknowledged the execution of the foregoing deed. In witness whereof, I have hereunto subscribed my name and affixed my official seal. My commission expires 5/97

Fred M. Cuppy Notary Public

Resident of Porter County

This instrument prepared by Fred M. Cuppy, 8585 Broadway, Suite 600, Merrillville, IN 46410, Attorney at Law

# PURCHASE AGREEMENT

The undersigned ("Buyers") hereby agree to purchase from Judith K Rogan, Trustee, ("Seller") the real estate and improvements thereon known as: 476 Wexford Road, Porter County, Indiana, legally described as:

Lots 657&656 in Section 18 Shorewood Forest, Porter County Indiana

upon the following terms:

**Purchase Price:** _One Million Six Hundred Thousand Dollars ($1,600,000)

**Earnest Money Down Payment:** One Hundred Thousand Dollars ($100,000), which earnest money is to be applied to Purchase Price at closing. The Earnest Money Deposit shall be with Ticor Title in Escrow until closing..Balance of Purchase Price shall be payable in accordance with Paragraph __A_below:

**A.     Cash and New Mortgage:** Buyers shall pay Sellers the balance of the Purchase Price in cash, certified check, or official bank check upon delivery of warranty deed at closing, which includes proceeds of first mortgage loan to be obtained by Buyers secured by above real estate. Buyers shall obtain, at Buyers' expense, a(n) ( CONVENTIONAL) first mortgage loan in an amount not to exceed $400,000 of the Purchase Price, payable over no more than 30 years, and bearing annual interest at no more than 6.9%. Upon notice by Sellers or Buyers, this agreement shall be rescinded and earnest money returned to Buyers if Buyers are unable to obtain, at Buyers' expense, a first mortgage loan under the terms set forth in this Paragraph A. Buyers shall apply for financing within 5 days of Sellers' acceptance, shall diligently pursue the approval of the loan, and shall cooperate with Sellers and lending institutions to obtain the first mortgage loan.

**B.     Cash:** Buyers shall pay Sellers the balance of the Purchase Price in cash, certified check, or official bank check upon delivery of warranty deed at closing.

**C.     Personal Property and Fixtures:** The following items now on the premises shall be included in the sale (except as provided in Paragraph D), and shall be fully paid for by the Sellers and warranted free of claims or liens as of the closing date: all fixtures and built-in appliances now on the premises such as wall to wall carpeting, linoleum, floor tile, window screens and doors, storm sash, Venetian blinds, window shades, laundry tubs, hot water heater, central heating and air conditioning equipment, air cleaner, towel and closet racks and bars, awnings, door bells and chimes, attached light fixtures and bulbs, radiator covers, water and sump pumps and pressure tanks, landscaping and shrubbery, clothes poles, latices, television tower, rotor and antennas now installed or in use on the roof of said premises, automatic door opening equipment, attached fire and security alarm systems, and all articles which are so attached or built-in, the removal of which would leave the premises in incomplete or unfinished condition as to the exterior or interior decoration or external or internal appearance. In addition, the following items shall be included in the sale:

_____
_____

**D.     Items Not Included:** Notwithstanding Paragraph C, the following items now on the premises shall not be included in the sale: No furniture nor other personal items of seller unless a separate written agreement is executed by seller and buyers

-1-

**EXHIBIT B**

_____
_____
_____
_____
_____.

E.     Insurance and Risk of Loss: The Sellers' insurance shall be canceled as of the closing date. All risks of ownership and loss, whether by fire, vandalism, theft, casualty, or otherwise, shall belong to Sellers until closing.

F.     Closing Date: The closing date shall be on or before November 15th 2007,. Reasonable extension of time shall be allowed for correcting defects in title and/or Buyers' lender's ability to disburse funds.

G.     Possession: Seller agree to deliver possession of the premises at closing...

H.     Buyers & Seller's Remedies: Earnest money deposit shall be returned to Buyers within ten days after expiration of acceptance period if this offer is not accepted. If offer is accepted and Buyers, without legal cause, fail or refuse to complete the purchase, the Buyers shall forfeit their earnest money deposit, and the Seller may sue for damages and enforce specific performance, to which shall be added reasonable attorneys' fees in the collection thereof and 10% interest, without relief from valuation or appraisement laws. If Seller, without legal cause, fail or refuse to complete the sale, Buyers may reclaim their earnest money deposit, sue for damages, or enforce specific performance, to which shall be added reasonable attorneys' fees in the collection thereof and 10% interest, without relief from valuation or appraisement laws.

