UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JUDITH K. ROGAN, individually | ) | |
| and as Trustee of the | ) | |
| Judith K. Rogan Revocable Trust, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:07 CV 403PS |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| and DEXIA CREDIT LOCAL, f/k/a | ) | Formerly case No. 64D05-0710-PL-10161, |
| DEXIA PUBLIC FINANCE and | ) | Superior Court, Porter County, Indiana. |
| CREDIT BANK and CREDIT | ) | |
| LOCAL DE FRANCE | ) | |
| | ) | Honorable Judge Joseph Van Bokkelen |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff, Judith K. Rogan, individually and as Trustee of the Judith K. Rogan Revocable Trust ("Rogan" or "plaintiff"), by and through her attorneys, hereby moves this Court pursuant to F.R.C.P. 65(b) for the entry of a temporary restraining order and/or preliminary injunction against defendants United States of America ("United States") and Dexia Credit Local f/k/a Dexia Public Finance ("Dexia") enjoining the defendants, and either of them, or their agent, employees or representatives from asserting or maintaining any lien or encumbrance on plaintiff's property commonly known as 476 Wexford Road, Valparaiso, Indiana 46385 (the "Wexford Property"). Plaintiff has served this motion on the defendants by facsimile and mail on November 14, 2007. In support of this motion, Plaintiff submits as follows:

1.    Plaintiff moves for this relief on the basis that she has owned the Wexford Property in her own name or that of her revocable trust since 1989 and has a prospective sale of this property scheduled to a third party due to close on November 15, 2007. (See Affidavit of Judith K. Rogan, attached hereto as Exhibit A, ¶¶ 3 & 4). The intended sale is being impaired by

liens each defendant has asserted against the property arising out of judgments each holds against Peter Rogan, plaintiff's husband.  Plaintiff is not a party nor a subject of the judgments against Peter Rogan and Peter Rogan is not, nor has ever been, in title or of title to the Wexford property.

2.      Plaintiff is a citizen and resident of Valparaiso, Indiana, Porter County, where she has resided for over 20 years.  (Exhibit A, ¶ 1).

3.      In August, 2007, plaintiff entered into a contract to sell the Wexford Property to a third party for $1.6 million said sale to close on November 15, 2007.  (Exhibit A, ¶  4; see also the contract entered into by Judith Rogan for the sale of the Wexford Property, attached as Exhibit B to the Affidavit of Judith K. Rogan).  In the title search attendant to the sale the title company, Ticor, discovered that, unbeknownst to plaintiff, the United States had filed an abstract of judgment against the Wexford Property recorded in the Porter County Recorder of Deeds office as document 2007-021418.  (Exhibit A, ¶  4; see also the Abstract of Judgment filed by the United States against the Wexford Property, attached as Exhibit C to the Affidavit of Judith K. Rogan).

4.      The United States' lien is purportedly based on a judgment obtained by the United States against Peter Rogan in September, 2006, in an action in the United States District Court for the Northern District of Illinois, Case No. 02 C 3310.  Plaintiff is not and never has been a party to this suit, nor is this judgment related to plaintiff in any way.  (Exhibit A, ¶ 6).

5.      Defendant Dexia has also filed a memorandum of judgment against the Wexford property based on a judgment it obtained in 2007 against Peter Rogan in a separate action pending in the United States District Court for the Northern District of Illinois, Case No. 02 C 8288.  (See Abstract of Judgment filed by Dexia, attached as Exhibit D to the Affidavit of Judith

K. Rogan).  Plaintiff is not and never has been a party to this suit, nor is she in any way responsible for the Dexia judgment.

6.      Plaintiff's property and title thereto has been unlawfully clouded by the defendants filing the subject liens, and plaintiff is unable to proceed on the November 15, 2007 closing on the Wexford property unless and until these liens have been enjoined.

7.      Plaintiff is being irreparably harmed by the unlawful actions of the defendants in improperly clouding her title to the Wexford Property.  Both of the purported liens are based on judgments wholly unrelated to plaintiff and her inability to deal freely with her real property cannot be remedied at law.

8.      Plaintiff initially brought an action against the defendants related to the subject liens on August 27, 2007 in United States District Court, Northern District of Indiana, case no. 2:2007-CV-00280 RM (N.D. Ind.) (the "Federal Action").

