UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JUDITH K. ROGAN, individually <br> and as Trustee of the <br> Judith K. Rogan Revocable Trust, <br><br> Plaintiff <br><br> v. <br><br> UNITED STATES OF AMERICA <br> and DEXIA CREDIT LOCAL, f/k/a <br> DEXIA PUBLIC FINANCE and <br> CREDIT BANK and CREDIT <br> LOCAL DE FRANCE <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br> No. 2:07 CV 403PS <br><br><br> Formerly case No. 64D05-0710-PL-10161, <br> Superior Court, Porter County, Indiana. <br><br><br> Honorable Judge Joseph Van Bokkelen |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A
<u>TEMPORARY RESTRAINING ORDER</u>**

Plaintiff Judith K. Rogan, individually and as Trustee of the Judith K. Rogan Revocable Trust, by counsel, respectfully submits this memorandum in support of her Motion for a Temporary Restraining Order. Plaintiff urges the Court to enter the appropriate orders to enjoin the unlawful filing of judgment liens by the defendants against plaintiff's property which liens arise from a case in which plaintiff was not a party. Plaintiff requests that the Court reject the harassing actions of defendants in clear derogation of her rights and enable the closing on the sale of the Wexford Property, scheduled for November 15, 2007, to proceed on schedule.

**<u>I. Introductory Statement</u>**

The defendants have no judgments against the plaintiff and thus no right to file judgment liens against her property, clear and simple. Accordingly, plaintiff's right to injunctive relief regarding her real property is unassailable. The Court should consider, *inter alia*, the following

facts as attested to by Ms. Rogan in her affidavit, attached as Exhibit A to Plaintiff's Motion for Temporary Restraining Order:

(1) plaintiff bought the property in 1989 (Affidavit of Judith Rogan, ¶ 2), many years before the conduct at issue in the Peter Rogan litigation with defendants was alleged to have been perpetrated;

(2) plaintiff or her trust has been in title to the property ever since that time (Id. at ¶ 3);

(3) plaintiff has been paying maintenance and taxes on the Wexford Property since the beginning of ownership (Id.);

(4) plaintiff is not the subject of any judgment held by the defendants (Id. at ¶ 6); and

(5) Judith Rogan had no involvement nor was she a party in either of defendants' cases against her husband (Id.).

Given the foregoing facts, plaintiff's right to injunctive relief regarding her real property is unassailable.

**II.  Legal Standard for Issuance of Temporary Restraining Order**

"The standards governing temporary restraining orders and preliminary injunctions are identical." Lewis v. Silverman, 2005 U.S. Dist. LEXIS 20347 at *5 (N.D. Ind. 2005)(citations omitted). To warrant a temporary restraining order, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) plaintiff will suffer irreparable harm if the temporary restraining order is not granted. Incredible Technologies, Inc. v. Virtual Technologies, Inc., 400 F.3d 1007, 1011 (7th Cir. 2005). "If these requirements are met, the court must then balance the degree of irreparable harm to the plaintiff against the harm that the defendant will suffer if the injunction is granted." Id. The balancing of harms, "involves a sliding

scale analysis: the greater the plaintiffs' chances of success on the merits, the less strong a showing they must make that the balance of harm is in their favor." Lewis, 2005 U.S. Dist. LEXIS 20347 at *6 (citations omitted).

Plaintiff respectfully submits to this Court that her Motion for a Temporary Restraining Order should be granted as plaintiff has established all of the necessary elements for such relief.

### A.   Likelihood of Success on the Merits

There is no question that the plaintiff holds an inalienable right to enjoy and use her property as she sees fit free from unlawful restraint. Sanders v. Rosa, 207 Ind. 90 (1934). The facts of this case will show that Judith Rogan acquired title to the Wexford Property in her own name in 1989. The property was placed in trust in 1994. She has remained in ownership without interruption for the entire period and has made all mortgage payments and paid for all taxes and insurance on the property. Ms. Rogan has no debts to either the United States or Dexia Credit Local and neither party holds a judgment of any kind against her.

Nor is there any serious question that plaintiff is not liable for her husband's judgments. Judy Rogan had no involvement with Edgewater Hospital, wherein her husband's problems with the defendants arose. She was not an employee or agent of the hospital, nor of any of the related businesses of her husband. She is, in all respects, an individual distinct and separate from the facts surrounding defendants' judgments against her husband. Accordingly, defendants' audacity in filing liens on her property without due process is particularly repugnant. Defendants' acts smack of pre-judgment attachment without judicial intervention. Defendants' lien filings are sanctionable and have no basis in law.

For example, in collecting on its judgment against Peter Rogan, the United States must comply with the mandates of the Federal Debt Collection Procedures Act (the "FDCPA"), 28 U.S.C. § 3001 *et seq*. The FDCPA provides the "…exclusive procedure for the United States…" to collect on its money judgment against Peter Rogan (28 U.S.C. § 3001), and further preempts all state law that is inconsistent with its provisions (28 U.S.C. § 3003).

