UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JUDITH K. ROGAN, individually and as Trustee of the Judith K. Rogan Revocable Trust, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 2:07 CV 403PS |
| UNITED STATES OF AMERICA and DEXIA CREDIT LOCAL, f/k/a DEXIA PUBLIC FINANCE and CREDIT BANK and CREDIT LOCAL DE FRANCE | ) ) ) ) ) ) | Formerly case No. 64D05-0710-PL-10161, Superior Court, Porter County, Indiana. |
| Defendants. | ) ) | Honorable Judge Joseph Van Bokkelen |

**MOTION FOR RULE TO SHOW CAUSE AND FOR SANCTIONS
FOR VIOLATION OF COURT ORDER OF NOVEMBER 15, 2007**

Plaintiff, Judith K. Rogan, individually and as Trustee of the Judith K. Rogan Revocable Trust, by and through her attorneys, hereby moves this Court to enter a rule to show cause and sanctions against defendants United States of America and Dexia Credit Local f/k/a Dexia Public Finance (collectively, the "defendants") for their refusal to abide by this Court's order of November 15, 2007, and in support thereof, states as follows:

1.      On November 14, 2007, plaintiff moved this Court for the entry of a temporary restraining order to enjoin the unlawful judgment liens filed by defendants against plaintiff's real property located at 476 Wexford Road, Valparaiso, Indiana (the "Wexford Property"), and allow the sale of said property to proceed free and clear of the liens or interest of the defendants.

2.      That same day, this Court set a hearing on plaintiff's Motion for Temporary Restraining Order for November 15, 2007 at 10:00 a.m.

3.     At the November 15, 2007 hearing on plaintiff's TRO motion, the parties agreed to escrow the proceeds from the sale of the Wexford Property so that the sale could proceed as quickly as possible.  Plaintiff further agreed to withdraw its motion for a temporary restraining order in favor of an escrow of proceeds.

4.     On November 15, 2007, this Court entered an Order consistent with the parties' agreement.  A true and accurate copy of the Order entered by this Court is attached hereto as Exhibit A (the "November 15 Order").  The November 15 Order contemplated, *inter alia*, that "**[t]he closing of the anticipated sale shall proceed as soon as possible.**" (emphasis added).

5.     On or about November 16, 2007 at approximately 4:30 in the afternoon, plaintiff's attorney in the closing, Paula E. Neff, contacted counsel for the defendants in order to attend to issues related to the Escrow Agreement referenced in the Court's November 15 Order. A copy of the email sent to defendants' counsel is attached hereto as Exhibit B.

6.     Defendants' counsel have refused to work with Ms. Neff in facilitating the closing of the Wexford Property.  (See Defendants' email responses to the Neff email, attached hereto as Exhibit C).  Despite the fact that Ms. Neff's participation in the closing has been known by the defendants for months, defendants are objecting to plaintiff's choice of counsel for the first time subsequent to the November 15 Order of this Court. Moreover, defendants' objections are frivolous and made in bad faith—the matter at issue is a simple Escrow Agreement, a draft of which is attached as Exhibit D.  Defendants have no grounds to further obstruct and delay the closing.

7.     Defendants' refusal to cooperate in negotiations regarding the Escrow Agreement and refusal to deal with Ms. Rogan's lawyer in the sale are blatant violations of the November 15 Order and an inexcusable course of conduct on the defendants' part.

8.    Given the defendants' refusal to abide by the November 15 Order, plaintiff hereby requests that the Court enter an order directing the sale of the Wexford Property to proceed immediately, with defendants' purported liens enjoined and with no escrow of proceeds. Plaintiff further requests that this Court sanction the defendants' for their contempt of this Court and award plaintiff her attorneys' fees and other costs associated with bringing this Motion.

WHEREFORE, plaintiff Judith K. Rogan, individually and as the Trustee of the Judith K. Rogan Revocable Trust, prays that the Court enter an order:

(i)    granting plaintiff's Motion for Rule to Show Cause and for Sanctions for the defendants' wilful refusal to abide by the Court's November 15, 2007 Order;

(ii)    ordering defendants to respond as to why they should not be held in contempt for said violation of the Court's November 15, 2007 Order;

(iii)    enjoining the defendants from asserting any rights or interests under the purported liens filed against the Wexford Property;

(iv)    ordering the sale of the Wexford Property to proceed *instanter* and in the absence of any escrow of proceeds of the sale;

(v)    awarding plaintiff her costs and fees associated with bringing this Motion; and

(vi)    awarding plaintiff such other relief as the Court deems proper.

