UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JUDITH K. ROGAN, INDIVIDUALLY AND AS TRUSTEE OF THE JUDITH K ROGAN REVOCABLE TRUST, <br><br>        Plaintiff, <br><br>    v. <br><br>UNITED STATES OF AMERICA AND DEXIA CREDIT LOCAL F/K/A DEXIA PUBLIC FINANCE AND CREDIT BANK AND CREDIT LOCAL DE FRANCE, <br><br>        Defendants. | No. 2:07-CV-403 <br><br>Judge Joseph S Van Bokkelen <br><br>Magistrate Judge Paul R Cherry |

### DEXIA CREDIT LOCAL'S MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD AND FOR A TEMPORARY STAY OF DISCOVERY

Defendant Dexia Credit Local ("Dexia") hereby moves this honorable Court for: (a) an extension of time to answer or otherwise plead to and including February 11, 2008; and (b) a temporary stay of discovery pending resolution of the Dexia's motion for transfer of venue. In support of its motion, Dexia states as follows:

1.      <u>Background</u>.  Since early 2002, defendants Dexia and the United States, along with Edgewater Medical Center ("EMC"), have pursued a series of fraud cases in the Northern District of Illinois ("NDIL") against Peter G. Rogan ("Peter Rogan"), and his wholly-owned or controlled companies.  Peter Rogan is the husband of Plaintiff.  These cases have

1

resulted in judgments for literally tens of millions of dollars against Peter Rogan and his wholly-owned and controlled companies.[1]

        2.        <u>Health Care Fraud Cases</u>.  In *United States v. Rogan*, 02 C 8288 (*US v. Rogan*), *Dexia Crédit Local v. Rogan*, 02 C 8288 (*Dexia v. Rogan*), and *Edgewater Medical Center v. Braddock Management Co., et al.,* 04 A 2327 (*EMC v. Braddock*), three separate courts in NDIL have entered judgments against Peter Rogan and/or his hospital management companies, for a massive healthcare fraud scheme that Mr. Rogan perpetrated against Chicago-based hospital, EMC, its primary secured lender, Dexia, and the government through his role as *defacto* and *dejure* CEO of EMC from 1994-2001.

        3.        Shortly after the United States obtained its judgment against Peter Rogan in September 2006, he fled to Vancouver, Canada, and fired his lawyers in the cases brought by the United State, Dexia, and EMC.  In the ensuing year, Mr. Rogan has refused to accept service of documents at either the Vancouver or Valparaiso address.

        4.        <u>Option Contract Fraud Case</u>.  Wholly separate and unrelated to the foregoing health care fraud cases, EMC (Dexia) also sued Peter Rogan's wholly-owned and 100% controlled real estate company, Edgewater Property Company ("EPC"), for, *inter alia*, fraud and breach of contract relating to a real estate option contract.  On August 15, 2007, after a 6-week trial in *Edgewater Medical Center v. Edgewater Property Co.*, 04 A 2328 ("*EMC v. EPC*"), Judge Black entered judgment against EPC, ordering specific performance on the option contract and setting damages payable (exclusive of court costs) at roughly $4 million.

---

[1] Dexia is EMC's primary secured and largest unsecured creditor.  Through a court-approved funding agreement, Dexia finances EMC's litigation and receives 85% of the proceeds of those cases.

      5.    <u>Collection Efforts on The Foregoing Cases</u>.  The instant case arises out of the efforts of Dexia and the United States to execute upon the foregoing judgments against Mr. Rogan and his wholly-owned companies, including efforts to reach Mr. Rogan's assets that are beneficially held in his wife's name.

      6.    The United States and Dexia initiated supplementary proceedings against Plaintiff in NDIL on January 30, 2007 and June 7, 2007, respectively, via Citations to Discover Assets ("Citations").  As Fed. R. Civ. P. 69 provides that federal judgments are executed pursuant to state law in the state where the court sits, the Citations were brought under 735 ILCS § 5/2-1402.

