# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JUDITH K. ROGAN, individually | ) | |
| and as Trustee of the | ) | |
| Judith K. Rogan Revocable Trust, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:07 CV 403PS |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| and DEXIA CREDIT LOCAL, f/k/a | ) | Honorable Judge Joseph S. Van Bokkelen |
| DEXIA PUBLIC FINANCE and | ) | |
| CREDIT BANK and CREDIT | ) | |
| LOCAL DE FRANCE | ) | Magistrate Judge Paul R. Cherry |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO STAY DISCOVERY AND EXTEND TIME TO ANSWER OR OTHERWISE PLEAD

Plaintiff, Judith K. Rogan, Individually and as Trustee of the Judith K. Rogan Revocable Trust, by and through the undersigned attorneys, hereby submits the following Response in Opposition to Defendants' Motions to Stay Discovery and Extend the Time to Answer or Otherwise Plead:

1.     Now that over $1 million of Ms. Rogan's money is tied up and inaccessible to plaintiff, defendants are in no hurry to expedite these injunctive proceedings. This court should view defendants' requests for what they are – an attempt to stall the judicial process as a punitive measure directed at the wife of their nemesis, Peter Rogan.

2.     At the initial phone conference, Judge Von Bokkelen already ruled that discovery on the preliminary injunction motion (which has been consolidated with the merits) would proceed on a simultaneous track as the motion to transfer. In fact, when counsel asked the Court about scheduling discovery, Judge Von Bokkelen specifically stated that he wanted discovery on

the merits to proceed notwithstanding the filing of Defendants' Motion to Transfer. This Court can and should confer with Judge Von Bokkelen regarding this point.

3.     Moreover, it makes sense for discovery to commence immediately because regardless of the outcome of Defendants' Motion to Transfer, discovery on the substantive issues in this case will be necessary no matter where the venue is ultimately fixed.

4.     Tellingly, in an e-mail exchange between counsel for plaintiff and counsel for the United States, counsel for the United States stated, "We'd like to move forward here in Illinois where our multiple enforcement proceedings are ongoing. Why doesn't Judith Rogan simply transfer her Indiana claims to the case before Judge Kennelly? Then, we can move as aggressively as you want with regard to discovery." Counsel for Ms. Rogan responded, "Joe, her 'Indiana claims' are just that -- INDIANA claims." Ms. Rogan's co-counsel stated, "[w]e are not agreeing to proceeding in Illinois. Please refer to our opposition to [D]exia's motion to transfer. There is no jurisdiction nor venue here in Illinois. Our case involves Indiana property and Indiana claims. In fact, why don't you agree to transfer your claims to Indiana, where proper jurisdiction and venue lies. Please get back to me with your response." Counsel for the United States failed to further respond via e-mail after that and simply filed a motion to stay discovery. (See copy of e-mail exchange attached as Exhibit A hereto).

5.     The bottom line is that this case involves Defendants' conduct related to Indiana property and this Court provides the proper venue to adjudicate those claims and has personal jurisdiction over Ms. Rogan. The Northern District of Illinois lacks personal jurisdiction over Ms. Rogan as detailed in her opposition to Dexia's motion to transfer. (Dkt. 35).

6.     Most importantly, Ms. Rogan's assets are tied up pending the outcome of this case. It is imperative for her to have discovery proceed in order to have this matter adjudicated

as quickly as possible.  This Court should not permit the defendants to tie up Ms. Rogan's funds

and then delay these proceedings.  Such an outcome is completely inequitable to Ms. Rogan and

fundamentally unfair.

7.    The parties have had a scheduling conference, Plaintiff has circulated a draft

scheduling order (see Exhibit B), and Plaintiff has initiated written discovery.  Defendants have

not responded with any comments regarding the draft discovery order.

Wherefore, Plaintiff Judith K. Rogan, respectfully requests that this Court deny

Defendants' Motions to Stay Discovery, order them to answer or otherwise plead to Plaintiff's

complaint, leave the scheduling conference for January 10, 2008 intact, and order all other and

further relief that this Court deems just and equitable.

Respectfully submitted,

JUDITH K. ROGAN, Individually and as Trustee
of the Judith K. Rogan Revocable Trust,

/s/ Michael J. O'Rourke_____
By:  One of her attorneys

Michael J. O'Rourke
Joel L. Lipman
O'Rourke, Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
(312) 849-2020; Fax: (312) 849-2020

David Cerven
Smith & Debonis, LLC
9696 Gordon Drive
Highland, Indiana 46322
(219) 922-1000; Fax: (219) 922-1600

# EXHIBIT A



Joel Lipman <lipmanjoel@gmail.com>

# Rogan v. United States of America and Dexia

8 messages

---

**Joel Lipman <lipmanjoel@gmail.com>**          **Tue, Dec 18, 2007 at 9:42 AM**
To: joseph.stewart@usdoj.gov
Cc: Mike O'Rourke <morourke@okmlaw.com>

Joe, attached please find a draft discovery plan which needs to be completed and filed pursuant to court order. Please let us know any proposed changes you have. Thanks.

