UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JUDITH K. ROGAN, INDIVIDUALLY AND )
AS TRUSTEE OF THE JUDITH K ROGAN )
REVOCABLE TRUST , )
        Plaintiff, )
)    No. 2:07-CV-403
)
v. )
)
)    Judge Joseph S. Van Bokkelen
UNITED STATES OF AMERICA AND )
DEXIA CREDIT LOCAL F/K/A DEXIA )
PUBLIC FINANCE AND CREDIT BANK )    Magistrate Judge Paul R Cherry
AND CREDIT LOCAL DE FRANCE, )

        Defendants.

**DEXIA CREDIT LOCAL'S REPLY IN SUPPORT OF ITS MOTION TO EXTEND TIME
TO ANSWER OR OTHERWISE PLEAD AND FOR A TEMPORARY
<u>STAY OF DISCOVERY</u>**

        Defendant Dexia Credit Local ("Dexia") hereby submits the following reply in

support of its motion for:  (a) an extension of time to answer or otherwise plead to and including

February 11, 2008; and (b) a temporary stay of discovery pending resolution of the Dexia's

motion for transfer of venue.  Defendant the United States concurs with Dexia's reply.

        Plaintiff opposes defendants' motions on several grounds – each of which Dexia's

addresses separately below:

        1.    <u>Judge Von Bokkelen's order</u>.  Plaintiff contends that Judge Von Bokkelen

ruled that discovery on the preliminary injunction motion should "proceed on a simultaneous

track as the motion to transfer."  (Resp. at ¶ 2)  Tellingly, Plaintiff does not cite Judge Von

Bokkelen orders on this issue.  In an order docketed on November 19, 2007, Judge Von

1

Bokkelen stated that he advised the parties "that the motion to transfer will be ruled on by

Magistrate Judge Paul Cherry, who will also set a briefing schedule regarding non dispositive

motions and discovery deadlines."  (Dckt. 28)  In an order docketed on November 20, 2007,

Judge Von Bokkelen referred Dexia's motion to transfer to this Court and requested that this

Court "establish an expedited scheduling order on all matters, included but not limited to

briefing, discovery, and dispositive motions."  (Dckt. 31)  Nowhere do either of these orders

state that discovery should proceed on a simultaneous track as the transfer motion.  Instead, the

orders leave the scheduling to the discretion of this Court, subject to the directive that the

scheduling should be "expedited."

       2.    Judge Von Bokkelen's directive on this score is best effectuated if this

Court grants defendants' motions to stay discovery.  As Dexia explained in its motion, if this

Court decides Dexia's motion to transfer in an expedited manner, then:  (a) judicial economy

would be best served by transferring this matter *before* any exchange of discovery; and, thus, (b)

the parties would address discovery issues most efficiently before the court that is already

intimately familiar with this matter – namely, the Northern District of Illinois.  Notably, without

the short stay that defendants request, defendants, this Court, and the Northern District of Illinois

would be deprived of the efficiencies that would be created by transferring this case and thus

having pretrial issues involving common facts and law decided by a single court.

       3.    <u>Same discovery will be necessary in both proceedings</u>.  In her opposition

to Dexia's motion to transfer, Plaintiff argued that the citation proceedings pending in the

Northern District of Illinois and the instant matter are not parallel actions subject to the first-to-

file rule, and that the "issues germane to the immediate matter are wholly unrelated to the

pending Illinois citation proceedings . . . ." (J. Rogan Opp. to Transfer at 26)  Now, in opposing

defendants' motions to stay discovery, Plaintiff effectively states the exact opposite:  that the

proceedings and issues in the Northern District of Illinois and here are parallel and related such

that "discovery on substantive issues in this case will be necessary no matter where the venue is

ultimately fixed." (Resp. ¶ 3)  Because Plaintiff herself effectively concedes the close overlap

between the proceedings in the Northern District of Illinois and here, this Court should transfer

this case to the Northern District of Illinois before commencing discovery here.[1]

       4.    <u>The escrowed sale proceeds</u>.  Plaintiff contends that delaying this case

improperly ties up the escrowed proceeds from the sale of the Wexford property. (Resp. ¶¶ 1, 6)

This contention is misplaced for several reasons. <u>First</u>, defendants do not seek to prejudice

Plaintiff via improper delay tactics. As ¶ 4 of Plaintiff's response establishes, if this Court

transfers this case to the Northern District of Illinois, defendants are prepared to proceed with

discovery related to the Wexford property expeditiously.

