**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JUDITH K. ROGAN, individually and as Trustee of the Judith K. Rogan Revocable Trust, <br><br>  Plaintiff, <br>  v. <br><br> UNITED STATES OF AMERICA and DEXIA CREDIT LOCAL, f/k/a DEXIA PUBLIC FINANCE and CREDIT BANK And CREDIT LOCAL DE FRANCE <br><br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO.: 2:07-CV-403- JVB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE CHERRY'S ORDER OF JANUARY 31, 2008 GRANTING DEFENDANT'S MOTION**
**TO TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF ILLINOIS**

**INTRODUCTION**

This is an action to Quiet Title, for Declaratory Relief, Injunction and Slander of Title. Plaintiff alleges that Defendant, United States holds a judgment against Peter Rogan arising out of a matter styled, "*United States of America v. Peter Rogan*", Case No. 02 C 3310, United States District Court for the Northern District of Illinois, Eastern Division. Plaintiff further alleges that Defendant Dexia holds a judgment against Peter Rogan arising out of a matter styled, "*Dexia Credit Local, etc. v. Peter Rogan, et al.,*" United States District Court for the Northern District of Illinois, Eastern Division. Pursuant to those judgments, both Defendants have served various citations to discover assets upon Plaintiff. Plaintiff denies any assertion by Defendants that any assets owned by her individually or through her trusts belong to Peter Rogan and affirmatively asserts her ownership and right to peaceful possession of her properties.

1

Defendants United States and Dexia filed separate "liens" against The Rogan Revocable Trust property at 476 Wexford Road in Valparaiso, Indiana, and property located at 55 E. Erie in Chicago, Illinois. In August 2007, Plaintiff contracted to sell the property at 476 Wexford Road to a third party purchaser but was impeded by the liens. On November 15, 2007, District Court Judge Von Bokkelen issued an order in this case withdrawing Judith Rogan's motion for temporary restraining order as the parties had reached an agreement as to issues relating to the closing of the sale of the Wexford property, specifically, but not limited to, the depositing of the net sale proceeds in an interest bearing account at a bank to be held in escrow pending further order of the Court. Further, Defendants United States and Dexia filed "liens" against The Rogan Revocable Trust property located at 55 E. Erie in Chicago, Illinois.

Plaintiff thereafter commenced the instant cause of action in the Porter Superior Court against the United States and Dexia by filing a Complaint to Quiet Title, for Declaratory Relief, Injunction, and Slander of Title. Counts I and IV of the Complaint are Actions to Quiet Title against the United States and Dexia respectively, in which Judith Rogan seeks to quiet title to real and personal property located in Indiana, specifically seeking an adjudication that the United States and Dexia have no interest in the Wexford Property as judgment creditors of Peter Rogan.

Counts II and V seek similar relief against both the United States and Dexia in requesting a declaratory judgment that Defendants have no right or interest in Judith Rogan's property and that the judgment liens are invalid. Judith Rogan alleges in these Counts that the United States and Dexia are holders of invalid liens under federal law, and thus she and the Trust are entitled to a declaration that the "liens" are invalid, unenforceable, and ought to be removed immediately.

On November 18, 2007, Defendant Dexia filed a motion before Magistrate Judge Cherry seeking an order of the Court transferring this case to the Northern District of Illinois, Eastern

Division, pursuant to the "first-to-file" rule and 28 U.S.C. § 1404(a). In a Memorandum opinion and Order dated January 31, 2008 (the "Transfer Order") (attached hereto as Exhibit A), Magistrate Judge Cherry granted that motion to transfer under ¶ 1404(a). Magistrate Judge Cherry found transfer warranted by § 1404(a) and did not engage an analysis of transfer pursuant to the "first-to-file rule." (*Transfer Order*, p. 25). In granting the motion to transfer this cause, the Magistrate Judge committed three errors of law:

- Magistrate Judge Cherry erred when he relied on unsubstantiated material without foundation that the Court should have ignored as is customary;

- Magistrate Judge Cherry held Plaintiff Judith Rogan to a higher burden of proof in responding to a Motion to Transfer pursuant to Section 1404(a);

