UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JUDITH K. ROGAN, INDIVIDUALLY AND AS TRUSTEE OF THE JUDITH K ROGAN REVOCABLE TRUST, <br>         Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA AND DEXIA CREDIT LOCAL F/K/A DEXIA PUBLIC FINANCE AND CREDIT BANK AND CREDIT LOCAL DE FRANCE, <br><br>         Defendants. | No. 2:07-CV-403 <br><br> Judge Joseph S Van Bokkelen <br><br> Magistrate Judge Paul R Cherry |

**UNITED STATES' MOTION TO STRIKE JUDITH ROGAN'S
MOTION TO REVIEW (No. 57) FOR LACK OF JURISDICTION**

The United States of America, by David Capp, Acting United States Attorney for the Northern District of Indiana, moves to strike Judith Rogan's Motion to Review and Reconsider Magistrate Judge Cherry's Opinion and Order Granting Transfer of this Action to the Northern District of Illinois (Doc. No. 57). This case has already been transferred to the district court for Northern District of Illinois, which divests the jurisdiction of the district court for the Northern District of Indiana. In support of this motion defendant states as follows:

1. Defendant Dexia moved to transfer venue of this case to the United States District Court for the Northern District of Illinois, and the United States joined in that motion.

2. On January 31, 2008, Magistrate Judge Paul R. Cherry, to whom the matter was referred, filed a 25-page opinion and order granting the defendants' motion to transfer. Doc. No. 55.

3. On February 5, 2008, the Clerk of the District Court for the Northern District of Indiana transferred the captioned matter to the Clerk of the District Court for the Northern District

of Illinois. Doc. No. 56.

4.  That same day, Judith Rogan filed her motion to review and reconsider the transfer order. Doc. No. 57. The Clerk, however, had already executed the transfer order. Doc. No. 56.

5.  Under 28 U.S.C. § 1404, "a district court relinquishes all jurisdiction over a case when it is transferred to another district court." *Jones v. Infocure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002). Thus, in *Huff v. CSX Transp., Inc.*, 461 F.Supp.2d 853 ( S.D.Il. 2006), the transferor district court refused to rule on plaintiff's motion to reconsider a transfer order on jurisdictional grounds where the case file had already been transferred.

6.  We anticipate that Judith Rogan may cite the fact that the transfer was executed within the time — ten days, both under Fed. R. Civ. P. Rule 59(e) or Rule 72(a) — she could seek reconsideration or review of the transfer order. In *Blankenship v. Allis-Chalmers Corp.*, 460 F. Supp. 37 (N.D.Miss.1978), the court addressed the propriety of a transfer occurring before the expiration of the 10-day period to file a motion to reconsider. *Blankenship* reasoned that no rule required the clerk's office to delay compliance with a transfer order to allow a litigant to file a motion, and further explicitly rejected the contention that a timely filed motion somehow "nullifies a transfer made by the clerk." *Id.* at 40. *See e.g., Huff* (clerk effectuated transfer order *four* days after its entry so later filed motion to reconsider was not heard for lack of jurisdiction).

7.  Before plaintiff filed her motion, the district court had already transferred this case to the Norther District of Illinois. Consequently, the Northern District of Indiana has lost jurisdiction of this matter. Moreover, the transfer is not nullified by plaintiff's otherwise timely-filed motion to reconsider.

8.  Co-defendant Dexia concurs with this motion.

WHEREFORE, the United States moves to strike Judith Rogan's motion to review.

                Respectfully submitted,

                DAVID CAPP
                ACTING UNITED STATES ATTORNEY

By:   s/ Joseph A. Stewart
       JOSEPH A. STEWART
       Assistant United States Attorney
       219 S. Dearborn Street, Fifth Floor
       Chicago, Illinois 60604
       Tel. (312) 469-6008
       Fax. (312) 886-3501
       Internet Address: joseph.stewart@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on February 6, 2008, Joseph A. Stewart, electronically filed the foregoing — United States' Motion to Strike Judith Rogan's Motion to Review (No. 57) for Lack of Jurisdiction — with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Gabriel Aizenberg    gaizenberg@sidley.com, efilingnotice@sidley.com

David Cerven    dcerven@sd1law.com, sdoffice@sd1law.com

Joshua R Diller    jdiller@okmlaw.com, firm@okmlaw.com

Alison G Fox    Alison.Fox@bakerd.com, Alicia.Cummins@bakerd.com, marion.jacobson@bakerd.com, Melissa.Bozzuto@bakerd.com

Joel L Lipman    jlipman@okmlaw.com, mdiaz@okmlaw.com

Scott Mendeloff    smendeloff@sidley.com, efilingnotice@sidley.com

Michael J O'Rourke    morourke@okmlaw.com, awalther@okmlaw.com, ecrooks@okmlaw.com

Eric S Pruitt    epruitt@sidley.com, efilingnotice@sidley.com

Joseph S Reid - AUSA    joseph.reid@usdoj.gov, amber.mills@usdoj.gov, denise.konieczka@usdoj.gov

Linda A Wawzenski    Linda.Wawzenski@usdoj.gov, carolyn.fiebig@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none

                                Respectfully submitted,

                                DAVID CAPP
                                Acting United States Attorney

                                By: s/ Joseph A. Stewart
                                  JOSEPH A. STEWART
                                  Assistant United States Attorney
                                  219 South Dearborn Street
                                  Chicago, Illinois 60604
                                  (312) 469-6008