UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JUDITH K. ROGAN | ) | |
| | ) | |
| Plaintiff | ) | Civil Number: 2:07 CV 403PS |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | Judge Joseph Van Bokkelen |
| AND DEXIA CRÉDIT LOCAL, f/k/a | ) | |
| DEXIA PUBLIC FINANCE and CREDIT | ) | |
| BANK and CREDIT LOCAL DE FRANCE | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**DEXIA CRÉDIT LOCAL'S MOTION TO STRIKE EXHIBITS A-D TO PLAINTIFF'S REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE CHERRY'S JANUARY 31, 2008 ORDER OF TRANSFER**

Defendant Dexia Crédit Local ("Dexia") hereby moves to strike Exhibits A-D to Mrs. Rogan's Reply in Support of Objection to Magistrate Judge Cherry's order transferring this action to the Northern District of Illinois ("NDIL").

Mrs. Rogan's reply includes four exhibits, A-D, which she did not submit to the Magistrate in response to Dexia's Motion to Transfer venue. Therefore, this court should strike the exhibits and refuse to consider anything in her reply brief relying upon them, such as Mrs. Rogan's alleged Indiana residency[1] (JKR Reply at 7-8) and the fact that alleged potential Indiana witnesses, who are identified by name for the first time in Mrs. Rogan's reply, reside in Indiana[2]

---

[1] In its Motion to Transfer, Dexia noted that while Mrs. Rogan contended she lived in Indiana, the Indiana home in which Mrs. Rogan had lived was in the process of being sold, and she had signed a lease and opened a bank account in Vancouver (the proof of which Mrs. Rogan herself produced to Dexia). (Dexia Br. at 13-15, 23-25) Mrs. Rogan's response would have been the proper place for her to submit this supposed proof of her Indiana residency, and either to object to Dexia's proof of her Canadian residency or to explain why the Vancouver lease she executed is not evidence of the fact that she resides there with her husband. Mrs. Rogan did not do any of the foregoing, which the Magistrate properly noted at pages 11 and 20 of his opinion.

[2] Although Mrs. Rogan did not identify these witnesses by name, the Magistrate noted at page 23 of his

1

(*id*. at 10-11). *See SmithKline Beecham Corp. v. Apotex Corp.*, 2000 WL 1310669, *3 (N.D. Ill. 2000) (refusing to consider evidence not submitted to the Magistrate, and stating that if the court "[w]ere to permit the introduction of new evidence at this stage, we would essentially be conducting an impermissible do novo review of the [Magistrate's] order."); *Cont'l Bank, N.A. v. Premier Sys., Inc.*, 1989 WL 65045, *1 (N.D. Ill. 1989) (striking affidavits not submitted to the Magistrate, and stating that the court was unaware of "any cases which have allowed the introduction of new factual allegations on appeal from a magistrate's order under 28 U.S.C. § 636(b)(1)(A).").[3]

For the foregoing reasons, Dexia respectfully urges this Court to grant Dexia's motion to strike.

Dated: **February 29, 2008**                    DEXIA CRÉDIT LOCAL

/s/ Gabriel Aizenberg
Scott Mendeloff
Gabriel Aizenberg
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Dexia Crédit Local*

---

opinion that she did not argue that these were "reluctant witnesses" and that these witnesses appeared to be within the subpoena power of NDIL. Mrs. Rogan does not dispute either of these findings.

[3] Dexia submitted a declaration to this Court that it did not previously submit to the Magistrate. Unlike Mrs. Rogan, however, Dexia was not attempting to provide the court with new evidence or to make any new arguments. Nor has Mrs. Rogan objected to the submission of this declaration on that ground. Rather, Dexia only was attempting to demonstrate that it would have provided this type of declaration to the Magistrate had Mrs. Rogan made any evidentiary objections below. This declaration is thus relevant only if this Court even reaches the substance of Mrs. Rogan's belated evidentiary objections rather than simply determining that she waived those objections.