United States District Court
Northern District of Indiana
Hammond Division

| | |
|---|---|
| JUDITH K. ROGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:07-CV-403 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff Judith Rogan's motion to reconsider Magistrate Judge Cherry's Opinion and Order granting Defendant Dexia Crédit's Motion to Transfer Venue (DE 57), her objections to the Opinion and Order (DE 58), and her motion for oral argument (DE 66). The motion for oral argument is **DENIED.** For the reasons set forth below, the motion to reconsider is **DENIED** and the objections are **OVERRULED.**

**A. Background**

Defendants Dexia Crédit and United States have substantial judgments against Peter Rogan, the husband of Plaintiff Judith Rogan, in separate Northern District of Illinois suits. The instant case is Judith Rogan's response to Defendants' efforts to collect those judgments by placing liens on real estate located in Porter County, Indiana, which they allege Judith Rogan holds as the nominee of Peter Rogan.[1] On November 2, 2007, Plaintiff filed this action to quiet

---

[1] In addition to the Porter County, Indiana, real estate, Plaintiff's suit encompasses real estate located in Chicago, in the Northern District of Illinois, over which the Defendants assert liens on the same nominee theory. For a full recitation of the background of this litigation, see Magistrate Judge Cherry's Opinion (DE 55), pages 1–12.

title, for injunctive and declaratory relief, and for slander of title against the United States and Dexia Crédit in Porter Superior Court. The suit was removed to this Court by Defendant United States. On November 18, 2007, Defendant Dexia filed its Motion to Transfer Venue to the Northern District of Illinois. Defendant United States filed its concurrence with Dexia's Motion on December 3, 2007. The Motion was fully briefed. On January 31, 2008, Magistrate Judge Cherry issued an Opinion and Order granting the Motion to Transfer pursuant to 28 U.S.C. § 1404(a). Plaintiff filed her Objections on February 5, 2008, followed by Dexia's response and Plaintiff's reply.

**B. Discussion**

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. The party requesting transfer has the burden of proving that the transferee court is "clearly more convenient" than the transferor court. The court must make a case-by-case, fact-sensitive inquiry. The weighing of the relevant factors involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the presiding judge. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–20 (7th Cir. 1986).

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), the district judge assigned to the case may modify or set aside a magistrate judge's order on a non-dispositive matter only if the order is found to be clearly erroneous or contrary to law. Under the clear error standard, "the district court can overturn the magistrate judge's ruling

only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997).

In arriving at the conclusion that venue of this case should be transferred to the Northern District of Illinois under 28 U.S.C. 1404(a), Judge Cherry determined that venue would have been proper in the Northern District of Illinois if the Plaintiff had brought the suit there originally because a substantial part of the property that is the subject matter of her action, her Chicago condominium, is located in the Northern District of Illinois.[2] He then weighed the private interests of the parties, including the plaintiff's choice of forum, the situs of the material events, the convenience of the parties and witnesses; and the interests of justice. He determined that Dexia had met its burden and that a balance of all the considerations justified transferring the case to the Northern District of Illinois. After review of Judge Cherry's Opinion, the Plaintiff's objections, and the briefs of the parties, applying the "clear error" standard, this Court cannot say that it is left with the definite and firm conviction that a mistake has been made. Therefore, Plaintiff's Motion is **DENIED** and her Objections are **OVERRULED**.

SO ORDERED on April 30, 2008.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge

---

[2] In her Objections, Plaintiff takes issue with Judge Cherry's consideration of a copy of a deed to the Chicago condominium and transaction information from the Cook County Recorder of Deeds. However, as Dexia points out, this objection and objections to a myriad of other documents Dexia submitted with its Motion to Transfer were not raised before Judge Cherry. Accordingly, this Court will not consider them.