I.     Title Evidence: Seller shall, at her expense, furnish Buyers with title evidence in the form of a commitment for an owner's title insurance policy to insure Buyers a marketable title in the real estate in the amount of the Purchase Price and shall be paid by Seller. The commitment shall be current to a date after the date of Seller's acceptance of Buyers' offer to purchase and shall be furnished prior to the closing date. All expenses of obtaining a mortgagee's or lender's title insurance policy and all expenses of special endorsements to the owner's title insurance policy required by Buyers' lender shall be paid by Buyer. Seller shall make a reasonable effort to remove encumbrances and cure defects in title which make it unmarketable, but if such reasonable efforts fail, this agreement shall be deemed terminated with no further liability on either Seller or Buyers.

J.     Taxes, Assessments, and Prorations: Real property taxes (and personal property taxes if applicable) shall be prorated as of the date of closing. That is to say, Seller shall be charged with and pay taxes on the real estate and improvements (and personal property if applicable) covered by this offer that are payable in the current year and for that portion of taxes payable the following year calculated as of the date of closing, and Buyers shall pay all taxes subsequent thereto. Proration shall be on the basis of the current tax rate and assessed valuation as of the day of closing. Seller shall be charged with and shall pay all unpaid installments for public improvements that were installed prior to the date of Buyers' written offer; any other such assessments shall be Buyers' obligation. Rents, water and sewer charges and interest on assumed mortgage indebtedness, if any, shall be prorated as of the date of closing.

K.     Independent Inspections: Buyers are aware that independent inspections disclosing the condition of the premises are available, and have been afforded the opportunity to require such inspections as a condition of this agreement. Buyer shall have the inspection completed on or

_____  8-14-07
SELLER'S SIGNATURE                DATE/TIME

Judith K Rogan, Trustee
PRINTED NAME                                        PRINTED NAME

476 Wexford Road, Valparaiso IN 46385
MAILING ADDRESS                                     MAILING ADDRESS

219 464 4094
TELEPHONE NUMBER

C:\Documents and Settings\Laptop01\Local Settings\Temporary Internet Files\OLK135\Purchase Agreement (Sellers' - Residential).wpd

-4-

2006-030102

## ABSTRACT OF JUDGMENT

### NOTICE

STATE OF INDIANA
PORTER COUNTY
FILED FOR RECORD
10/04/2006 04:07PM
LINDA D. TRINKLEY
RECORDER

REC FEE: $12.00
PAGES: 1

Pursuant to Title 28, United States Code, Section 3201, this judgment, upon the filing of this abstract in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of 26 U.S.C. §6323(f), creates a lien on all real property of the defendant(s) and has priority over all other liens or encumbrances which are perfected later in time. The lien created by this section is effective, unless satisfied, for a period of 20 years and may be renewed by filing a notice of renewal. If such notice of renewal is filed before the expiration of the 20 year period to prevent the expiration of the lien and the court approves the renewal, the lien shall relate back to the date the judgment is filed.

| Names and Addresses of Parties Against Whom Judgments Have Been Obtained | Names of Parties in Whose Favor Judgments Have Been Obtained |
|---|---|
| Peter Rogan<br>476 Wexford Road<br>Valparaiso, IN 46385<br>DOB: 02/26/1946<br>SSN: xx-xx-2990 | United States of America |

| Amount of Judgment | Names of Creditors' Attorneys | When Docketed |
|---|---|---|
| $64,259,032.50<br>PLUS INTEREST | United States Attorney<br>219 South Dearborn St.- 5th Floor<br>Chicago, Illinois 60604<br>Attn: Financial Litigation Unit | September 29, 2006<br>02 C 3310 |

UNITED STATES OF AMERICA,     CLERK'S OFFICE     U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

I CERTIFY that the foregoing is a correct Abstract of the Judgment entered or registered by this Court.

Dated at Chicago, IL OCT - 2 2006

MICHAEL W. DOBBINS , Clerk.

By _____ , Deputy Clerk.

**UNITED STATES DISTRICT COURT**
EVERETT McKINLEY DIRKSEN BUILDING
UNITED STATES COURT HOUSE
CHICAGO, IL 60604

MICHAEL W. DOBBINS
CLERK

OFFICE OF THE CLERK

DEXIA CREDIT LOCAL f/k/a Dexia
Public Finance Bank and Credit
Local de France,,

v.

PETER G. ROGAN et al.,

Case No.: 02c8288

:1:07mc4

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

I, Michael W. Dobbins, Clerk of this United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on 05/03/07, as it appears in the records of this court, and that, no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure has not been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on June 14, 2007.

Michael W. Dobbins
Court Administrator

By: Nadine Finley
Deputy Clerk

CERTIFIED 2007
TRUE COPY
STEPHEN R. LUDWIG, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
DEPUTY CLERK

The motions listed in Rule 4(a) of the Federal Rules of Appellate Procedure are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.