9.      On or about September 20, 2007 Plaintiff moved for a preliminary injunction in the Federal Action seeking to enjoin the defendants from enforcing or in any way encumbering the Wexford Property.  The hearing on plaintiff's motion was set for October 29, 2007 before the Honorable Judge Robert L. Miller, Jr.

10.     At the hearing on plaintiff's motion for preliminary injunction, Judge Miller dismissed plaintiff's case on the basis that the Court lacked subject matter jurisdiction.

11.     On October 30, 2007, one day after the dismissal of plaintiff's Federal Action, plaintiff filed an action against the defendants in the Porter County Superior Court, Valparaiso, Indiana, under case no. 64D05-0710-PL-10161 (the "State Action").  Plaintiff's allegations in the State Action essentially mirror those of plaintiff's original Federal Action.

12.     On October 30, 2007, plaintiff also filed a motion for a preliminary injunction in the State Action which motion was set to be heard on November 14, 2007 at 9:30 a.m.

13.     On November 9, 2007, defendant the United States removed the State Action to this Court pursuant to 28 U.S.C. §§ 1442 and 1444.  As a result, plaintiff is unable to move forward with her preliminary injunction motion in the State Action.

14.     Plaintiff is entitled to a temporary restraining order against the defendants enjoining the defendants, and each of them, from enforcing or in any way encumbering the Wexford Property.  The sale of plaintiff's property is scheduled for November 15, 2007, and will not go through unless this Court orders the relief requested herein.

15.     Plaintiff respectfully submits an accompanying memorandum of law in support of her Motion for Temporary Restraining Order.

WHEREFORE, based on the foregoing Motion, the Affidavit of Judith K. Rogan, and the accompanying Memorandum of Law in Support, plaintiff Judith K. Rogan, individually and as the Trustee of the Judith K. Rogan Revocable Trust, prays that the Court enter a temporary restraining order enjoining the defendants from asserting any rights under the filed liens against the Wexford Property, ordering the liens expunged, and award to plaintiff of costs and fees and such other relief as the Court deems proper.

Respectfully submitted,
JUDITH K. ROGAN, Individually and as Trustee
of the Judith K. Rogan Revocable Trust,

/s/ Michael J. O'Rourke_____
By:  One of her attorneys

Michael J. O'Rourke
Joel L. Lipman
O'Rourke, Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
(312) 849-2020; Fax: (312) 849-2020

David Cerven
Smith & Debonis, LLC
9696 Gordon Drive
Highland, Indiana 46322
(219) 922-1000; Fax: (219) 922-1600

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

|  |  |  |
|---|---|---|
| JUDITH K. ROGAN, individually | ) | |
| and as Trustee of the | ) | |
| Judith K. Rogan Revocable Trust, | ) | |
| | ) | No. 2:07 CV 403PS |
| Plaintiff | ) | |
| | ) | Formerly case No. 64D05-0710-PL-10161, |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | Superior Court, Porter County, Indiana. |
| and DEXIA CREDIT LOCAL, f/k/a | ) | |
| DEXIA PUBLIC FINANCE and | ) | Honorable Judge Joseph Van Bokkelen |
| CREDIT BANK and CREDIT | ) | |
| LOCAL DE FRANCE | ) | |
| Defendants | ) | |

**AFFIDAVIT OF JUDITH K. ROGAN IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER**

Judith K. Rogan, being first duly sworn, deposes and states:

1.      Affiant is a resident of Valparaiso, Indiana in Porter County and has resided in Valparaiso since 1983.


2.      Affiant purchased the real property known as 476 Wexford Road, Valparaiso, Indiana 46385 in 1989 and placed in trust in which she is the sole beneficiary in 1994.  A true and correct copy of the deeds by which Affiant acquired title are attached and incorporated as Group Exhibit A.  Peter Rogan has no interest in the property or the trust that owns the property.


3.      Affiant has owned the Wexford property continuously since 1989.  Affiant has paid all mortgage and related property costs on the residence and has maintained the residence with her family since the property was acquired.

4.  On August 14, 2007, Affiant has contracted to sell the Wexford property to Mary and Allen O'Brien for the purchase price of $1,600,000.00.  A true and correct copy of the contract is attached and incorporated as Exhibit B.  The date of the closing has been set for November 15, 2007.

5.  Unbeknownst to Affiant, the United States filed liens against the Wexford property in July, 2007. These liens came to Affiant's attention through the title company which has advised Affiant that the sale cannot proceed until the liens are released. On information and belief, a copy of the liens is attached and incorporated as Exhibit C. Affiant also understands that a lien has been filed against the property by Dexia Credit Local. To Affiant's knowledge, a copy of the lien is attached as Exhibit D.