**It is undisputed that the United States possesses no judgment or other court order holding that the Wexford Property is legally the property of Peter Rogan and is subject to the claims of his creditors**. The United States purported to file its lien against the Wexford Property pursuant § 3201(a) of the FDCPA (See the United States' purported lien, attached as Exhibit C to the Affidavit of Judith K. Rogan, which affidavit is Exhibit A to Plaintiff's Motion for Temporary Restraining Order). This Section provides that the United States may file a lien against the real property "…of a judgment debtor…" Despite the requirement that the lien be filed against a "judgment debtor," the United States filed the subject lien against the Wexford Property—property held by the Judith K. Rogan Revocable Trust—in clear violation of the FDCPA § 3201(a). The United States, therefore, has little chance of success on the merits in regards to the validity of the lien it has placed on the Wexford Property.[1]

Likewise, **is undisputed that Dexia possesses no judgment or other court order holding that the Wexford Property is legally the property of Peter Rogan and is subject to the claims of his creditors**. As such, Dexia has also failed to follow applicable law in attaching Ms. Rogan's property pre-adjudication. Dexia has made no allegation in any filing with the Northern District of

---

[1] Moreover, the United States has failed to make (or even attempt to make) any of the required showings mandated by FDCPA §§ 3101-3105 ("Prejudgment Remedies"). To the extent that the United States claims it has an interest in the Wexford Property, it should have either obtained an adjudication of that claim against Ms. Rogan or moved for pre-judgment attachment, making all of the appropriate evidentiary showings required by FDCPA §§ 3101-3105.

Illinois that plaintiff is a nominee holder of assets belonging to Peter Rogan or that plaintiff is a fraudulent transferee of assets belonging to Peter Rogan. As a non-judgment holder to plaintiff, defendant Dexia had no legal right to assert a lien against the Wexford Property. Accordingly, Dexia also has little chance of success on the merits in establishing the validity of its lien.

### B. Irreparable Harm for which there is No Adequate Remedy at Law

What we have in this case is the plaintiff being deprived of her right to sell her real property without legal basis. Plaintiff seeks to carry through on performance of her real estate contract with her buyers. It is axiomatic that legal issues involving the performance of contracts to sell real property are standard subjects for the entry of injunctive relief as there is presumed to be no adequate remedy at law. Okaw Drainage District of Champaign and Douglas County v. National Distillers and Chemical Corporation, 882 F. 2d 1241, 1248 (7th Cir. 1989). Here, plaintiff is stymied in the sale of the Wexford Property by two fraudulent judgment liens. The irreparable harm in tying up her property and incapacitating her ability to perform her sales contract is self-evident. Plaintiff has satisfied this prong of the 4-part test.

### C. Balance of Hardships

This final balancing factor also weighs heavily in favor of the plaintiff. This balancing test involves weighing the harm the non-moving party will suffer if the injunction is granted balanced against the harm the moving party will suffer if the injunction is denied, as well as the interests of non-parties. Abbott Laboratories v. Mead Johnson & Co., 971 f. 2d 6,11-12 (7th Cir. 1992). The interests here of the plaintiff are obvious, as is the interests of the public in the free marketability of real estate. The public also benefits from the avoidance of invalid clouds on title. Discouraging

the practice followed by these defendants in gratuitously filing judgment liens on non-judgment debtor property hardly needs the benefit of lengthy legal citation.

Defendants would argue that they are entitled to pursue collection of their judgments. This is true, but only against the judgment debtor, Peter Rogan. And if the defendants really believe they have a claim to the Wexford Property, they should pursue it legally and properly. Establish your right before you enforce your right is a lesson both defendants could well use some schooling in, and plaintiff urges the Court to react firmly and quickly in striking down defendants' wrongful acts without delay.

**D.    Bond**

While the entry of an injunction under F.R.C.P.65(c) normally requires bond, one can be waived where there is a strong likelihood of success on the merits. Scherr v. Volpe, 466 F.2d 1027, 1035 (7th Cir. 1972). Given Ms. Rogan's strong likelihood of success on the merits and the fact that defendants have no recognizable right to attach Ms. Rogan's property pre-judgment, plaintiff requests that this Court waive a bond.

**III. Conclusion**

For all of the foregoing reasons, Plaintiff requests that this Court enter a temporary restraining order enjoining defendants from asserting or enforcing their liens on the Wexford Property to allow the sale of the property to Mary and Allen O'Brien, scheduled for November 15, 2007, to proceed. Plaintiff further requests that the Court order all other relief it deems appropriate in the premises.

[signature page follows]

JUDITH K. ROGAN, Individually and as Trustee of the Judith K. Rogan Revocable Trust,


/s/ Michael J. O'Rourke
By: One of her attorneys


Michael J. O'Rourke
Joel L. Lipman
O'Rourke, Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
(312) 849-2020
Fax: (312) 849-2020


David Cerven
Smith & Debonis, LLC
9696 Gordon Drive
Highland, Indiana 46322
(219) 922-1000
Fax: (219) 922-1600