Respectfully submitted,
JUDITH K. ROGAN, Individually and as Trustee
of the Judith K. Rogan Revocable Trust,

/s/ Michael J. O'Rourke
By:  One of her attorneys

Michael J. O'Rourke
Joel L. Lipman
O'Rourke, Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
(312) 849-2020; Fax: (312) 849-2020

David Cerven
Smith & Debonis, LLC
9696 Gordon Drive
Highland, Indiana 46322
(219) 922-1000; Fax: (219) 922-1600

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JUDITH K. ROGAN, individually | ) | |
| and as Trustee of the Judith K. Rogan | ) | |
| Revocable Trust, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Number: 2:07-CV-403 JVB |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| AND DEXIA CREDIT LOCAL, f/k/a | ) | |
| DEXIA PUBLIC FINANCE and CREDIT | ) | |
| BANK and CREDIT LOCAL DE FRANCE | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the Court on the motion of the plaintiff, Judith K. Rogan,

individually and as Trustee of the Judith K. Rogan Revocable Trust.  Before presentation of

evidence or argument the parties have informed the Court that an agreement has been reached as

to the issues relating to the closing of the sale of real property located at 476 Wexford Court

Valparaiso, Indiana.  The agreement of the parties is as follows:

The closing of the anticipated sale shall proceed as soon as possible. The net sale

proceeds after payment of the first mortgage, tax proration and closing costs shall be deposited in

an interest bearing account at a bank or financial institution to be selected by the plaintiff, and is

to be held in escrow pending further order of the Court.

Counsel for defendants, namely Special Assistant United States Attorney Linda

Wawzenski for the United States and Sidley Austin for Dexia Credit Local shall cooperate with

the title company to permit the title company to insure over liens which are subject of this action

so as to permit title to be passed to the proposed buyers free and clear of the liens or interest of

defendants with the claims of defendants attaching to the escrow sale proceeds subject to further

order of the Court.

Based on the forgoing agreement, the motion of the plaintiff for temporary restraining

order is withdrawn.

SO ORDERED on November 15, 2007.


 s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge



Approved as to form:


/s/ Linda A Wawzenski
Linda A. Wawzenski, SUSA
UNITED STATES OF AMERICA


/s/ Scott Mendeloff
Scott Mendeloff
SIDLEY AUSTIN, LLP


/s/ Michael J. O'Rourke
Michael J. O'Rourke
O'ROURKE, KATTEN & MOODY

**From:** Paula E. Neff [mailto:neff@bcclegal.com]
**Sent:** Friday, November 16, 2007 4:30 PM
**To:** Michael J O'Rourke; Linda A Wawzenski; Pruitt, Eric; Mendeloff, Scott
**Subject:** Closing on Judith K. Rogan , Trustee, Real Estate at 476 Wexford Court, Valparaiso, Indiana ----
Escrow Agreement Pursuant to USDC Order Nov. 15, 2007 Civ. No. 2:07-CV-403 JVB

Counsel:

You are a designated recipient of this email based upon Judge Van Bokkelen's Order, paragraph 3
thereof.

We are working to close the sale of the above captioned property pursuant to the Court Order
referenced above.

On Monday morning, if not sooner, I will provide to you  a copy of the Escrow Agreement
prepared pursuant to Judge Van Bokkelen's November 15, 2007 Order, and to enlist your
cooperation "to permit the title company to insure over liens which are subject of this action so as
to permit title to be passed to the proposed buyers free and clear of the liens or interest of
defendants with the claims of defendants attaching to the escrow sale proceeds, subject to further
order of the Court."

Time is of the essence, and you are requested to give your written approval to the proposed form
of Escrow Agreement, or your comments to same, no later than 2:00 p.m. Central Standard Time
on Monday, November 19, 2007, in order that we may close on the sale on Tuesday of next week.

In anticipation of your cooperation, thank you.