      7.    <u>The Complaint in This Case</u>. On November 2, 2007, Plaintiff filed her complaint, which seeks to quash the liens related to the Indiana property Plaintiff held for Mr. Rogan's beneficial interest.  (Cplt. ¶¶ 28, 49)  The Indiana property has been sold, and the proceeds of that sale are in a Court-ordered escrow account.

      8.    More significantly, however, the Complaint in this case also requests a declaration "confirming plaintiff's title and right to free and unfettered possession of Judith K. Rogan's real and personal property assets and those in the name of The Rogan Revocable Trust." (Cplt. at p. 12 ¶ (i))  The objective here is obvious: to expand this action far beyond any issues limited to the Indiana property alone, so as to require defendants Dexia and the United States to reproduce for this honorable Court:  (i) the evidence already obtained in and partially adduced before the several courts in NDIL setting out the way in which Mr. Rogan and his minions have caused the proceeds of these fraud schemes to be funneled into a complex web of foreign and domestic trusts, partnerships, corporations, and accounts held in the name of Mrs. Rogan and the

3

Rogan children to shield and conceal Rogan's assets from judgment creditors;[2] and (ii) significant events of evasion and delay by Peter Rogan and his cohorts over literally years of discovery.

9. <u>Filing Deadlines Implicated by the Instant Motion</u>. Dexia's Answer is currently due on December 26, 2007, a date set pursuant to Local Rule 6.1 by Agreed Notice of Extension of Time to Answer Plaintiff's Complaint.

10. Pursuant to Fed. R. Civ. P. 16, this Court has ordered the parties to file a proposed discovery plan five days before the scheduled January 10, 2008 preliminary pretrial conference.

11. <u>The Motion to Transfer Venue to NDIL</u>. Dexia has sought to transfer venue of this case to NDIL, and the United States has joined in that motion. Briefing will be completed as of December 20, 2007.

12. <u>Reason for the Requested Extension and Discovery Stay</u>. In the interests of judicial economy, the venue issue should be determined prior to the requirement for a responsive pleading, which we anticipate will be a motion to dismiss. A motion directed to the sufficiency of the complaint, once filed, may also call into to question the need for an immediate exchange of discovery.

---

[2] U.S. District Court Judge John Darrah found as much in *United States v. Rogan*, 02 C 3310 (*US v. Rogan*). In his October 2, 2006 Amended Opinion and Order, Judge Darrah found that "Rogan had a direct financial interest [in the fraud scheme at Edgewater Medical Center] as Rogan and his family effectively owned and controlled [the hospital's management company] between 1995 and at least March 2000. Rogan's ownership interest was concealed through an elaborate scheme of inter-locking financial entities owned by Rogan, Rogan's children, and other entities owned by Rogan." *United States v. Rogan*, 459 F.Supp.2d 692, 698 (N.D. Ill. 2006). Judge Darrah also found that Rogan "testified falsely" when Rogan denied having knowledge that proceeds of the fraud at Edgewater had been diverted to Belize trusts set up in the names of Rogan's three children. *Id.* at 699.

13. In fact, should this Court decide that venue transfer is appropriate here, considerations of judicial economy would suggest that precious judicial time would be best spent by transferring this matter *before* any exchange of discovery. This would lead the parties to address discovery matters before the court that is already intimately familiar with this matter – namely, the NDIL – saving the time and energies of this Court and the parties.

14. Co-defendant the United States concurs with this motion and has filed its own motion seeking an extension to and including February 11, 2008, the same date as Dexia Credit Local. (Dkt. 41). Counsel for Plaintiff was consulted on these motions and opposes them.

15. Should the court grant this motion, Dexia also asks that the court vacate its order setting this case for a telephone conference on January 10, 2008.

WHEREFORE, Dexia Credit Local asks for an extension of time to and including February 11, 2008 in which to respond to the complaint and for a temporary stay of discovery pending resolution of the motion to transfer venue.

Respectfully submitted,

Eric Pruitt

By: s/ Eric S. Pruitt
Scott Mendeloff
Gabriel Aizenberg
Eric S. Pruitt
Sidley Austin LLP
One S. Dearborn Street
Chicago, Illinois   60603
(312) 853-7000

5