--
Joel L. Lipman, Esq.
O'Rourke Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
(312) 849-2020
(312) 849-2021 facsimile

---

NOTICE: This message, including all attachments transmitted with it, is for the use of the addressee only. It may contain proprietary, confidential and/or legally privileged information. No confidentiality or privilege is waived or lost by any mistransmission. If you are not the intended recipient, you must not, directly or indirectly, use, disclose, distribute, print or copy any part of this message. If you believe you have received this message in error, please delete it and all copies of it from your system and notify the sender immediately by reply e-mail. Thank you.

 **26(f).doc**
29K

---

**Stewart, Joseph (USAILN) <Joseph.Stewart@usdoj.gov>**      **Tue, Dec 18, 2007 at 9:46 AM**
To: Joel Lipman <lipmanjoel@gmail.com>
Cc: Mike O'Rourke <morourke@okmlaw.com>, "Wawzenski, Linda (USAILN)"
<Linda.Wawzenski@usdoj.gov>

Joel:


We are filing a motion to stay discovery and for an extension of time to answer or otherwise plead. It does not seem that extensive discovery at this juncture makes sense.


**Joe Stewart**

**(312) 469-6008**

**From:** Joel Lipman [mailto:lipmanjoel@gmail.com]
**Sent:** Tuesday, December 18, 2007 9:43 AM
**To:** Stewart, Joseph (USAILN)
**Cc:** Mike O'Rourke
**Subject:** Rogan v. United States of America and Dexia

[Quoted text hidden]

---

**Joel Lipman <lipmanjoel@gmail.com>**                      **Tue, Dec 18, 2007 at 9:50 AM**
To: "Stewart, Joseph (USAILN)" <Joseph.Stewart@usdoj.gov>
Cc: Mike O'Rourke <morourke@okmlaw.com>, "Wawzenski, Linda (USAILN)"
<Linda.Wawzenski@usdoj.gov>

discovery does make sense, and we are trying to comply with the court order by asking for your
comments to the discovery plan.

[Quoted text hidden]

---

**Stewart, Joseph (USAILN) <Joseph.Stewart@usdoj.gov>**      **Tue, Dec 18, 2007 at 9:51 AM**
To: Joel Lipman <lipmanjoel@gmail.com>
Cc: Mike O'Rourke <morourke@okmlaw.com>, "Wawzenski, Linda (USAILN)"
<Linda.Wawzenski@usdoj.gov>

We have a transfer motion pending.  Can you agree to a stay until that motion is decided?

**Joe Stewart**

**(312) 469-6008**

---

**From:** Joel Lipman [mailto:lipmanjoel@gmail.com]
**Sent:** Tuesday, December 18, 2007 9:50 AM
**To:** Stewart, Joseph (USAILN)
**Cc:** Mike O'Rourke; Wawzenski, Linda (USAILN)
**Subject:** Re: Rogan v. United States of America and Dexia

[Quoted text hidden]

---

**Joel Lipman <lipmanjoel@gmail.com>**                      **Tue, Dec 18, 2007 at 9:53 AM**
To: "Stewart, Joseph (USAILN)" <Joseph.Stewart@usdoj.gov>
Cc: Mike O'Rourke <morourke@okmlaw.com>, "Wawzenski, Linda (USAILN)"
<Linda.Wawzenski@usdoj.gov>

joe, why would you want to delay the case from moving forward?  the discovery is necessary
regardless of the outcome of dexia's motion to transfer.

[Quoted text hidden]

**Stewart, Joseph (USAILN) <Joseph.Stewart@usdoj.gov>**              Tue, Dec 18, 2007 at 9:56 AM

To: Joel Lipman <lipmanjoel@gmail.com>
Cc: Mike O'Rourke <morourke@okmlaw.com>, "Wawzenski, Linda (USAILN)"
<Linda.Wawzenski@usdoj.gov>

We'd like to move forward here in Illinois where our multiple enforcement proceedings are
ongoing.  Why doesn't Judith Rogan simply transfer her Indiana claims to the case before Judge
Kennelly?  Then, we can move as  aggressively as you want with regard to discovery.


**Joe Stewart**

**(312) 469-6008**

_____

**From:** Joel Lipman [mailto:lipmanjoel@gmail.com]
**Sent:** Tuesday, December 18, 2007 9:53 AM

[Quoted text hidden]


[Quoted text hidden]

**Joel Lipman <lipmanjoel@gmail.com>**              Tue, Dec 18, 2007 at 9:57 AM

To: "Stewart, Joseph (USAILN)" <Joseph.Stewart@usdoj.gov>
Cc: Mike O'Rourke <morourke@okmlaw.com>, "Wawzenski, Linda (USAILN)"
<Linda.Wawzenski@usdoj.gov>

Joe, her "Indiana claims" are just that -- INDIANA claims.