       5.    <u>Second</u>, Plaintiff has come forward with <u>no</u> evidence establishing how she

possibly has been and is being harmed by having the sale proceeds escrowed. The sales

proceeds are in an interest-bearing account, so Plaintiff is retaining the time value of the funds.

Furthermore, as Dexia explained in its motion to transfer, Plaintiff and her husband literally have

access to millions of dollars from both domestic and offshore sources. (Dexia Mot. to Transfer

at 1-2, 14-15)  Simply put, Plaintiff's inability to use the escrowed funds will not hamper her

ability to live comfortably where she now resides, *i.e.*, in Vancouver, Canada. (Ex. A)

---

[1] Plaintiff's opposition to the stay motions also briefly attempts to argue the merits of her opposition to
the transfer motion, claiming that the Northern District of Illinois lacks personal jurisdiction over her and
that this case is about conduct that occurred in Indiana. (Resp. ¶¶ 4-5)  Dexia addressed these arguments

6.    <u>Third</u>, Plaintiff can hardly claim that the all sale proceeds have been tied up given that she already has extracted more than 40% of the total proceeds.  On or about November 27, 2007, the Wexford property was sold for approximately $1.6M,[2] with the <u>net</u> proceeds of $912,004.95 being placed in the Court-ordered and -approved escrow.  (Ex. B)  The great bulk of the difference between the sale price and the escrow amount, approximately $650,000, was used to pay off a mortgage that Plaintiff took on the property in 2006 at Indy Mac Bank., the proceeds of which she then funneled to her husband.[3]

7.    <u>Fourth</u>, even absent the escrow, Plaintiff should not be disposing of the sale proceeds of the Wexford property.  Plaintiff's own case has put the ownership of those proceeds at issue, raising the question of whether those proceeds are hers or her husband's.  She should not be heard to complain that she is being barred from disposing of funds that Plaintiff concedes are subject to a dispute in this case.

8.    Moreover, Dexia's citation to discover assets against Plaintiff "prohibit[s] [her] from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor" and informed her that the Citation created a judgment lien "upon all personal property belonging to the judgment debtor in [her] possession or control."  735 ILCS § 5/2-1402(f)(1) & (m).

---

in detail in its briefing on its motion to transfer and thus does not do so again here.

[2] (J. Rogan Cplt., Ex. C)

[3] Judy Rogan caused $632,000 in proceeds of the mortgage to be deposited into her First National Bank Valparaiso ("First National") account, against which funds she almost immediately wrote a check for $400,000 to her husband.  (Ex. C)  Thereafter, over the ensuing 3½ months, Plaintiff wrote her husband six more checks off her First National account for a total of an additional $114,500 of the mortgage loan proceeds.  (Ex. D)  So, a very short time after obtaining the mortgage on the Wexford property, Mrs. Rogan funneled the vast bulk of the proceeds to her husband.

4

Plaintiff's counsel has stated to Dexia's counsel that his client understands that, under the pending citation proceeding, Plaintiff's further disposition of these funds would be "at her peril." Nevertheless, counsel's acknowledgement that Plaintiff knows that any further disposition of the proceeds will be "at her peril" gives Dexia cold comfort in light of the fact that: (i) Plaintiff and her husband moved to Canada immediately following the court's ruling in *United States v. Rogan* and the trial in *EMC v. EPC*; (ii) since that move, Peter Rogan has repeatedly flouted clear court orders, leading Bankruptcy Judge Bruce Black to hold him in contempt for failure to comply with several different Court orders in *EMC v. EPC*; and (iii) the Rogans' sale of the Indiana property represents still another act to sever ties with the area. (Dexia Mot. to Transfer at 4-5; Dexia Reply in Supp. of Mot. to Transfer at 6, 15)

## CONCLUSION

For the reasons stated herein and in Dexia's motion, this Court should extend the time to and including February 11, 2008 in which to respond to the complaint and temporarily stay discovery pending resolution of the motion to transfer venue.