- Magistrate Judge Cherry improperly required Plaintiff Judith Rogan to object to wholly inadmissible evidence advanced by Defendant Dexia. In addition, there is no duty on Plaintiff's part to object in written or oral form to ensure that the Court base its decision on admissible evidence;

- Magistrate Judge Cherry erred in considering representation that Peter Rogan wholly-owned hospital management and property companies (*Transfer Order*, p. 2);

- Magistrate Judge Cherry erred in considering representation that there was an adjudication that Braddock Management LP and Bainbridge Management, Inc. were alter egos when Dexia achieved a default judgment (*Transfer Order*, p. 2);

- Magistrate Judge Cherry erred in considering representation that Dexia and the United States has not completed discovery in other cases where all other cases referred to are completed cases in disposition (*Transfer Order*, p. 4);

- Magistrate Judge Cherry erred in considering representation that the sole funding source for JKR Business was from Peter Rogan controlled companies (*Transfer Order*, p. 4);

- Magistrate Judge Cherry erred in considering representation that Judith Rogan signed a lease in Vancouver where there is **no evidence** in support (*Transfer Order*, p. 4);

- Magistrate Judge Cherry erred in considering representation that Peter Rogan controls a trust at Oceanic Bank where under grantor trust rules the trust is a separate legal entity even though Peter Rogan is treated as owner for US tax purposes (*Transfer Order*, p. 5);

- Magistrate Judge Cherry erred in considering representation that from 1997 through 2004 Judith Rogan has never had substantial earned income or investments where Judith Rogan has owned the Wexford Property since 1989 (*Transfer Order*, p. 5);

- Magistrate Judge Cherry erred in considering representation that Judith Rogan's document production is incomplete in other cases and that Dexia has considered filing a rule to show cause where there is no basis for that representation (*Transfer Order*, p. 6);

- Magistrate Judge Cherry erred in considering representation that the Erie condominium in Chicago lists the sale prices at over $1 million where there is no basis for representation (*Transfer Order*, p. 10);

- Magistrate Judge Cherry erred in considering representations concerning HSBC Bank Canada in Vancouver where there is no foundation for representation and the representation is irrelevant (*Transfer Order*, p. 10);

- Magistrate Judge Cherry erred in finding no documentary evidence that Judith Rogan was a resident of the State of Indiana where she attests in a sworn affidavit that she is a resident and Dexia offers nothing to rebut that affidavit (*Transfer Order*, p. 11); and

4

- Magistrate Judge Cherry erred in considering representation that the construction of the Wexford Property was directed from Illinois and its funding came from an Illinois Bank were there is absolutely no evidence that any loan was made to Peter Rogan and only a letter indicating that there was consideration for a loan (*Transfer Order*, p. 16).

## **STANDARD FOR REVIEW**

The motion to transfer pursuant to Section 1404(a) is most likely treated as pretrial matter not dispositive of Judith Rogan's claims. A magistrate judge's nondispositive rulings are accorded greater latitude and therefore the decision on the Motion to Transfer should enjoy a more relaxed standard of review.

Under the standards set forth in Rule 72(a) and 28 U.S.C.S. § 636(b)(1)(A), a district court must affirm the magistrate judge's rulings unless on entire evidence it is left with a definite and firm conviction that mistake has been committed, and because magistrate is afforded broad discretion in resolution of non-disposive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused. *Waddell & Reed Fin., Inc. v. Torchmark Corp.* 222 F.R.D. 450, 453 (D. Kan. 2004). The District Court must affirm the Magistrate Judge's order "unless 'on the entire evidence [the court] is left with the definite conviction that a mistake has been committed.'" *Heuser v. Johnson*, 189 F. Supp. 2d 1250, 1257, (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (alteration in original).

Fed. R. Civ. P. 72(a) states that the district judge to whom the case is assigned shall consider objections and modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The "clearly erroneous" standard" applies only to factual findings made by the magistrate judge; conclusions of law are reviewed under the "contrary to law" standard. *Jochims v. Isuzu Motors*, *Ltd.*, 151 F.R.D. 338, 340 (S.D. Iowa 1993).