Judg BK 32/34    Rcpt # 297193    trans BK 13/112

EXHIBIT D



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEXIA CREDIT LOCAL, f/k/a Dexia Public Finance Bank and Crédit Local de France, )<br><br>Plaintiff, )<br><br>v. )<br><br>PETER G. ROGAN et al. )<br><br>Defendants. ) | No. 02 C 8288<br><br>Judge Mark Filip<br><br>Mag. Judge Sidney I. Schenkier |

### ORDER ENTERING FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58

On April 11, 2007, the Court found defendants Peter Rogan ("Rogan"), Braddock Management LP ("Braddock"), Bainbridge Management, Inc. ("Bainbridge") and counter-claim plaintiffs Edgewater Property Company ("EPC") and PGR Properties, Inc. ("PGR") in default. Due notice having been given, the Court now grants Plaintiff Dexia Credit Local's Motion For Entry Of Default Judgment against defendants Rogan, Braddock, Bainbridge, and counter-claim plaintiffs EPC and PGR. In granting plaintiff's motion for default judgment, the Court hereby:

(i)   Finds that Bainbridge and Braddock are Rogan's alter-egos, that the corporate veils of Bainbridge and Braddock are therefore pierced, and that Rogan is therefore liable for any judgment entered against Bainbridge or Braddock;

(ii)  Enters judgment in favor of plaintiff and against defendants Rogan, Braddock and Bainbridge as follows: (I) actual damages of $53,082,978.03; (b) pre-judgment interest of $18,103,779.99; (c) punitive damages of $53,082,978.03; and (d) costs in the amount of $10,976.74. The Court also awards plaintiff post-judgment interest in an amount to be determined once the judgment is satisfied; and

(iii) Dismisses with prejudice the counterclaim of EPC and PGR.

Dated: May 03, 2007

_____
Honorable Mark Filip

CH1 3850127v 1

GRANTEE:   JUDITH K. ROGAN as nominee, alter ego, and/or constructive trustee of PETER G. ROGAN, the judgment debtor in case number 1:07MC4 (N.D. Ind.).

**Legal Description**

Property Address:       476 Wexford Road, Valparaiso, IN 46385 – Lot 1
Permanent Index No.:    03-000-96443
Property Type:          Vacant

Property Address:       476 Wexford Road, Valparaiso, IN 46385 – Lot 2
Permanent Index No.:    03-000-96444
Property Type:          Residential

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PORTER _____ COURT |
| | ) SS: | |
| COUNTY OF PORTER | ) | CAUSE NO. |

| | |
|---|---|
| JUDITH K. ROGAN, individually and as Trustee of the Judith K. Rogan Revocable Trust, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | |
| THE UNITED STATES OF AMERICA ) and DEXIA CREDIT LOCAL, f/k/a ) DEXIA PUBLIC FINANCE and ) CREDIT BANK and CREDIT LOCAL ) DE FRANCE, ) ) | Jury Trial Demanded |
| Defendants. ) | |

## AFFIDAVIT OF JUDITH K. ROGAN IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Judith K. Rogan, being first duly sworn, deposes and states:

1. Affiant is a resident of Valparaiso, Indiana in Porter County and has resided in Valparaiso since 1983.

2. Affiant is owner of the real property known as 476 Wexford Road, Valparaiso, Indiana 46385 and acquired this property in 1989 and placed it in a trust in which she is the sole beneficiary in 1994. A true and correct copy of the deeds by which Affiant acquired title is attached and incorporated as Exhibit A.

3. Affiant has owned the Wexford property continuously since 1989. Affiant has paid all mortgage and related property costs on the residence and has maintained the residence with her family since the property was acquired.

4. On August 14, 2007, Affiant has contracted to sell the Wexford property to Mary and Allen O'Brien for the purchase price of $1,600,000.00. A true and correct copy of the contract is attached and incorporated as Exhibit B. The date of the closing has been set for November 15, 2007.

5. Unbeknownst to Affiant, the United States filed liens against the Wexford property in July, 2007. These liens came to Affiant's attention through the title company which has advised Affiant that the sale cannot proceed until the liens are released. On information and belief, a copy of the liens is attached and incorporated as Exhibit C. Affiant also understands that a lien has been filed against the property by Dexia Credit Local. To Affiant's knowledge, a copy of the lien is attached as Exhibit D.

6. To Affiant's knowledge, the liens filed against the Wexford property arise out of two lawsuits involving Peter Rogan, Affiant's husband. Affiant is not a party to either of the lawsuits and was not involved in any way with Peter Rogan's business dealings out of which the lawsuits arose, which Affiant understands involved the business of Edgewater Hospital in Chicago, which her husband at one time owned through one of his companies.

7. The judgment liens holding up the sale of Affiant's property are causing substantial hardship to Affiant. Affiant cannot perform on the contract with the O'Briens and will lose the benefit of the sale if the liens are not released or nullified to allow the sale to close.

Further Affiant Sayeth Not.

_Judith K. Rogan_
Judith K. Rogan