6. To Affiant's knowledge, the liens filed against the Wexford property arise out of two lawsuits involving Peter Rogan, Affiant's husband.  Affiant is not a party to either of the lawsuits and was not involved in any way with Peter Rogan's business dealings out of which the lawsuits arose, which Affiant understands involved the business of Edgewater Hospital in Chicago, which her husband at one time owned through one of his companies.

7.  The judgment liens holding up the sale of Affiant's property are causing substantial hardship to Affiant.  Affiant cannot perform on the contract with the O'Briens and will lose the benefit of the sale if the liens are not released or nullified to allow the sale to close.

Further Affiant Sayeth Not.

Judith K. Rogan

89-14700
Rev. 10/86

Use of this form constitutes practice of law and is limited to practicing lawyers.
Copyright, 1986, by Indianapolis Bar Association.

BOOK **400** PAGE **414**    Parcel No. _____

LAWYERS TITLE INSURANCE CORPORATION
20 INDIANA AVE., SUITE 9
VALPARAISO, INDIANA 46383

## WARRANTY DEED

THIS INDENTURE WITNESSETH, That __Edward S. Bell__

_____ (Grantor)

of __Porter__ County, in the State of __Indiana__, CONVEY _____

AND WARRANT _____ to __Judith K. Rogan__

_____ (Grantee)

of __Porter__ County, in the State of __Indiana__, for the sum

of __Ten__ _____ Dollars ($ 10.00 ) and other

valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the following

described real estate in __Porter__ County, State of Indiana:

Lots 656 and 657 in Shorewood Forest Section 18, as shown in Plat
File 16-F-1B, Porter County, Indiana.

SUBJECT TO:

1) Current real estate taxes.

2) Restrictive covenants appearing of record in Plat File
   16-F-1B and Miscellaneous Record 58, page 571.

3) Riparian rights, rights of abutting and other owners, and also
   any rights which the public may have in and to that portion
   of any lot falling within the waters of any lake.

4) Waiver and consent to annexation as set forth in Deed
   Record 327, page 563 and Deed Record 334, page 469.

Subject to any and all easements, agreements and restrictions of record. The address of such
real estate is commonly known as __474 Wexford, Valparaiso, IN  46383__

Tax bills should be sent to Grantee at such address unless otherwise indicated below.

IN WITNESS WHEREOF, Grantor has executed this deed this __18th__ day of
__September__, 19 __89__.

Grantor: _Edward S. Bell_ (SEAL)
Signature

Printed __Edward S. Bell__

Grantee: _____ (SEAL)
Signature

Printed _____

DULY ENTERED FOR TAXATION SUBJECT TO
FINAL ACCEPTANCE FOR TRANSFER.

SEP 19 1989

STATE OF  INDIANA
} SS:    ACKNOWLEDGEMENT
COUNTY OF PORTER

JKR 00349

Before me, a Notary Public in and for said County and State, personally appeared
Edward S. Bell
who acknowledged the execution of the foregoing Warranty Deed, and who, having been duly
sworn, stated that any representations therein contained are true.

Witness my hand and Notarial Seal this __18th__ day of __September__, 19 __89__.

My commission expires:    Signature _____
__November 6, 1990__    Printed __MARILYN J. BABCOCK__, Notary Public

Resident of __Porter__ County, Indiana.

This instrument prepared by __Barbara A. Young__, Attorney at Law,
HOEPPNER, WAGNER & EVANS, P.O. Box 2357, Valparaiso, IN  46384-2357
Return deed to _____

Send tax bills to __198 Amhurst Court - Valparaiso, IN  46383__

EXHIBIT
A

06/18/98  08:48  ☎219 465 3562        PORTER CO. GOVT.                                    ☑001



THIS FORM HAS BEEN APPROVED BY THE INDIANA STATE BAR ASSOCIATION FOR USE BY LAWYERS ONLY. THE SELECTION OF A FORM OF INSTRUMENT, FILLING IN BLANK SPACES, STRIKING OUT PROVISIONS AND INSERTION OF SPECIAL CLAUSES, CONSTITUTES THE PRACTICE OF LAW AND MAY ONLY BE DONE BY A LAWYER.