Paula E. Neff
BURKE COSTANZA & CUPPY LLP
9191 Broadway
Merrillville, IN  46410
Telephone:  219 769-1313
Facsimile:    219 769-6806
neff@bcclegal.com
www.bcclegal.com

The information contained in this email communication is privileged and confidential information, intended only for the use of the
addressee named above.  If the reader of this communication is not the intended recipient, or the person responsible to deliver it to
the intended person, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If
you receive this communication in error, please immediately notify the sender by telephone and return the original form of
communication to the sender at the above listed address via  the U.S. Postal Service, and destroy all copies of the material in its
entirety, whether in electronic or hard copy format.  Thank you.

**From:** Mendeloff, Scott [mailto:smendeloff@sidley.com]
**Sent:** Friday, November 16, 2007 4:43 PM
**To:** Michael J O'Rourke; Wawzenski, Linda (USAILN); Pruitt, Eric; Stewart, Joseph (USAILN)
**Cc:** Paula E. Neff
**Subject:** RE: Closing on Judith K. Rogan , Trustee, Real Estate at 476 Wexford Court, Valparaiso, Indiana ----
Escrow Agreement Pursuant to USDC Order Nov. 15, 2007 Civ. No. 2:07-CV-403 JVB

Mike:

We will not agree to even consider any agreement drafted by the Cuppy firm, nor will we negotiate with them over this.  Please understand that we are not trying to be difficult or petty.  But Mr. Cuppy is a defendant in a very significant action we've brought on behalf of the bankruptcy estate, and his firm is thus conflicted.  Furthermore, Mr. Cuppy himself has also a material player in the manipulation of Mr. Rogan's funds to defeat his creditors.  We, of course, have no problem working with you, your firm, or any other lawyer or firm of the Rogans' choosing that is not materially involved in our actions against the Rogans.

Scott Mendeloff

**From:** Stewart, Joseph (USAILN) [mailto:Joseph.Stewart@usdoj.gov]
**Sent:** Friday, November 16, 2007 5:07 PM
**To:** Wawzenski, Linda (USAILN); neff@bcclegal.com
**Cc:** morourke@okmlaw.com; Pruitt, Eric; Mendeloff, Scott; Aizenberg, Gabriel
**Subject:** RE: Closing on Judith K. Rogan , Trustee, Real Estate at 476 Wexford Court, Valparaiso, Indiana
---- Escrow Agreement Pursuant to USDC Order Nov. 15, 2007 Civ. No. 2:07-CV-403 JVB

Dear Ms. Neff:

We have not met but I am the assistant U.S. Attorney's that has been assigned to help prepare an escrow agreement. Please include me on any future e-mail or correspondence concerning this topic.

There are significant details of an escrow agreement that need to be decided before we proceed to drafting and before a draft is circulated. Agreeing on the basic details needs to be our first step.

Phil Ignarsky of Ticor Title tells me that as of a few minutes ago no closing has been scheduled, and I also know from the bank financing this transaction that they need three days to obtain payoffs, etc, before they can close, and as of yesterday had no notice of a closing date. Consequently, your efforts to expedite this do not seem realistic. Moreover, the fact that the basic terms of the escrow have not even been discussed when more than 36 hours have passed since the judge's order has been entered (not to mention we are now minutes away from the weekend) make me doubt even more how realistic is a Tuesday closing. Furthermore, your representation of Judith Rogan (I think?) has been undisclosed until a few minutes ago when your e-mail arrived, so in your next written communication please set out with some assurance your bona fide representation of the seller, or whoever.

Once I have your written assurances, please call me so the escrow agreement's basic provisions can be discussed and agreed upon and we will try to work with you to expedite this matter.

**Joe Stewart**
**(312) 469-6008**

From: Stewart, Joseph (USAILN) <Joseph.Stewart@usdoj.gov>
To: Mendeloff, Scott <smendeloff@sidley.com>; Michael J O'Rourke <morourke@okmlaw.com>;
Wawzenski, Linda (USAILN) <Linda.Wawzenski@usdoj.gov>; Pruitt, Eric <EPruitt@Sidley.com>
Cc: Paula E. Neff <neff@bcclegal.com>
Sent: Fri, 16 Nov 2007 5:26 pm
Subject: RE: Closing on Judith K. Rogan , Trustee, Real Estate at 476 Wexford Court, Valparaiso,
Indiana ---- Escrow Agreement Pursuant to USDC Order Nov. 15, 2007 Civ. No. 2:07-CV-403 JVB

Paula:

I did not realize you work with Fred Cuppy.  We will have to reconsider this matter entirely.