On Dec 18, 2007 9:56 AM, Stewart, Joseph (USAILN) <Joseph.Stewart@usdoj.gov> wrote:

We'd like to move forward here in Illinois where our multiple enforcement proceedings are
ongoing.  Why doesn't Judith Rogan simply transfer her Indiana claims to the case before
Judge Kennelly?  Then, we can move as  aggressively as you want with regard to discovery.

[Quoted text hidden]

[Quoted text hidden]

**Michael J. O'Rourke <orourkemm@aol.com>**              Tue, Dec 18, 2007 at 10:23 AM

To: Joseph.Stewart@usdoj.gov, lipmanjoel@gmail.com
Cc: morourke@okmlaw.com, Linda.Wawzenski@usdoj.gov

We are not agreeing to proceeding in Illinois. Please refer to our opposition to dexia's motion to
transfer.  There is no jurisdiction nor venue here in Illinois.  Our case involves Indiana property and
Indiana claims.  In fact, why don't you agree to transfer your claims to Indiana, where proper
jurisdiction and venue lies. Please get back to me with your response.

Michael J. O'Rourke
O'Rourke Katten & Moody

161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
(312) 849-2020
Fax: (312) 849-2021
[Quoted text hidden]

[Quoted text hidden]

More new features than ever. Check out the new AOL Mail!

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

Judith K. Rogan
_____,)
                                  )
        Plaintiff,                )
                                  )                    2:07-CV-403
        v.                        )      CAUSE NO.
_____                  )
United States of America and      )
Dexia Credit Local F/K/A          )
Dexia Public Finance       and    )
Credit Bank and Credit            )
Local de France,                  )
  _____,)
                                  )
        Defendants.               )

**REPORT OF PARTIES' PLANNING MEETING**

        1. In accordance with Fed. R. Civ. P. 26(f), a meeting was
held via telephone on ____December 5, 2007____ at ____Chicago,
Illinois____ and was attended by:

Michael J. O'Rourke____  for plaintiffs(s)

Scott Mendeloff____  for defendants Dexia Credit Local and The
                                    United States of America
                                    (with authority)


        2.  Pre-Discovery Disclosures.  The parties will exchange
by ____January 18, 2008 the information required by Fed. R. Civ.
P. 26(a)(1).

        3.  Discovery Plan.  The parties jointly propose to the
court the following discovery plan: [Use separate paragraphs or
subparagraphs as necessary if parties disagree.]

        Discovery will be needed on the following subjects:

        Plaintiff:  Dexia's corporate status and name change;
        Dexia's financing related to Edgewater Medical Center;
        identification of individuals at Dexia and the United
        States responsible for filing liens; details of decisions

to file liens, and internal policies and procedures
relating to the the liens.

Defendants:


        (brief description of subjects on which discovery will
        be needed)

    Disclosure or discovery of electronically stored
information should be handled as follows: (brief description of
parties' proposals):  Electronic Media

    The parties have agreed to an order regarding claims of
privilege or of protection as trial-preparation material
asserted after production,as follows: (brief description of
provisions of proposed order).

    The last date for the completion of all discovery is
_____June 30, 2008____.

    Maximum of_    30      _interrogatories by each party to any
    other party.

    Maximum of 50   requests for admission by each party to any
    other party.

    Maximum of _6_ depositions by plaintiff(s) and _6__ by
    defendant(s).

    Each deposition limited to maximum of ____5_ hours unless
    extended by agreement of parties.

    The filing of reports from retained experts under Rule
    26(a)(2) due:

                from plaintiff(s) by _____July 31, 2008____.

                from defendant(s) by _____August 29, 2008____.

    Any evidentiary objections to another party's expert
witness, whether directed to the witness's qualifications or to
the foundation for the anticipated testimony, shall be filed by
___September 15, 2008__ . Counsel stipulate that a failure to
file such objections is waiver of any objection to opinion
testimony outlined in the statement filed by the witness's
proponent.

Supplementations under Rule 26(e) due <u>  September 30, 2008</u>.

4.   Other Items.  [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

The last date for the plaintiff(s) to seek leave of court to join additional parties and to amend the pleadings is <u>May 30, 2008</u>.

The last date for the Defendant(s) to seek leave of court to join additional parties and to amend the pleadings is<u>      May 30, 2008</u>.

The last date for the filing of all potentially dispositive motions is <u>     September 30, 2008</u> .

The timing of filing pretrial disclosures under Fed. R. Civ. P. 26 (a)(3) shall be governed by separate order.


The parties have agreed upon<u>                            </u> as mediator. Thirty (30) days before the final pretrial conference counsel will provide a written status report to the ADR administrator regarding the status of mediation.


The case should be ready for jury trial by <u>  September 30, 2008  </u> and at this time is expected to take approximately <u>Three days</u>.

Counsel are aware that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. Counsel know that this includes an evidence presentation system, which consists of a document camera, digital projector, and screen. Counsel know the projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. Counsel acknowledge they can contact one of the Court's courtroom deputy clerks for information or training.

[Other matters<u>                        </u>]

Date: <u>                      </u>

_____          _____
Counsel for Plaintiff(s)                 Counsel for Defendant(s)