Respectfully submitted,

By:     s/ Eric S. Pruitt
        Scott Mendeloff
        Gabriel Aizenberg
        Eric S. Pruitt
        Sidley Austin LLP
        One S. Dearborn Street
        Chicago, Illinois   60603
        (312) 853-7000

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2007, I electronically filed the foregoing Dexia Credit Local's Reply In Support Of Its Motion To Extend Time To Answer Or Otherwise Plead and For A Temporary Stay of Discovery with the Clerk of the Court using the CM/ECF

5

system which sent notification of such filing to the following:

Gabriel Aizenberg gaizenberg@sidley.com, efilingnotice@sidley.com

David Cerven dcerven@sd1law.com

Joshua R Diller jdiller@okmlaw.com

Alison G Fox Alison.Fox@bakerd.com

Joel L Lipman jlipman@okmlaw.com

Scott Mendeloff smendeloff@sidley.com, efilingnotice@sidley.com

Michael J O'Rourke morourke@okmlaw.com

Joseph A Stewart joseph.stewart@usdoj.gov

Joseph S Reid - AUSA joseph.reid@usdoj.gov

Linda A Wawzenski Linda.Wawzenski@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Respectfully submitted,
>
> s/  Eric S. Pruitt
> Scott Mendeloff
> Gabriel Aizenberg
> Eric S. Pruitt
> Sidley Austin LLP
> One S. Dearborn Street
> Chicago, Illinois   60603
> (312) 853-7000

6

# EXHIBIT A




Ms. Melanie Moxie
Oceanic Bank

Dear Ms. Moxie:

I am currently completing plans to reside in Canada. As such, I request a distribution to me of $1,500,000 USD and request you wire that amount to my account at HSBC at 999 West Hastings St., Vancouver, British Columbia, Canada.

The wire instructions are:

Swift code: HKBCCATT
Bank number: 016
Transit number: 10280
FBO:
Account name: Judith Rogan
Account number: 280 089293-203

I appreciate your assistance.

Judith K. Rogan

Date funds received _____
Purpose of transaction _____
Date of transaction _____
Purpose of transaction confirmed with client _____
Transaction in line with client profile: Yes / No
KYC documents held: Yes / No
Amount of funds available on account _____
Signature agrees with account mandate: _____

R00279A

HSBC BANK CANADA
999 WEST HASTINGS ST., VANCOUVER
B.C. V6C 1M3   (604) 895 7100

17JUL2007                    1

JUDITH ROGAN
603-1155 MAINLAND ST
VANCOUVER BC V6B 5P2

                                         SSV        USD

| | | | |
|---|---|---|---|
| 17JUN 2007 BALANCE FORWARD | | | 3,901.77 |
| 19JUN TERM DEPOSIT | | | |
| REDEMPTION | | | |
| | | 50,006.53 | 53,908.30 |
| 20JUN FCY TRANSFER | | | |
| JUDITH ROGAN | | | |
| | 40,028.22 | | 13,880.08 |
| 22JUN *EB TRANSFER | | | |
| TO | | | |
| | 4,746.99 | | 9,133.09 |
| 17JUL *INTEREST | | | |
| INT TO 17-07-07 | | 4.42 | 9,137.51 |

FOR CUSTOMERS BORROWING AT RATES BASED ON U.S. BASE, RATE IS 8.75  %

This instrument does not constitute a deposit that is insured under
the Canada Deposit Insurance Corporation Act.