# ARGUMENT

**I.   The Magistrate Judge Abused His Discretion in considering bare, legally unsupported representations as evidence that led him to order a transfer of this cause to the Northern District of Illinois.**

The Magistrate Judge introduced a proviso lodged in footnote 2 on the bottom of page 1 of his Order. That footnote reads, "To the extent that Dexia sets forth relevant procedural and background material in its brief that <u>is not supported by citation to evidence</u> but also is not contested by Judith Rogan, such background is presented in this section as representations made by Dexia."

### A.   Magistrate Cherry committed error by making factual findings based on inadmissible evidence

The Magistrate's order reflects basic error in his unfounded reliance on Dexia attachments. Plaintiff submits there is no need for citation, or extensive objection, to point out that a court does not consider arguments of counsel or unsubstantiated documents as evidence to rely upon in deciding a motion. Courts themselves possess the power to control needless bulk in their files by striking or preventing the filing of duplicative, unnecessary, or otherwise inappropriate clutter. *See Ward v. Indep. Order of Forresters*, 2006 Ind. U.S. Dist. LEXIS 11290, *9 (S.D. Ind. 2006); *Barnes v. Black*, 2006 U.S. Dist. LEXIS 73234, No. 04-317 (C.D. Ill. 2006); *Koken ex rel. Reliance Ins. Co. v. Auburn Mfg., Inc.*, 341 F. Supp. 20, 23 (D. Maine 2004). Moreover, the Magistrate's strict adherence to fundamental evidentiary principles in a motion proceeding should be assumed as a given, not posed as a matter for reminder to the Court. The Magistrate's ignoring fundamental analytical rules is a major disappointment to Plaintiff in this motion proceeding.

This Court on appeal, should not countenance the same shortcomings in judicial analysis. It is a matter of undeniable fact that the vast majority of the materials submitted with the Motion

to Transfer is inadmissible and ought not to have been relied on by the Magistrate Judge in his decision. It is the Court's function to act as gatekeeper and to exclude evidence that is not sufficiently reliable or for which there is no basis. *Ninth Ave. Remedial Group v. Allis-Chalmers Corp.*, 141 F. Supp. 957, 960 (N.D. Ind. 2001) citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

Although Dexia submitted voluminous evidence to argue that this case should be transferred, very little of this evidence is admissible. Once the inadmissible evidence is disregarded, Dexia simply lacks evidentiary support for the facts upon which their theories rely.

Exhibit A is a copy of the 70 page Second Amended Complaint filed by Dexia against Peter Rogan and a host of other companies. Judith Rogan is not named in this Complaint.

Exhibit B purports to be a Partnership Agreement of Braddock Management Company. The document is not authenticated, lacks a proper foundation and is inadmissible. Further, is has little to no relevance in a Motion to Transfer. It is patent hearsay not qualified for admission under any exception.

Exhibit C is correspondence. The document is not authenticated and lacks foundation.

Exhibit D is a copy of an Order in a case against Peter Rogan. Judith Rogan is not a named party.

Exhibit E is lease information for Edgewater Property Company and Northside Operating. Co. The document is not authenticated and is inadmissible.

Exhibit F consists of an Excel spreadsheet as well as what purports to be Federal Tax Return documents for Judith Rogan covering a span from 1997-2004. The documents are not authenticated and therefore are inadmissible. Tellingly, the property address on the Form 1040 reflects that Judith Wexford's residence is in Valparaiso, Indiana.

Exhibit G purports to be a portion of a deposition transcript for Peter Rogan. The documents are not authenticated and therefore are inadmissible.

Exhibit H purports to be a business ledger for JKR business from 1996 through 2000. The documents are not authenticated and therefore are inadmissible.

Exhibit I are financial records kept by JKR business with the Private Bank and Trust Company. The documents are not authenticated and therefore are inadmissible. This material is further inadmissible because insufficient foundation was laid as to the declarant's personal knowledge of the creation of the summaries.

Exhibit J contains a Motion to Compel and memorandum in support filed by Dexia in a suit against Peter Rogan and other companies. Judith Rogan is not a party.

Exhibit K contains another Order against Peter Rogan. Judith Rogan is not a party.

Exhibit L is Dexia's Motion to Compel attorney Fred Cuppy to Produce Documents. Judith Rogan is not a party to that suit.