TAX KEY NO. **94-11645**

# QUIT-CLAIM DEED

MAIL TAX BILLS TO: BOX 447 PAGE 108

198 Amhurst Court
Valparaiso, Indiana 46383

This Indenture witnesseth that JUDITH K. ROGAN

of      Porter          County in the State of      Indiana

Releases and quit claims to      JUDITH K. ROGAN, Trustee under Trust dated
April 19, 1989

of      Porter          County in the State of      Indiana

for and in consideration of      Ten Dollars ($10.00) and other valuable consideration
the receipt whereof is hereby acknowledged, the following Real Estate in      Porter
in the State of Indiana, to-wit:

Lots 656 and 657 in Shorewood Forest Section 18, as shown in Plat
File 16-P-18, Porter County, Indiana.

APR 22 1994

State of Indiana,      Porter          County, ss:
Before me, the undersigned, a Notary Public in and for said County
and State, this  12  day of      April      19 94
personally appeared

JUDITH K. ROGAN

Dated this  12  Day of      April      19 94

                                                  JUDITH K. ROGAN

And acknowledged the execution of the foregoing deed. In witness
whereof, I have hereunto subscribed my name and affixed my of-
ficial seal. My commission expires

                Fred M. Cuppy

Resident of      Porter          County

This instrument prepared by      Fred M. Cuppy, 8585 Broadway, Suite 600,      Attorney at Law
                                 Merrillville, IN  46410

MAIL TO:

**JKR 00350**

08/14/2007  15:44    2197910707              KELLY LAW OFFICESTES                    PAGE  02

# PURCHASE AGREEMENT

The undersigned ("Buyers") hereby agree to purchase from Judith K Rogan, Trustee, ("Seller") the real estate and improvements thereon known as: 476 Wexford Road, Porter County, Indiana, legally described as:

Lots 657&656 in Section 18 Shorewood Forest , Porter County  Indiana

upon the following terms:

**Purchase Price:** _One Million Six Hundred Thousand Dollars ($1.600,000)

**Earnest Money Down Payment:** One Hundred Thousand Dollars ($100,000),
which earnest money is to be applied to Purchase Price at closing . The Earnest Money Deposit shall be with Ticor Title in Escrow until closing..Balance of Purchase Price shall be payable in accordance with Paragraph __A_below:

**A.**     **Cash and New Mortgage:**  Buyers shall pay Sellers the balance of the Purchase Price in cash, certified check, or official bank check upon delivery of warranty deed at closing, which includes proceeds of first mortgage loan to be obtained by Buyers secured by above real estate. Buyers shall obtain, at Buyers' expense, a(n) ( CONVENTIONAL) first mortgage loan in an amount not to exceed $400,000 of the Purchase Price, payable over no more than 30 years, and bearing annual interest at no more than 6.9%.  Upon notice by Sellers or Buyers, this agreement shall be rescinded and earnest money returned to Buyers if Buyers are unable to obtain, at Buyers' expense, a first mortgage loan under the terms set forth in this Paragraph A.  Buyers shall apply for financing within 5 days of Sellers' acceptance, shall diligently pursue the approval of the loan, and shall cooperate with Sellers and lending institutions to obtain the first mortgage loan.

**B.**     **Cash:** Buyers shall pay Sellers the balance of the Purchase Price in cash, certified check, or official bank check upon delivery of warranty deed at closing.

**C.**     **Personal Property and Fixtures:** The following items now on the premises shall be included in the sale (except as provided in Paragraph D), and shall be fully paid for by the Sellers and warranted free of claims or liens as of the closing date: all fixtures and built-in appliances now on the premises such as wall to wall carpeting, linoleum, floor tile, window screens and doors, storm sash, Venetian blinds, window shades, laundry tubs, hot water heater, central heating and air conditioning equipment, air cleaner, towel and closet racks and bars, awnings, door bells and chimes, attached light fixtures and bulbs, radiator covers, water and sump pumps and pressure tanks, landscaping and shrubbery, clothes poles, latices, television tower, rotor and antennas now installed or in use on the roof of said premises, automatic door opening equipment, attached fire and security alarm systems, and all articles which are so attached or built-in, the removal of which would leave the premises in incomplete or unfinished condition as to the exterior or interior decoration or external or internal appearance.  In addition, the following items shall be included in the sale:

_____

_____

**D.**     **Items Not Included:** Notwithstanding Paragraph C, the following items now on the premises shall not be included in the sale: No furniture nor other personal items of seller unless a separate written agreement is executed by seller and buyers

-1-

EXHIBIT
B

E.    **Insurance and Risk of Loss:** The Sellers' insurance shall be canceled as of the closing date. All risks of ownership and loss, whether by fire, vandalism, theft, casualty, or otherwise, shall belong to Sellers until closing.