Mike, can you weigh in on this?


**Joe Stewart**
**(312) 469-6008**

11/19/2007

# Re: Closing on Judith K. Rogan , Trustee, Real Estate at 476 Wexford Court, Valparaiso, Indiana ---- Escrow Agreement Pursuant to USDC Order Nov. 15, 2007 Civ. No. 2:07-CV-403 JVB

9 messages

**Michael J. O'Rourke <orourkemm@aol.com>**                    **Fri, Nov 16, 2007 at 6:46 PM**
To: smendeloff@sidley.com, Joseph.Stewart@usdoj.gov, Linda.Wawzenski@usdoj.gov, neff@bcclegal.com
Cc: morourke@okmlaw.com, EPruitt@sidley.com, gaizenberg@sidley.com, lipman.joel@gmail.com, jdiller@okmlaw.com

Counsel-I have been in Decatur on another case and just read my e-mails. Ms. Neff has always represented Judith Rogan on this transaction. Her involvement is obvious from the title report. You have absolutely no basis to refuse to cooperate as ordered by the court in the closing of this sale because you object to Mrs. Rogan's counsel. Her choice of counsel is frankly none of your business. Please advise me no later than Monday that you will comply with the court's order or we will move for contempt and sanctions.

Michael J. O'Rourke
O'Rourke Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
(312) 849-2020
Fax: (312) 849-2021


-----Original Message-----
From: Mendeloff, Scott <smendeloff@sidley.com>
To: Stewart, Joseph (USAILN) <Joseph.Stewart@usdoj.gov>; Wawzenski, Linda (USAILN) <Linda.Wawzenski@usdoj.gov>; neff@bcclegal.com
Cc: morourke@okmlaw.com; Pruitt, Eric <EPruitt@Sidley.com>; Aizenberg, Gabriel <gaizenberg@sidley.com>
Sent: Fri, 16 Nov 2007 5:12 pm
Subject: RE: Closing on Judith K. Rogan , Trustee, Real Estate at 476 Wexford Court, Valparaiso, Indiana ---- Escrow Agreement Pursuant to USDC Order Nov. 15, 2007 Civ. No. 2:07-CV-403 JVB

We cannot. Mr. Rogan will have to obtain substitute counsel.

**Stewart, Joseph (USAILN) <Joseph.Stewart@usdoj.gov>**          Fri, Nov 16, 2007 at 7:18 PM
To: "Michael J. O'Rourke" <orourkemm@aol.com>, smendeloff@sidley.com, "Wawzenski, Linda (USAILN)"
<Linda.Wawzenski@usdoj.gov>, neff@bcclegal.com
Cc: morourke@okmlaw.com, EPruitt@sidley.com, gaizenberg@sidley.com, lipman.joel@gmail.com,
jdiller@okmlaw.com

Michael:


I have not seen any title report so Ms. Neff's involvement was news to me.  You are correct that all
things being equal Ms Rogan's choice of counsel is none of anyone's business.  But as I told Ms.

Neff on the telephone, we, as her adversary, have an ethical obligation to question whether she
and her firm have such significant conflicts so as to undermine her and her firm's ability to
zealously represent Judy Rogan.


In this case, Fred Cuppy has served for years as a legal and financial advisor to both Judy and
Peter.  That advice, which the Rogan's have presumably followed, have arguably exposed the
Rogans to significant legal liability.  Cuppy is himself a party to two supplemental proceedings that
are investigating the disposition of millions of dollars of Peter Rogan's assets.  He is presently both
a witness and a potentially liable party to the United States and to Dexia Credit as a result of his
agency, fiduciary and business relationships to the Rogans.   Can he act as a neutral counselor
and advocate to the Rogan's given the potential liability he is now facing?