HSBC00017

44,775.21

50,010.95                                 BALANCE     9,137.51

HSBC BANK CANADA
999 WEST HASTINGS ST., VANCOUVER
B.C. V6C 1M3    (604) 895 7100

JUDITH ROGAN
603-1155 MAINLAND ST
VANCOUVER   BC   V6B 5P2

17JUL2007                1

                                                HSV        CAD

| | | | |
|---|---|---|---|
| 17JUN 2007 BALANCE FORWARD | | | 4,606.20 |
| 20JUN *INTEREST | | | |
| INT TO 20-06-07 | | 11.36 | |
| 20JUN *TAX | 1.14 | | 4,616.42 |

FOR CUSTOMERS BORROWING AT RATES BASED ON PRIME, PRIME IS 6.25    %

TRAVELLING THIS SUMMER?
BUY THE TRAVEL INSURANCE PROTECTION YOU NEED
VISIT WWW.HSBC.CA AND CLICK ON INSURANCE
OR CALL TRAVEL UNDERWRITERS AT 1-888-838-7878 TODAY
            1.14

            11.36

HSBC00027

                                    BALANCE        4,616.42

**EXHIBIT B**

# CHASE 

Certificate of Deposit Receipt

**ACCOUNT TITLE**
JUDITH K ROGAN
TICOR TITLE INSURANCE CO I  :ROW AGENT
ESCROW AGREEMENT NO

**ADDRESS** 476 WEXFORD RD
VALPARAISO, IN 46385

**TAX PAYER ID NUMBER**

**ACCOUNT PURPOSE**  Consumer

**TYPE OF OWNERSHIP**  Escrow - Indivi  al

**ISSUED BY**  JPMorgan Chase Bank   A. ( 05  )
Broadway Center
553
BRIAN N GIACOMIN
(219) 738-418
11/27/2007

| | |
|---|---|
| **ACCOUNT NUMBER** | |
| **DEPOSIT AMOUNT** | $912,004 95 |
| **TERM** | 3 Months |
| **ISSUE DATE** | 11/27/2007 |
| **MATURITY DATE** | 02/27/2008 |
| **TYPE OF MATURITY** | Automatically Renewable |
| **INTEREST RATE** | 4 88% |
| **ANNUAL PERCENTAGE YIELD** | 5 00% |
| **INTEREST COMPOUNDING** | Daily |
| **PAYMENT FREQUENCY** | At maturity |
| **INTEREST PAYMENT METHOD** | Capitalize |

**THIS ACCOUNT IS NONNEGOTIABLE AND NONTRANSFERABLE.** This receipt is provided solely for your convenience as an initial record of the account terms reflected on the books and records of JPMorgan Chase Bank, N.A. (the Bank), as of the date hereof  It is not an inst  ment, note or security and is not required to be surrendered to the Bank as a condition for redemption or withdrawal. You  acknowledge receipt of the Bank's *Account Rules and Regulations* or other applicable account agreement, which include  all provisions that apply to this deposit account and the Bank Privacy Policy, and agree to be bound by the terms and condi  ons contained therein as may be amended from time to time

**Penalty for Early Withdrawal**



**Ticor Title Insurance Company**
57 S. MICHIGAN AVENUE
VALPARAISO IN 46383          9/462-6188

FIFTH THIRD BANK OF COLUMBUS
21 E. STATE STREET
COLUMBUS OH 43215

NOVEMBER 27, 2007

PAY ONLY

912004 95

ONE TWO ZERO ZERO FOUR CTS

| FILE NO | SUB ADON | CLOSER |
|---------|----------|--------|
|         | CCI TVP  | ISNAPSKIP |

$912,004.95

Pay    NINE HUNDRED TWELVE THOUSAND FOUR AND 95/100

To the
Order of    Chase

Memo

**EXHIBIT C**



## First National Bank
### VALPARAISO

11/30/07

Account:
Name:
Address:

The image shown below represents an official copy of the original document as processed by our institution



06/28/06                        641707.37





# First National Bank
## VALPARAISO

11/30/07

Account:

Name:          MARGIE KOLTUNSKI OR
               JUDITH K ROGAN

Address:       476 WEXFORD RD
               VALPARAISO IN 46385-8045

The image shown below represents an official copy of the original document as processed by our institution



06/28/06              632707.37



## First National Bank
### V A L P A R A I S O

Account:

Name:

Address:

11/30/07

The image shown below represents an official copy of the original document as processed by our institution