Exhibit M is another Motion to Compel filed by Dexia in a discovery matter stemming from a suit against Peter Rogan. Judith Rogan is not a party to that suit.

Exhibit N contains yet another Order against Peter Rogan. Judith Rogan is not a party.

Exhibit O is correspondence issued by Dexia's counsel. It is not evidence and will not be unless counsel seeks to be a witness. These materials are also hearsay and not qualified for admission under any exception.

Exhibit P purports to be a lease transaction for the Wexford Property. The document is not authenticated and therefore is inadmissible.

Exhibit Q purports to be an Account opening document between Judith Rogan and HSBC Bank Canada. The document is not authenticated and is inadmissible.

Exhibit R purports to be a financial document reflecting a money transfer. The document is not authenticated and is inadmissible.

Exhibit S purports to be financial documents/statement from HSBC Bank Canada. This document is not authenticated and is inadmissible.

Exhibit T purports to be a copy of the Peter G. Rogan Irrevocable Trust. The document is not authenticated, is inadmissible, and irrelevant.

Exhibit U purports to be a copy of Foreign Bank Accounts for Judith Rogan. The document is not authenticated and is inadmissible.

Exhibit V is more correspondence issued from Dexia's counsel. It is not evidence and will not be unless counsel seeks to be made a witness. These materials are also hearsay and not qualified for admission under any exception.

Exhibit W is what appears to be a copy of a Deed transaction with a written Disclaimer attached to it that states, "The Cook County Recorder of Deeds Office does not guaranty the accuracy of any of the information…" These materials are hearsay, lack foundation and are not admissible.

Exhibit X purports to be a monthly financial statement for Judith K. Rogan Revocable Trust. These materials are hearsay, lack foundation, and are not admissible.

Exhibit Y is a citation to discover assets filed by Dexia against Judith Rogan relating to a lawsuit in which she is not a party.

Exhibit Z purports to be Peter Rogan's Amended Responses and Written Objections to Dexia's discovery. Judith Rogan is not a party to that lawsuit.

Exhibit AA purports to be a receipt for a money transaction on June 22, 2007. It is hearsay, lack foundation, and is not admissible.

Exhibit BB purports to be documents reflecting money transfers. These documents are patently hearsay, lack foundation, and are inadmissible.

Exhibit CC purports to be a copy of a transcript from a deposition given by Robert Rogan. The copy of the transcript is irrelevant and lacks foundation.

Exhibit DD purports to be a series of checks between Judith Rogan and Peter Rogan. The documents lack foundation, are unauthenticated and inadmissible.

Exhibit EE is a summary prepared by Dexia. It is patent hearsay, lacks evidentiary foundation, and is inadmissible.

Exhibit FF purports to be correspondence from Charles Schroeder of Boulevard Bank to Peter Rogan. It is hearsay, lacks evidentiary foundation, was not authenticated, and is inadmissible. Additionally, the document has no significance as to Judith Rogan.

Exhibit GG purports to be correspondence between Peter Rogan and Edgewater. It is hearsay, lacks evidentiary foundation, was not authenticated, and is inadmissible.

Exhibit HH purports to be correspondence between counsel for Judith Rogan and counsel for Dexia and the United States. The correspondence constitutes hearsay, lacks evidentiary foundation, was not authenticated, and is inadmissible.

Exhibit II is more correspondence. The correspondence is hearsay without sufficient foundation, and is inadmissible.

Exhibit JJ is a summary prepared by Dexia. It is patent hearsay, lacks evidentiary foundation, and is inadmissible. In all, Dexia's counsel attached **338 pages** of irrelevant, inadmissible, and unsubstantiated clutter to its Memorandum in support of its Motion to Transfer. The vast majority of the underlying documents do not related to Judith Rogan or her interests in any matter. They relate to Peter Rogan.