F.    **Closing Date:** The closing date shall be on or before November 15th 2007,. Reasonable extension of time shall be allowed for correcting defects in title and/or Buyers' lender's ability to disburse funds.

G.    **Possession:** Seller agree to deliver possession of the premises at closing. . .

H.    **Buyers & Seller's Remedies:** Earnest money deposit shall be returned to Buyers within ten days after expiration of acceptance period if this offer is not accepted. If offer is accepted and Buyers, without legal cause, fail or refuse to complete the purchase, the Buyers shall forfeit their earnest money deposit, and the Seller may sue for damages and enforce specific performance, to which shall be added reasonable attorneys' fees in the collection thereof and 10% interest, without relief from valuation or appraisement laws. If Seller, without legal cause, fail or refuse to complete the sale, Buyers may reclaim their earnest money deposit, sue for damages, or enforce specific performance, to which shall be added reasonable attorneys' fees in the collection thereof and 10% interest, without relief from valuation or appraisement laws.

I.    **Title Evidence:** Seller shall, at her expense, furnish Buyers with title evidence in the form of a commitment for an owner's title insurance policy to insure Buyers a marketable title in the real estate in the amount of the Purchase Price and shall be paid by Seller. The commitment shall be current to a date after the date of Seller's acceptance of Buyers' offer to purchase and shall be furnished prior to the closing date. All expenses of obtaining a mortgagee's or lender's title insurance policy and all expenses of special endorsements to the owner's title insurance policy required by Buyers' lender shall be paid by Buyer. Seller shall make a reasonable effort to remove encumbrances and cure defects in title which make it unmarketable, but if such reasonable efforts fail, this agreement shall be deemed terminated with no further liability on either Seller or Buyers.

J.    **Taxes, Assessments, and Prorations:** Real property taxes (and personal property taxes if applicable) shall be prorated as of the date of closing. That is to say, Seller shall be charged with and pay taxes on the real estate and improvements (and personal property if applicable) covered by this offer that are payable in the current year and for that portion of taxes payable the following year calculated as of the date of closing, and Buyers shall pay all taxes subsequent thereto. Proration shall be on the basis of the current tax rate and assessed valuation as of the day of closing. Seller shall be charged with and shall pay all unpaid installments for public improvements that were installed prior to the date of Buyers' written offer; any other such assessments shall be Buyers' obligation. Rents, water and sewer charges and interest on assumed mortgage indebtedness, if any, shall be prorated as of the date of closing.

K.    **Independent Inspections:** Buyers are aware that independent inspections disclosing the condition of the premises are available, and have been afforded the opportunity to require such inspections as a condition of this agreement. Buyer shall have the inspection completed on or

before September 30, 2007 at their cost.  Notice shall be given to the Seller on or before October 10, 2007 that Buyer either waives any defect shown by the inspection or Buyers will notify Seller that they decline to close the transaction unless Seller corrects any defects as shown by the inspection. Buyer's shall furnish Seller a copy of the inspection report upon receipt of it in the event that they do not waive their right to cancel the transaction . Seller shall notify Buyers within 10days after receiving a copy of the inspection as to whether Seller agrees to correct any defects or Seller may notify Buyer's that Seller will not agree to correct some or all of any alleged defects. The Seller and Buyer's shall attempt to mutually agree on what the Seller will correct before closing and if they do not execute a written amendment to this agreement resolving the issue  within 10 days after Seller notifies Buyer's of Seller's position as to the issue of defects then this agreement shall be null and void and both Seller and Buyer's are released from any obligation imposed under this agreement.

**L.    Entire Agreement:** The terms of this written agreement constitute the entire agreement between the parties.  No verbal agreements shall bind the parties.  The heirs and personal representatives of the parties are hereby bound and no assignment of this executed agreement from one living person to another shall be permitted by Buyers or Seller without the prior written consent of the other.

**M.    Other Terms or Conditions:**
Seller will pay all closing costs except for buyer's attorney fees and any expenses associated with any mortgage being obtained by Buyer's .Any  home warranty  shall be at Buyer's expense.