Michael, these are serious questions that cannot be swept under the rug with phrases like its "none
of your business."  You must first appreciate the significant conflict of interest questions Mr. Cuppy
and his firm faces in this matter.  Illinois Supreme Court Rule 1.7 states that a lawyer shall not
represent a client If the representation "may be materially limited by . . . the lawyer's own
interests."   Rule 3.7 says that a lawyer shall not  continue to represent a client if he reasonably
should know he will become a witness on behalf of the client.


Have you seriously considered the possible incapacity of Mr. Cuppy in this matter and consulted
with your client about it?  We have an ethical obligation to ask these question and get serious,
thoughtful responses.  We hope and trust you will respond accordingly.


Sincerely,


/s JAS


*Joseph A. Stewart*

*Assistant United States Attorney*

*219 S. Dearborn Street, 5th Floor*

*Chicago, Illinois  60602*

*(312) 469-6008*

*(312) 886-3501 (fx)*

# ESCROW AGREEMENT

## PURSUANT TO
## COURT ORDERED ESCROW

**Re:**   **Closing of Sale of Real Estate: 476 Wexford Road, Valparaiso, Indiana**
Seller: Judith K. Rogan, as Trustee, Judith K. Rogan Revocable Trust
Buyer: Allen C. O'Brien and Mary O'Brien

The net proceeds from the Closing of the sale of real estate captioned above ("the Sale" or the "Closing", as the case may be), that is, sale proceeds, less payment of the first mortgage, tax proration and closing costs, ("Net Proceeds") shall be deposited by Ticor Title Insurance Company, as Escrow Agent, into an interest earning account at a bank or financial institution to be selected by Judith K. Rogan, individually, and as Trustee of the Judith K. Rogan Revocable Trust ("the Account"), in accordance with the Order of the United States District Court, Northern District of Indiana, Hammond Division, Hammond, Indiana, Civil Number: 2:07-CV-403 JVB ("the Cause") entered on November 15, 2007 ("the Order"),a copy of which is attached hereto and marked Exhibit A ("the Escrow Money").

After deposit of the Escrow Money into the Account, the Escrow Money shall be released only upon written order of the Court in this Cause for release of same, and shall be payable to the person, persons, entity or entities as directed by the Court.

Escrow Agent is expressly authorized to disregard any and all notices or warnings given by any of the parties to this Sale, or by any other person, or entity, or party to, or having an interest in, the Cause. Escrow Agent is expressly authorized to regard and to comply with and obey any and all orders, judgments or decrees entered or issued by the Court in the Cause. If Escrow Agent obeys and complies with any order, judgment or decree of the Court in the Cause, it shall not be liable to any of the parties to this Sale, or to any parties in the Cause, or to any other person, firm or entity by reason of such compliance, notwithstanding that any such order, judgment or decree be entered or subsequently reversed, modified, annulled, set aside or vacated.

In case of any suit or proceeding pertaining in any way to this Escrow Agreement, to which Escrow Agent is, or may at any time be, a party, or involved, Escrow Agent shall have a lien upon the Escrow Money for reasonable costs and attorney's fees incurred, whether such attorneys were regularly retained or specially employed by the Escrow Agent.

In no case shall the above defined Escrow Money be surrendered except upon a written Order
{File: 00069002.DOC}

of the Court in the Cause.

**Seller**:                                                                                    Dated: _____
_____
**Judith K. Rogan, individually and as Trustee of the Judith K. Rogan Revocable Trust**
By her Attorney-in-Fact, Paula E. Neff.

 206 Scarborough Court, Valpraiso, Indiana 46385
_____
(Judith K. Rogan, individually and as Trustee of the Judith K. Rogan Revocable Trust

9191 Broadway, Merrillville, Indiana, 46410
_____
(Paula E. Neff, Attorney-in-Fact)


**United States of America**:

                                                                                    Dated: _____
_____
By:
_____
Address:


**Dexia Public Credit Local, f/k/a, Dexia Public Finance and Credit Bank and Credit Local De France**:

                                                                                    Dated: _____
_____
By:
_____
Address:


**Accepted**:
Ticor Title Insurance Company
Escrow Agent

                                                                                    Dated: _____
_____
By:
_____
Address:


{File: 00069002.DOC}
File: 00069001.WPD                          Page 2 of 2