**CASH OUT TICKET**       **TELLER**

FIRST NATIONAL BANK
OF VALPARAISO
VALPARAISO, IN

*900000*

⑆5555⑈3333⑉     703⑈

06/28/06          9000.00



## First National Bank
### V A L P A R A I S O

11/30/07

Account:

Name:          MARGIE KOLTUNSKI OR
               JUDITH K ROGAN
Address:       476 WEXFORD RD
               VALPARAISO IN 46385-8045

The image shown below represents an official copy of the original document as processed by our institution

---

**MISC. DEBIT**    First National Bank    DATE 7-3-06
                   V A L P A R A I S O

WE HAVE ADJUSTED YOUR ACCOUNT AS TO THE REASON CIRCLED BELOW.

| KEY TO REASON FOR NON-PAYMENT | KEY | DRAWN ON | AMOUNT |
|---|---|---|---|
| 1. ENCODING ERROR | 6. RESEARCH FEES | wrong acct | 63270737 |
| 2. DOUBLE POSTED CHECK | 7. OTHER | posting |  |
| 3. PHOTOCOPY |  |  |  |
| 4. NON-NEGOTIABLE ITEM |  | trans fer to |  |
| 5. POSTING ERROR |  | 70088 36 |  |

Judith Rogan
476 Wexford Rd          TRAN CODE
Valparaiso, IN 46385      1 9          63270737

⑆6666⑈5555⑆

07/03/06    1560030    632707.37

---

1560030  12  7/3/2006
          ⑈8712421156⑈

1010 07/03/06 09:20:25 am CR07/03/06
6 First National Bank  OD 1 NAN
DDA TO DDA FROM ACCT#
TRANSFER AMT:        $632,707.37



## First National Bank
# V A L P A R A I S O

11/30/07

Account:

Name: JUDITH K ROGAN

Address: 476 WEXFORD RD
VALPARAISO IN 46385-8045

The image shown below represents an official copy of the original document as processed by our institution



07/03/06    1560020    632707.37



06/30/2006          $400,000.00

# EXHIBIT D

JUDITH K ROGAN
476 WEXFORD RD
VALPARAISO IN 46385-8045

Account No.: ___ __ ___ __     Statement Date: **07/03/06**     Page: **1**

> **This Statement Cycle Reflects 31 Days**

## INVESTMENT CHECKING SUMMARY

| Category | Number | Amount |
|---|---|---|
| Balance Forward From 06/02/06 | | 27,819.23 |
| Deposits | 1 | 632,707.37+ |
| Checks | 14 | 720,296.56 |
| Automatic Withdrawals | 10 | 19,517.31 |
| Automatic Deposits | 3 | 325,000.00+ |
| Interest Added This Statement | | 18.38+ |
| SERVICE CHARGE | | 7.50 |
| Ending Balance On 07/03/06 | | 245,723.61 |

| | |
|---|---|
| Annual Percentage Yield Earned | 0.30% |
| Interest Paid This Year | 246.92 |
| Interest Paid Last Year | 484.73 |
| Average Balance (Collected) | 72,152.03 |

## DEPOSITS AND OTHER CREDITS

| Date | Type | Amount | Date | Type | Amount | Date | Type | Amount |
|---|---|---|---|---|---|---|---|---|
| 07/03/06 | DEPOSIT | 632,707.37 | | | | | | |

## ELECTRONIC CREDITS

| Date | Description | Amount |
|---|---|---|
| 06/07/06 | 011: GOVT MMKT INVESTMENT | 75,000.00 |
| 06/13/06 | WT IN JUDITH K ROGAN REVOCABLE TRUST | 150,000.00 |
| 06/22/06 | 011: GOVT MMKT INVESTMENT | 100,000.00 |
| 07/03/06 | INTEREST PAID | 18.38 |

## ELECTRONIC DEBITS

| Date | Description | Amount |
|---|---|---|
| 06/13/06 | WT IN FEE | 10.00 |

R 00425



07/21/2006  4659  $30,000.00



07/21/2006  4695  $10,000.00



08/23/2006  4672  $15,000.00



09/11/2006 4691 $50,000.00



09/28/2006 4718 $7,500.00



10/23/2006   4736   $2,000.00