The Magistrate Judge understandably but inappropriately considered these documents in his ruling. In fact, the Magistrate Judge relied on this distracting material as evidence in arriving at his ruling on a Motion to Transfer. It is obvious from the Order that Magistrate Judge Cherry improperly relied on the exhibits, and construed these unauthenticated exhibits as evidence. A characteristic example of this improper reliance occurs on pages 18-19 of the Transfer Order where Judge Cherry articulates his basis for granting the Section 1404(a) motion,

> Here, Plaintiff Judith Rogan's choice of forum is given less weight because the majority of the operative facts are connected to Illinois. As argued by Judith Rogan, some of the events and issues related to her action to quiet title as to the Wexford Property in Indiana as a result of the liens filed by Defendants are directly connected to Indiana. Notwithstanding these connections, some of **evidence** related specifically to the Wexford Property also originates in Illinois, including that the financing for and coordination of the home originated in Illinois; Boulevard Bank in Illinois loaned Peter Rogan the funds to pay for the house's construction, Peter Rogan directed construction of the house from his office at EMC in Chicago, and Daniel Schuman, an employee of Peter Rogan's company Braddock, which managed EMC in Chicago, assisted Peter Rogan in directing the house's construction.

*Transfer Order*, January 31, 2008, pp. 18-19. There are no allegations in the Complaint that would lead any Judge to the underlying material supporting the reasoning above. The material was pulled straight from the exhibits that for the reasons stated below lack any evidentiary value.

Judge Cherry abused his discretion by improperly relying on these exhibits which have no evidentiary value as justification for an Order of Transfer. *Northern Ind. Gun & Outdoor Shows, Inc. v. Hedman*, 111 F. Supp. 2d 1020, 1025 (D. Ind. 2000).

**B.     The Only Evidence Properly Before this Court Supports that the Motion to Transfer be Denied.**

As stated *supra*, the District Court should affirm the Magistrate Judge's Order unless on the entire evidence the District Court is left with the definite conviction that a mistake has been

made. *Heuser*, 189 F. Supp. 2d at 1256-57.  A mistake in this case has been made because the only proper evidence before the District Court mitigates in favor of keeping this case in Indiana.

Judith Rogan supports her Response to the Motion to Transfer with evidence of which she has personal knowledge. This evidence was introduced in the form of a sworn affidavit, which is in conformity with Federal Rule 56(e). Rule 56(e) requires, "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *See* Fed. R. Civ. P. 56(e) (2007).

The Magistrate Judge discredited the averments of her sworn affidavit and the allegations of the Complaint and then relied on unsubstantiated allegations by Defendant Dexia of material completely inadmissible and lacking evidentiary foundation who merely tacked on limitless documents relating to the judgments sought and obtained against Peter Rogan.

In her Response to the Motion to Transfer, Judith Rogan attached an affidavit in which she stated that she lives in Indiana (Affidavit, ¶ 1), that her sole contact in Illinois is the Chicago condominium (Affidavit, ¶ 2), she does no business in Illinois (Affidavit, ¶ 3), she does not travel to Illinois regularly (Affidavit, ¶ 4), holds no licenses in Illinois professional or otherwise (Affidavit, ¶ 5), and has no debts or judgments in Illinois. (Affidavit, ¶ 6).  All these factual averments were completely disregarded in the Magistrate Judge's Opinion entering an Order transferring the cause to the Northern District of Illinois.

## II.     The Evidence Supports Continuation of this Proceeding in the Northern District of Indiana.

A 28 U.S.C.S. § 1404(a) transfer is proper if the transferee forum is clearly more convenient for the parties. *Coffee v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).  Three factors are to be considered in deciding whether a § 1404(a) transfer is appropriate: (1) the

convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Elite Enters v. ASC, Inc.*, 2005 U.S. Dist. LEXIS 1797, *3 (N.D. Ind. 2005). However, "a plaintiff's choice of forum is entitled to considerable deference," and thus, "unless the balance is strongly in favor of the defendant, [that] choice . . . should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003).

   1.   **It is more convenient for the parties to litigate this matter in Judith Rogan's state of residence, Indiana.**

The convenience-of-the-parties factor weighs in favor of keeping this matter in the Northern District of Indiana. Defendant Dexia is national in scope and will have little difficulty litigating their interests in the forum. The United States obviously will not incur any difficulty in carrying on this action before the Federal Courts in Indiana. Plaintiff, however, is an individual of more limited means than the multi-national corporation and the United States "who likely will be confronted with considerable expenses if this litigation is transferred to NDIL." *Chamberlain v. U.S. Bancorp Cash Balance Ret. Plan*, 2005 U.S. Dist. LEXIS 25571, *12 (N.D. Ill. 2005).