**N.    Buyers' Acknowledgement:** By signing below, the Buyers certify that they have read, understand, and approve the terms of this Purchase Agreement and have retained a signed copy for their records.

Allen C O'Brien
BUYER'S SIGNATURE                    DATE/TIME  8-14-07

Mary O'Brien
PRINTED NAME

MAILING ADDRESS

219-464-3223
TELEPHONE NUMBER

22 Tower Road
Valparaiso. IN 46385

**Q.    Sellers' Acceptance:** As owner and seller of the real estate described herein, the undersigned Seller accept the foregoing offer and agree to fully comply with the terms set forth in this Purchase Agreement.

-3-

08/14/2007  15:44    2197910707                    KELLY LAW OFFICESTES                    PAGE  05

_Judith K Rogan_     8-14-07

SELLER'S SIGNATURE                              DATE/TIME

**Judith K Rogan, Trustee**
PRINTED NAME                                    PRINTED NAME

**476 Wexford Road, Valparaiso IN 46385**
MAILING ADDRESS                                 MAILING ADDRESS

**219 464 4094**
TELEPHONE NUMBER

C:\Documents and Settings\Laptop01\Local Settings\Temporary Internet Files\OLK135\Purchase Agreement (Sellers' - Residential).wpd

ﬁ_____  ﬁCOR TITLE

6623559    P.02

AMENDMENT
AND CORRECTION
TO THE ABSTRACT
OF JUDGMENT LIEN

2007-021418

STATE OF INDIANA
PORTER COUNTY
FILED FOR RECORD
07/12/2007  11:53AM
LINDA D. TRINKLER
RECORDER

REC FEE:   $14.00
PAGES:     2

This is an **CORRECTION** to the **ABSTRACT OF JUDGMENT LIEN** recorded by the United States on October 4, 2006 as document number 2006-030102. The following nominee, legal description and permanent index numbers should have been attached to the original abstract of judgment:

GRANTEE:  JUDITH K. ROGAN as nominee of PETER G. ROGAN, the judgment debtor in case number 02 C 3310 (N.D. Ill.)

## LEGAL DESCRIPTION

| | |
|---|---|
| PROPERTY ADDRESS: | 476 WEXFORD ROAD, VALPARAISO, IN 46385 - LOT 1 |
| PERMANENT INDEX NO.: | 03-000-96443 |
| PROPERTY TYPE: | VACANT |
| | |
| PROPERTY ADDRESS: | 476 WEXFORD ROAD, VALPARAISO, IN 46385 - LOT 2 |
| PERMANENT INDEX NO.: | 03-0000-96444 |
| PROPERTY TYPE: | RESIDENTIAL |

This notice was prepared and signed at Chicago, Illinois on July 11, 2007.

PATRICK J. FITZGERALD
United States Attorney

By: _[signature]_
MELISSA A. CHILDS
Assistant United States Attorney
(312) 353-5331

*PLEASE RETURN TO: U.S. ATTORNEY'S OFFICE, ATTN: FLU, 219 S. Dearborn-5th Fl, Chicago, Il. 60604*

EXHIBIT
C

TICOR TITLE

6623559    P.03

2006-030102

STATE OF INDIANA
PORTER COUNTY
FILED FOR RECORD
10/04/2006   04:07PM
LINDA D. TRINKLER
RECORDER

REC FEE:    612.00
PAGES:      1

**ABSTRACT OF
JUDGMENT**

NOTICE

Pursuant to Title 28, United States
Code, Section 3201, this judgment, upon the
filing of this abstract in the manner in which a
notice of tax lien would be filed under
paragraphs (1) and (2) of 26 U.S.C. §6323(f),
creates a lien on all real property of the
defendant(s) and has priority over all other
liens or encumbrances which are perfected
later in time. The lien created by this section
is effective, unless satisfied, for a period of 20
years and may be renewed by filing a notice of
renewal. If such notice of renewal is filed
before the expiration of the 20 year period to
prevent the expiration of the lien and the court approves the renewal, the lien shall relate back to the date the judgment is
filed.

| Names and Addresses of Parties Against Whom Judgments Have Been Obtained | Names of Parties in Whose Favor Judgments Have Been Obtained |
|---|---|
| Peter Rogan<br>476 Wexford Road<br>Valparaiso, IN 46385<br>DOB: 02/26/1946<br>SSN: xx-xx-2990 | United States of America |

| Amount of Judgment | Names of Creditors' Attorneys | When Docketed |
|---|---|---|
| $64,259,032.50<br>PLUS INTEREST | United States Attorney<br>219 South Dearborn St. - 5th Floor<br>Chicago, Illinois 60604<br>Attn: Financial Litigation Unit | September 29, 2006<br>02 C 3310 |

UNITED STATES OF AMERICA.         CLERK'S OFFICE          U.S. DISTRICT COURT FOR THE
                                                          NORTHERN DISTRICT OF ILLINOIS

I CERTIFY that the foregoing is a correct copy of the judgment entered or registered by this Court.