Defendant Dexia does not contend that it would experience difficulty in litigating this matter in the Northern District of Indiana. It will not. Plaintiff Judith Rogan avers in a sworn affidavit that she will experience more expense in litigation costs.

   2.   **The Interests of Justice Do Not Favor Either District.**

The Court must consider the interests of justice, which include: (1) the Court's familiarity with the applicable law; (2) the speed at which the case will proceed to trial; and (3) the desirability of resolving controversies in their locale. *Deist v. Wash Univ. Med. Ctr.*, 385 F. Supp. 2d 772, 774-775 (S.D. Ill. 2005). This factor favors neither side. The applicable law the Northern District of Indiana would use in resolving this Action includes both Illinois and Indiana law. As Magistrate Judge Cherry opined, "In addition, both districts appear to have an interest in

the disposition of real property at issue in this case because of the Chicago condominium in Illinois and the Wexford Property in Indiana." (*Transfer Order*, p. 22)  Further, the two districts have comparable statistics in speed of disposition. (*Transfer Order,* at p. 22)

      **3.**      **The Evidence reflects that witnesses will experience no greater difficulty in resolving this matter in Indiana.**

The resolution of the ownership interests in the Wexford Property and the Erie Condominium will require calling witnesses in both Indiana and Illinois. The inconveniences of which Dexia complains would be mirrored by transferring this action. All the documents for the Wexford Property are in Indiana whereas all of the documents concerning the Erie Condominium are in Illinois. The potential witnesses to prove ownership of the Wexford Property are just as likely to experience inconvenience in coming to Illinois as those Illinois witnesses would experience in coming to Indiana to prove ownership of the Erie Condominium. Transferring this case would merely "shift convenience from one party to another," contrary to the plain intent of § 1404(a). *Elite Enterprises, Inc. v. ASC, Inc.*, 2005 U.S. Dist. LEXIS 1797, *5 (N.D. Ind. 2005), quoting *K&F Mfg. Co. v. Western Litho Plate & Supply Co.*, 831 F. Supp. 661, 664 (N.D. Ind. 1993).

The 338 pages of exhibits that Dexia attached to its Motion to Transfer refer to largely unrelated proceedings against Peter Rogan in another action that has already resulted in judgment. These exhibits lack authenticity, have no foundation for introduction, and have no bearing on this Court's decision on a Motion to Transfer. This Court should consider the sworn affidavit of Judith Rogan, a private person and Indiana resident, as to the inconvenience she would face in being brought to Illinois to defend her interests in the Wexford Property.

Magistrate Judge Cherry improperly relied on 338 pages of Exhibits as evidence in reaching his decision to grant the motion to transfer. He ought to have disregarded the exhibits

because they are not evidence. After disregarding these exhibits he would have been able to properly weigh the necessary factors for a § 1404(a) transfer motion. Without these extraneous, irrelevant, and unsubstantiated allegations, the only evidence before the Court would be the pleadings and Judith Rogan's affidavit. There is no doubt he would have concluded that inconvenience to the parties and witnesses would be comparable, the interests of justice comparable, and that the "tie should be awarded to the Plaintiff." *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 663-64 (7th Cir. 2003).

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that the Transfer Order be reversed and that this Court retain jurisdiction over this cause.

Dated: February 5, 2008

                                                        Respectfully submitted,

                                                        JUDITH K. ROGAN, Individually and as Trustee of the Judith K. Rogan Revocable Trust,

                                                        By:/s/ Michael J. O'Rourke
                                                          One of her attorneys

Michael J. O'Rourke
Joel L. Lipman
Joshua R. Diller
O'Rourke, Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
(312) 849-2020
Fax: (312) 849-2020

David Cerven
Smith & Debonis, LLC
9696 Gordon Drive
Highland, Indiana 46322
(219) 922-1000

Fax: (219) 922-1600

Case 1:08-cv-03057   Document 58   Filed 02/05/2008   Page 16 of 16