Dated at Chicago on OCT - 2 2006

MICHAEL W. DOBBINS                                  , Clerk.

By _____                 , Deputy Clerk.

TOTAL P.03

# UNITED STATES DISTRICT COURT
### EVERETT McKINLEY DIRKSEN BUILDING
### UNITED STATES COURT HOUSE
### CHICAGO, IL 60604

**MICHAEL W. DOBBINS**
**CLERK**

**OFFICE OF THE CLERK**

DEXIA CREDIT LOCAL f/k/a Dexia
Public Finance Bank and Credit
Local de France,,

        v.

PETER G. ROGAN et al.,

Case No.: 02c8288

:1:07mc4

## CERTIFICATION OF JUDGMENT
## FOR REGISTRATION IN
## ANOTHER DISTRICT

I, Michael W. Dobbins, Clerk of this United States District Court certify that
the attached judgment is a true and correct copy of the original judgment
entered in this action on 05/03/07, as it appears in the records of this court,
and that, no notice of appeal from this judgment has been filed, and any
motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate
Procedure has not been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on
June 14, 2007.

Michael W. Dobbins
Court Administrator

By: Nadine Finley
Deputy Clerk

CERTIFIED July 14, 2007
TRUE COPY
STEPHEN R. LUDWIG, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
DEPUTY CLERK

The motions listed in Rule 4(a) of the Federal Rules of Appellate Procedure are motions: for judgment notwithstanding the
verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of
time for filing a notice of appeal.

Judge BSR
32/3U

Rcpt # 297193

EXHIBIT
D

trans BSR
13/112



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEXIA CRÉDIT LOCAL, f/k/a Dexia Public Finance Bank and Crédit Local de France, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 02 C 8288 |
| PETER G. ROGAN et al. | ) ) | Judge Mark Filip |
| | ) ) | Mag. Judge Sidney I. Schenkier |
| Defendants. | ) ) | |

## ORDER ENTERING FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58

On April 11, 2007, the Court found defendants Peter Rogan ("Rogan"), Braddock Management LP ("Braddock"), Bainbridge Management, Inc. ("Bainbridge") and counter-claim plaintiffs Edgewater Property Company ("EPC") and PGR Properties, Inc. ("PGR") in default. Due notice having been given, the Court now grants Plaintiff Dexia Credit Local's Motion For Entry Of Default Judgment against defendants Rogan, Braddock, Bainbridge, and counter-claim plaintiffs EPC and PGR. In granting plaintiff's motion for default judgment, the Court hereby:

(i) Finds that Bainbridge and Braddock are Rogan's alter-egos, that the corporate veils of Bainbridge and Braddock are therefore pierced, and that Rogan is therefore liable for any judgment entered against Bainbridge or Braddock;

(ii) Enters judgment in favor of plaintiff and against defendants Rogan, Braddock and Bainbridge as follows: (i) actual damages of **$53,082,978.03**; (b) pre-judgment interest of **$18,103,779.99**; (c) punitive damages of **$53,082,978.03**; and (d) costs in the amount of **$10,976.74**. The Court also awards plaintiff post-judgment interest in an amount to be determined once the judgment is satisfied; and

(iii) Dismisses with prejudice the counterclaim of EPC and PGR.

Dated: May _03_, 2007

_____
Honorable Mark Filip

GRANTEE:    JUDITH K. ROGAN as nominee, alter ego, and/or constructive trustee of PETER
            G. ROGAN, the judgment debtor in case number 1:07MC4 (N.D. Ind.).

**Legal Description**

Property Address:        476 Wexford Road, Valparaiso, IN 46385 – Lot 1
Permanent Index No.:     03-000-96443
Property Type:           Vacant

Property Address:        476 Wexford Road, Valparaiso, IN 46385 – Lot 2
Permanent Index No.:     03-000-96444
Property Type:           Residential